Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>    Defendants. | Case No.: 2:23-cv-01050<br><br>**NOTICE OF RELATED CASES PURSUANT TO L.R. 83-1.3.1** |

1

**NOTICE OF RELATED CASES**

1    Pursuant to Local Rule 83-1.3.1, Plaintiff Entropic Communications, LLC
2 ("Entropic") hereby gives notice that the instant action is related to the following
3 recently filed actions that have not yet been assigned a judge:

- *Entropic Communications, LLC v. Comcast Corporation, et al.*, Case No. 2:23-cv-01048, filed February 10, 2023 (C.D. Cal.) ("Comcast MoCA Action"); and
- *Entropic Communications, LLC v. Cox Communications, LLC, et al.*, Case No. 2:23-cv-01049, filed February 10, 2023 (C.D. Cal.) ("Cox Action").

The instant action is also related to the following cases currently pending before Judge John W. Holcomb:

- *Entropic Communications, LLC v. DIRECTV, LLC, et al.*, Case No. 2:22-cv-07775-JWH-JEM, filed March 9, 2022 (C.D. Cal.) ("DTV Action").
- *Entropic Communications, LLC v. DISH Network Corporation, et al.*, Case. No 2:22-cv-07959-JWH-JEM, filed March 9, 2022 (C.D. Cal.) ("DISH Action") (consolidated with the DTV Action, [*see* Dkt. # 52]).

Local Rule 83-1.3.1 states that cases are related if they "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." As discussed below, the instant action is related to the Cox Action and the Comcast MoCA Action, as well as the DTV Action and DISH Action (together, the "DTV/DISH Actions") on the basis of all three elements weighing in favor of their being heard by the same judge (as well as being heard at the same time).

The instant action and the Comcast MoCA Action arise from the same or a closely related transaction, happening, or event. First, the instant action is directed to the infringement of Entropic's patents by Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, the "Comcast Defendants"), which are the same defendants as in the Comcast MoCA Action. Second, the accused products in the instant action include

certain Arris Cable Modem Products, and the accused services are provided by the Comcast Defendants by means of the accused products. These are the same accused products and services accused of infringement in the Comcast MoCA Action. Entropic is the sole plaintiff in both the instant action and the Comcast MoCA Action.

The instant action, the Cox Action, and the DTV/DISH Actions also arise from the same or a closely related transaction, happening, or event. Pursuant to the December 13, 2022 Minute Order issued by the Court in the DTV Action [Dkt. # 176], the DTV Action and DISH Action are deemed related and have been consolidated, with the DTV Action as the lead case. The DTV/DISH Actions relate to the infringement of Entropic's patents by telecommunication products and/or services provided by the defendants. Specifically, the DTV/Dish Actions allege infringement of U.S. Patent No. 8,792,008 (the "'008 Patent"). The '008 Patent is also being asserted in the instant action against the Comcast Defendants as well as in the Cox Action. Specifically, claims 1 and 2 of the '008 Patent are being asserted against all defendants in these four actions.[1] In addition, the remaining asserted patents in the instant action overlap with the asserted patents in the Cox Action.

Accordingly, L.R. 83-1.3.1(a) supports a finding that these cases are related.

The instant action and the Comcast MoCA Action call for determination of the same or substantially related or similar questions of law and fact. For example, both actions will deal with the development, use, and sale of the Comcast Defendants' same accused products and services. Additionally, discovery issues—including witnesses and documents in the Comcast Defendants' custody related to the development and use of their telecommunications products and services—will be substantially similar between the cases, which would lead to increased efficiency if the instant action is deemed related to the Comcast MoCA Action.

---

[1] While claims 1 and 2 are not specifically asserted in the complaints of the DTV/DISH Actions, they have been asserted in the infringement contentions, which are properly before this Court.

3
**NOTICE OF RELATED CASES**

The instant action, the Cox Action, and the DTV/DISH Actions also call for determination of the same or substantially related or similar questions of law and fact. For example, all four actions will deal with the validity of the '008 Patent, which likely will include overlapping claim construction issues. Similarly, validity claim construction issues relating to the other asserted patents in the instant action and the Cox Action will overlap. Discovery issues—including Entropic's witnesses and documents—will be substantially similar between the cases, which would lead to increased efficiency if the instant action is deemed related. The same third parties will be at issue in the instant action, the Cox Action, and the DTV/DISH Actions, as the accused products in all four cases incorporate the same or similar chips from a third party manufacturer Broadcom.

Thus, L.R. 83-1.3.1(b) also supports a finding that these cases are related.

The instant action and the Comcast MoCA Action should be deemed related for other reasons to avoid substantial duplication of labor if heard by different judges. For example, discovery disputes, potential defenses asserted by the Comcast Defendants, and any other disputes between the Comcast Defendants and Entropic are likely to be similar. As such, if these cases were heard by different judges, there would be substantial duplication of labor because both judges would be required to address and adjudicate the same factual and legal issues.

The instant action, the Cox Action, and the DTV/DISH Actions also should be deemed related for other reasons to avoid substantial duplication of labor if heard by different judges. For example, any discovery disputes, technical tutorials required by the Court, or substantive motions heard by the Court will be duplicative as to the '008 Patent across all four cases, and duplicative as to the other asserted patents in the instant action and the Cox Action. As such, if these cases were heard by different judges, there would be substantial duplication of labor because both judges would be required to address and adjudicate the same factual and legal issues.

Accordingly, L.R. 83-1.3.1(c) supports a finding that these cases are related.

      For the foregoing reasons, Entropic believes that the instant action and the Comcast MoCA Action clearly qualify as related cases and thus should both be heard by Judge John W. Holcomb. In addition, Entropic believes that the instant action, the Cox Action, and the DTV/DISH Actions also qualify as related cases and thus the instant action should also be heard by Judge John W. Holcomb.

Dated: February 10, 2023

By:    */s/ Christina N. Goodrich*

Christina Goodrich (SBN 261722)
Connor J. Meggs (SBN 336159)
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

**Attorneys for Plaintiff Entropic Communications, LLC**