Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

Plaintiff,

v.

COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,

Defendants.

CASE NO. 2:23-CV-01048-JWH-KES
CASE NO. 2:23-CV-01050-JWH-KES

Assigned to Hon. John W. Holcomb

**COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REGARDING COMCAST DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**

Local Rule 79-5.2.2

[Filed concurrently with Sealed Declaration of Krishnan Padmanabhan and Proposed Order]

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2(a) of the United States District Court for the Central District of California, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (all collectively "Defendants" or "Comcast") hereby request that this Court enter an order permitting them to file under seal:

| Document | Portion to be Sealed |
|---|---|
| Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Pages (as numbered at the bottom of the page): 6, 7, 8, 10, 11, 12 |
| Exhibit A to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit B to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit C to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit D to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |

Defendants bring this application as required by the Local Rules. Defendants seek to file its concurrently-filed Motion to Dismiss, and Exhibits A, B, C, and D to the Motion to Dismiss, under seal because they contain confidential communications in furtherance of resolution.

Defendants' counsel has informed Entropic's counsel of Defendants' intent to file this application. *See* Padmanabhan Declaration filed concurrently herewith at ¶ 3. Entropic indicated that it does not oppose Defendants' application. *Id.*

## I. FACTUAL BACKGROUND

On August 17, 2022, Comcast Cable Communications, LLC received a letter from Entropic's CEO, Boris Teksler. A copy of this letter is attached to Defendants' Motion to Dismiss as Exhibit A (August 2022 letter from Entropic to Comcast).

In response, on October 10, 2022, an in house attorney for Comcast sent a letter to Mr. Teksler, a copy of which is attached to Defendants' Motion to Dismiss as Exhibit B (October 2022 letter from Comcast to Entropic).

On or around December 21, 2022, Comcast received another letter from Mr. Teksler, a copy of which is attached to Defendants' Motion to Dismiss as Exhibit C (December 2022 letter from Entropic to Comcast).

After the filing of the Complaints, on or around February 13, 2023, outside counsel for Entropic sent two more letters to Comcast. These letters are attached to Defendants' Motion to Dismiss as Exhibit D (February 2023 letters from Entropic to Comcast).

## II. COMPELLING REASONS EXIST TO FILE UNDER SEAL

In evaluating a motion to seal documents filed with the court, the district court is required to "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 602 (1978). Although courts recognize a general right to inspect and copy public records, they also recognize that "access to judicial records is not absolute." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party may apply to seal judicial records if it is able to "articulate compelling reasons supported by specific factual findings" to outweigh the general history of access and the public policies that favor disclosure of the judicial records. *Id.* at 1178-79 (internal quotes omitted). The court may then seal the records if it finds "a compelling reason and articulate[s] the

factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. of Auto Safety v. Chrysler Group, LLC*, 809 F.3 1092, 1096-1097 (9th Cir. 2016). Although it is in the sound discretion of the trial court to determine what constitutes a "compelling reason," courts have repeatedly found compelling reasons to seal court records when the records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

In particular, courts in this Circuit have repeatedly found that, if made public, "the content of [a party's] settlement discussions would likely harm its competitive standing." *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *2 (D. Ariz. Nov. 29, 2021). Courts have also found compelling reasons to seal documents discussing negotiations between parties based on Fed. R. Evid. 408 and its underlying purpose to promote negotiations that lead to settlements or other agreements that keep disputes, such as that in the present case, out of court. *See Microsoft v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov. 12, 2012) (quoting *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir.1982)) (sealing settlement negotiations related to party's standard essential patent portfolios because "the purpose of Federal Rule of Evidence 408 is to encourage the compromise and settlement of existing disputes . . . [and] '[b]y preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement'"); *BBK Tobacco & Foods LLP*, 2021 WL 5578864, at *2 ("Likewise, courts have frequently held that settlement discussions and negotiations meet the compelling reasons standard."); *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) (sealing documents referencing "confidential settlement discussions, negotiations between Plaintiff and a third party concerning a potential license for Plaintiff's trademarks, and direct quotations from emails referencing the same private discussions"). Further, the ultimate

determination of the court in a case "will have little relevance to what the parties discussed behind closed doors during settlement." *Microsoft*, 2012 WL 5476846, at *2. Therefore, "the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in those settlement negotiations." *Id.*

Here, Defendants' Motion to Dismiss, and Exhibits A, B, C, and D attached thereto, which Defendants seek to file under seal, are letters exchanged between the parties and their counsel containing confidential communications related to negotiation and resolution. These letters were prepared as confidential pursuant to Fed. R. Evid. 408 "[t]o facilitate open and fruitful discussions" regarding negotiation and resolution. *See e.g.*, Ex. C at 2. These are precisely the sort of "compelling reasons" that justify filing documents under seal, as allowing this information to become public would reveal confidential discussions between Entopic and Comcast regarding negotiation and resolution. Allowing the private and sensitive negotiation related communications of the parties to become public would be highly prejudicial to both parties. Fed. R. Evid. 408; *Van v. Language Line Servs., Inc.*, No. 14-cv-03791-LHK, 2016 WL 3566980, at *6 (N.D. Cal. June 30, 2016) (Fed R. Evid. 408 "requires exclusion of evidence regarding any discussion of settlement offers or agreements . . ."). Further, because these letters cannot be suitably redacted to eliminate the production of confidential information, there are compelling reasons to seal Exhibits A, B, C, and D in their entirety.

Portions of Defendants' Motion to Dismiss cite to and quote from Exhibits A, B, C, and D attached thereto, and these portions should be sealed for the same reasons as Exhibits A, B, C, and D. Accordingly, Defendants submit a proposed redacted version of their Motion to Dismiss herewith, with the redactions limited to cites to and quotes from Exhibits A, B, C, and D.

For the foregoing reasons, compelling reasons exist for filing under seal (i) Exhibit A to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (ii) Exhibit B to the Memorandum of Points and Authorities in

support of Defendants' Motion to Dismiss; (iii) Exhibit C to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (iv) Exhibit D to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; and (v) an unredacted version of Defendants' concurrently filed Motion to Dismiss.

Accordingly, Defendants hereby respectfully request that the Court grant this sealing application.

Dated: May 15, 2023

*/s/ Krishnan Padmanabhan*

Krishnan Padmanabhan (SB: 254220)
kpadmanabhan@winston.com
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**Winston & Strawn LLP**
1901 L Street NW
Washington, D.C. 20036
Phone: 202-282-5000
Fax: 202-282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**Winston & Strawn LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Phone: 312-558-5600
Fax: 312-558-5700

Attorneys for Comcast Defendants.