Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | **No. 2:23-cv-1048-JWH-KES**<br>**No. 2:23-cv-1050-JWH-KES**<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**<br><br>Date: June 30, 2023<br>Time: 9:00 a.m.<br>Courtroom: 9D |

REDACTED/PUBLIC VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on June 30, 2023, or as soon as this matter may be heard in Courtroom 9D before the Honorable John W. Holcomb, of the above-entitled Court located at 411 W. 4th Street, Santa Ana, California 92701, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast Defendants" or "Comcast") move the Court for an order dismissing portions of this case with prejudice.

The Comcast Defendants move to dismiss Plaintiff's allegations of willful infringement of all asserted patents under Federal Rule of Civil Procedure 12(b)(6). Entropic's Complaints allege that Comcast willfully infringed the asserted patents and that Comcast obtained the requisite knowledge to support a claim of willfulness through pre-suit communications. No. 23-cv-1048, Dkt. 1, ¶ 31; No. 23-cv-1050, Dkt. 1, ¶ 26. But Entropic's pre-suit correspondence merely identified a list of more than 250 patent numbers that Entropic offered for license, and explicitly declined to identify any specific patent Comcast purportedly infringed or explain how Comcast supposedly infringed any such patent. As a matter of law, this cannot support a claim of willful infringement.

Comcast's Motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Krishnan Padmanabhan and the attached exhibits, the pleadings and papers on file here, and any further materials and argument presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2023.

Dated: May 15, 2023

WINSTON & STRAWN LLP

By: /s/ K. Padmanabhan
Krishnan Padmanabhan

Attorneys for Comcast Defendants

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ....... 6

I. INTRODUCTION ....... 6

II. FACTUAL BACKGROUND ....... 6

III. APPLICABLE LAW ....... 8

A. The Law Related to Rule 12(b)(6) ....... 8

B. The Law Related to Pleading Willful Infringement ....... 9

IV. ARGUMENT ....... 10

V. CONCLUSION ....... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Family Ass'n v. City & Cnty. of San Francisco*, 277 F.3d 1114 (9th Cir. 2002) ........ 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 9

*Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, 2016 WL 10749825 (E.D. Tex. Nov. 2, 2016) ........ 12

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) ........ 6, 9

*Evolved Wireless, LLC v. Samsung Elecs. Co.*, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ........ 11

*Evolved Wireless, LLC v. Samsung Elecs. Co.*, 2016 WL 1381765 (D. Del. Apr. 6, 2016) ........ 11

*Finjan, Inc. v. Cisco Sys., Inc.*, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ........ 11

*Finjan, Inc. v. Cisco Sys., Inc.*, 2018 WL 7131650 (N.D. Cal. Feb. 6, 2018) ........ 11

*Longitude Licensing v. Apple Inc.*, 2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) ........ 11

*Master Objects, Inc. v. Amazon.com, Inc.*, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ........ 10

*Mendoza v. Wells Fargo Bank, N.A.*, No. 5:21-cv-00098-JWH-KKx, 2021 WL 4932732 (C.D. Cal. Aug. 9, 2021) ........ 8

*Microsoft Corp. v. Motorola, Inc.*, 2012 WL 4827743 (W.D. Wash. Oct. 10, 2012) ........ 13

*Microsoft Corp. v. Motorola, Inc.*,
854 F. Supp. 2d 993 (W.D. Wash. 2012) .................................................. 12

*Myoungchul Shin v. Uni-Caps, LLC*,
No. SA CV 14-1387-JFW, 2014 WL 12853912 (C.D. Cal. Dec. 17, 2014) .................................................. 11, 12

*Parity Networks, LLC v. Moxa Inc.*,
No. SACV 20-698, 2020 WL 6064636 (C.D. Cal. Sept. 11, 2020) ........................ 13

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998), *as amended* (July 28, 1998) ........................................ 9

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) .................................................. 10, 13

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .................................................. 9

*Venoco, Inc. v. Plains Pipeline, L.P.*,
2016 WL 10646303 (C.D. Cal. Sept. 26, 2016) .................................................. 9

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016) .................................................. 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................. 6, 9, 10

# Memorandum of Points and Authorities

## I. Introduction

Prior to filing its Complaints, Entropic sent two letters addressed to Comcast Cable Communications, LLC, purportedly offering to engage in licensing discussions with Comcast. In its first letter, received by Comcast in August 2022, Entropic generally introduced its [REDACTED] and attached a list of over 250 patent numbers. In its second letter, received by Comcast in December 2022, Entropic stated that it was contacting [REDACTED] regarding its [REDACTED] but did not identify any specific patents that were purportedly relevant to this technology. Entropic relies only on these letters for its allegations that Comcast had pre-suit knowledge of its infringement of the asserted patents. But neither of these letters specifically identified any of the asserted patents, nor did they explain how Comcast allegedly infringed any patents, despite Comcast's requests for more information. "In order to survive a motion to dismiss, ***both*** knowledge of the patent and knowledge of infringement must be pled with plausibility." *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, No. 20-CV-06469-EMC, 2022 WL 16701926, at *3 (N.D. Cal. Nov. 3, 2022) (emphasis added). Here, because Entropic does neither, its claims for willful infringement fail as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

## II. Factual Background

Entropic sent two letters to Comcast Cable Communications, LLC[1] prior to filing its Complaints on February 10, 2023. First, on August 17, 2022, Comcast Cable Communications, LLC received a letter from Entropic's CEO, Boris Teksler. Ex. A (August 2022 letter from Entropic to Comcast) at 1; No. 23-cv-1048, Dkt. 1, ¶ 31; No. 23-cv-1050, Dkt. 1, ¶ 26.[2] The letter generically referred to [REDACTED] and [REDACTED]—*i.e.*, it did not specifically address Comcast. In the letter,

[1] All pre-suit correspondence from Entropic was addressed only to Comcast Cable Communications, LLC. *See, e.g.*, Ex. A at 1.

[2] All exhibits are attached to the declaration of Krishnan Padmanabhan.

Mr. Teksler introduced Entropic's purportedly [REDACTED] and attached a list of over 250 patent numbers that [REDACTED][3] Ex. A at 2, Tab A. Mr. Teksler further stated that among this list of more than 250 [REDACTED] but he failed to identify which of those 250-plus patents were supposedly essential or even relevant to the MoCA Specifications. Ex. A at 2. Mr. Teksler also did not state that Comcast was infringing any of the 250-plus patents on the list, let alone specifically identify any of the patents that Entropic asserted in the current cases. Mr. Teksler concluded by stating that he is [REDACTED] and that he [REDACTED] Ex. A at 3.

In response, Seth Kramer, Assistant Deputy General Counsel at Comcast, sent a letter to Mr. Teksler on October 10, 2022. Ex. B (October 2022 letter from Comcast to Entropic) at 1; No. 23-cv-1048, Dkt. 1, ¶ 31; No. 23-cv-1050, Dkt. 1, ¶ 26. Mr. Kramer relayed Comcast's confusion over Mr. Teksler's letter because it merely [REDACTED]; and Mr. Kramer requested [REDACTED] Ex. B at 1. Mr. Kramer explained that [REDACTED] *Id.* Mr. Kramer concluded by emphasizing that [REDACTED] and that [REDACTED] *Id.*

[3] The correspondence from Entropic contained a list of 283 patent numbers, some of which are duplicates. The list appears to contain over 250 unique patent numbers.

On or around December 23, 2022, Comcast received another letter from Mr. Teksler. Ex. C (December 2022 letter from Entropic to Comcast) at 1; No. 23-cv-1048, Dkt. 1, ¶ 31; No. 23-cv-1050, Dkt. 1, ¶ 26. Mr. Teksler stated that he was [REDACTED] Ex. C at 1. But once again, Mr. Teksler failed to identify any specific patents held by Entropic that supposedly related to MoCA technology, or how Comcast used any such patent. *Id.* Notably, Mr. Teksler's letter did not provide the claim charts requested by Comcast's October letter, or even provide any information on how Comcast supposedly infringed any particular patent. *Id.* The letter did confirm that [REDACTED] *Id.* at 2. The December 2022 letter is the final correspondence between the parties before Entropic filed its Complaints.

On February 13, 2023, ***three days after the Complaints were filed***, outside counsel for Entropic sent two more letters to Comcast. The letters once again simply listed over 250 patent numbers and offered to enter licensing discussions. Ex. D (February 2023 letters from Entropic to Comcast) at 2–10, 50–58. The letters also provided copies of the Complaints that had been filed in these two cases, but without the infringement chart exhibits to those Complaints.[4] *Id.* at 12–49, 61–127.

## III. Applicable Law

### A. The Law Related to Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint." *Mendoza v. Wells Fargo Bank, N.A.*, No. 5:21-cv-00098-JWH-KKx, 2021 WL 4932732, at *2 (C.D. Cal. Aug. 9, 2021) (Holcomb, J.) (citing *Navarro*

[4] One of the February 13, 2023 letters attached Entropic's Complaint filed in the 23-cv-1048 matter, and the other letter attached Entropic's Complaint filed in the 23-cv-1050 matter.

*v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & Cnty. of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). A court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion, a court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In addition, "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998), *as amended* (July 28, 1998); *Venoco, Inc. v. Plains Pipeline, L.P.*, No. 16-2988 PSG (JEMx), 2016 WL 10646303, at *3 (C.D. Cal. Sept. 26, 2016) (noting that in ruling on a Rule 12(b)(6) motion, courts can consider documents on which "the complaint necessarily relies").

**B. The Law Related to Pleading Willful Infringement**

The Federal Circuit has made clear that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–105 (2016)). "In order to survive a motion to dismiss, ***both 'knowledge of the patent and knowledge of infringement*** must be pled with plausibility.'" *Dali Wireless*, 2022 WL 16701926, at *3 (emphasis added) (quoting *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022)). Thus, the complaint must "contain allegations that the accused infringer had specific 'knowledge of the asserted patent.'" *Id.* (citing *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021)). And the complaint "must also contain allegations that 'the accused infringer had a specific intent to infringe at the time of the challenged conduct.'" *Id*. (quoting *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch.*

*Organisation*, 28 F.4th 1247, 1274 (Fed. Cir. 2022)). Put another way, "a claim for enhanced damages for willful infringement is not adequately stated when all that is alleged is knowledge of the patent and direct infringement." *Master Objects, Inc. v. Amazon.com, Inc.*, No. 20-cv-08103 WHA, 2021 WL 4685306, at *2 (N.D. Cal. Oct. 7, 2021). And the allegation of willfulness cannot be based on post-suit knowledge. *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 21-cv-09011, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) (dismissing willful infringement claims "because Plaintiff bases its willful infringement claims solely on Defendant's post-suit knowledge"). That is because "[i]t seems beyond the pale to expect every patent defendant to 'cease all allegedly infringing conduct once a complaint is filed' to force them to avoid enhanced damages for willful infringement." *Id.* (quoting *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sep. 29, 2017)).

## IV. Argument

Entropic presents no plausible allegations that Comcast had the requisite pre-suit knowledge of infringement of the asserted patents to support any claims of willful infringement. For this reason, Entropic's claims of willful infringement must be dismissed pursuant to Rule 12(b)(6).

As stated above, Entropic identified a list of more than 250 patent numbers in pre-suit correspondence, but failed to identify any specific patent that was allegedly infringed by Comcast, or provide any explanation of how Comcast infringed any such patent. Ex. A; Ex. C. Instead, Entropic simply stated that [REDACTED] Ex. A at 1. Comcast responded by asking Entropic to identify specific patents and requesting [REDACTED] Ex. B. On or around December 23, 2022, Entropic sent a second letter, again failing to identify any specific patents as infringed, but stating that it was [REDACTED] Ex. C at 2. Correspondence

offering an entire portfolio for license, without identifying any specific patent that is infringed, or explaining how that patent is infringed, is insufficient to support an allegation of willfulness. *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. CV 15-545-SLR-SRF, 2016 WL 1019667, at *6–7 (D. Del. Mar. 15, 2016) (recommending dismissal of willfulness allegations where patentee identified a portfolio of 85 patents related to the LTE Standard in pre-suit correspondence, but failed to identify any specific patent that was infringed, or how that patent was allegedly infringed); *Evolved Wireless, LLC v. Samsung Elecs Co.*, No. 15-545-SLR-SRF, 2016 WL 1381765, at *1 (D. Del. Apr. 6, 2016) (adopting report and recommendation); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-CV-00072-BLF, 2018 WL 7131650, at *3 (N.D. Cal. Feb. 6, 2018) (holding that pleadings that "simply identify every patent in [the] portfolio . . . are not sufficient to constitute notice of any specific patent").

To the extent that Entropic relies on the statement contained in its December 2022 correspondence that [REDACTED] Ex. C at 1, such purported reputation of innovation has repeatedly been found insufficient to support an allegation of willfulness. *See Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing willful infringement claim based on supposed knowledge of a patent portfolio, because "[k]nowledge of a patent portfolio generally is not the same thing as knowledge of a specific patent"); *Longitude Licensing v. Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015) (granting motion to dismiss where complaint alleged that defendant "had knowledge of the Patents-in-Suit as part of the SanDisk patent portfolio"). For the same reasons, Entropic's allegations about Comcast's general knowledge of MoCA standards and Entropic, Inc., *see, e.g.*, No. 23-cv-1048 Dkt. 1, ¶¶ 67–71, cannot support willfulness.[5]

[5] To the extent Entropic relies on allegations of knowledge based on information and belief, such allegations are insufficient as a matter of law. *See, e.g.*, *Myoungchul Shin v.*

In addition, Entropic cannot plausibly allege willful infringement because Entropic itself stated that patents in its portfolio are essential to the MoCA standards and are therefore encumbered by the obligation to grant a license to such patents on reasonable and non-discriminatory ("RAND") terms. *See* Ex. A; Ex. C; No. 23-cv-1048 Dkt. 1, ¶ 5; Ex. E (MoCA Intellectual Property Rights (IPR) Policy), § 5.1.1. This RAND obligation precludes a finding of willful infringement absent a showing that plaintiff had commenced good-faith negotiations for a license and defendant refused to negotiate in kind, both of which are absent here. *See, e.g.*, *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 2:14-cv-912-JRG, 2016 WL 10749825, at *1 (E.D. Tex. Nov. 2, 2016) (finding willful infringement of standards-essential patents subject to RAND, but only where plaintiff had provided detailed pre-suit claim charts, and defendant refused to "engage in serious, good faith negotiations"). Here, as discussed above, Entropic's letters referred to a list of more than 250 patent numbers and vaguely [redacted] Ex. C at 2. At no point, however, did Entropic identify any specific patents allegedly infringed or covered by the MoCA standards or provide any claim charts—despite Comcast specifically requesting claim charts in its October letter—much less identify any proposed licensing terms for any specific patent (RAND or otherwise). Entropic, thus, never provided Comcast the opportunity to negotiate any such RAND license. *See Microsoft Corp. v. Motorola, Inc.*, 854 F. Supp. 2d 993, 1001 (W.D. Wash. 2012) (noting that policies related to RAND licensing of essential patents "lend themselves to a negotiation process" and that a lawsuit may be an option "***when*** [] a genuine disagreement" as to the "terms and conditions of a RAND license" arises).[6] Rather than engage in any good-faith negotiations, Entropic sued Comcast.

---

*Uni-Caps, LLC*, No. SA CV 14-1387-JFW (SHx), 2014 WL 12853912, at *3 (C.D. Cal. Dec. 17, 2014).

[6] Nor can Comcast willfully infringe standards-essential patents for which it is entitled to a RAND license. *See id.* This would unfairly subject parties to enhanced damages merely for using a standard that the party believed would be available on RAND terms

Comcast's first notice of alleged infringement of any specific patent came ***after the Complaints***. On February 13, 2023, three days after filing these lawsuits, Entropic's counsel sent two letters identifying the asserted patents and attaching the Complaints (without the claim chart exhibits to the Complaints) filed in these actions. Ex. D. But knowledge provided through the filing of a complaint, or post-suit, cannot support an allegation of willful infringement. *See Ravgen*, 2022 WL 2047613, at *3; *Parity Networks, LLC v. Moxa Inc.*, No. SACV 20-698 JVS(KESx), 2020 WL 6064636, at *5 (C.D. Cal. Sept. 11, 2020) (striking willful infringement allegations because "the Court [could not] find that the alleged continued infringement after service [of the complaint] could constitute 'egregious' conduct").

## V. Conclusion

Because Entropic did not set forth a plausible allegation of willfulness, the Court should grant Comcast's Rule 12(b)(6) motion and dismiss Entropic's allegations of willful infringement with prejudice.

Dated: May 15, 2023

WINSTON & STRAWN LLP

By: */s/ K. Padmanabhan*
K. Padmanabhan (SBN 254220)
kpadmanabhan@winston.com
**Winston & Strawn LLP**
200 Park Ave., Fl. 40
New York City, NY 10166
Phone: 212-294-6700
Fax: 212-294-4700

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**Winston & Strawn LLP**

---

but for which no license was ever made available. *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 4827743, at *6 (W.D. Wash. Oct. 10, 2012) (explaining that a patentee's "commitments to the [standards bodies] require that it negotiate in good faith towards RAND terms" and that "any other conclusion would be contrary to the purpose of [patentee's] commitments to the [standards bodies], which is to ensure widespread availability to standard essential patents to all implementers on RAND terms").

1901 L Street NW
Washington, DC 20036
Phone: 202-282-5000
Fax: 202-282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**Winston & Strawn LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Phone: 312-558-5600
Fax: 312-558-5700

Attorneys for Comcast Defendants.