| | |
|---|---|
| 1 | Krishnan Padmanabhan (SBN: 254220) |
| 2 | kpadmanabhan@winston.com<br>**WINSTON & STRAWN LLP** |
| 3 | 200 Park Avenue<br>New York, NY 10166 |
| 4 | Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700 |
| 5 | Attorneys for Comcast Defendants. |
| 6 | *(Additional counsel information omitted)* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | CASE NO. 2:23-CV-01048-JWH-KES<br>CASE NO. 2:23-CV-01050-JWH-KES<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST DEFENDANTS' APPLICATION TO FILE UNDER SEAL IN CONNECTION WITH COMCAST DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1)**<br><br>Local Rule 79-5.2.2<br><br>[Filed concurrently with Proposed Order] |

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5 of the United States District Court for the Central District of California, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (all collectively "Defendants" or "Comcast") hereby request that this Court enter an order to seal the redacted portions of its original filings:

| Document | Portion to be Sealed |
|---|---|
| Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss<br>• Case No. 23-cv-1048<br>   o Dkt. 53-2<br>   o Dkt. 55<br>• Case No. 23-cv-1050<br>   o Dkt. 50-2<br>   o Dkt. 52 | Pages (as numbered at the bottom of the page): 2, 22 |

Defendants bring this application as required by the Local Rules. Defendants seek to seal portions of its Motion to Dismiss filed May 22, 2023, because these documents contain information inadvertently left unredacted in Defendants' originally filed Motion to Dismiss, which was filed concurrently with an application to seal. The language Defendants' seek to retroactively seal contains Defendants' confidential and highly sensitive business information which, if made public, could be detrimental to Defendants.

Defendants' counsel informed Entropic's counsel of Defendants' intent to file an application to seal with its original Motion to Dismiss. *See* Case No. 23-v-1048,

1

COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:23-CV-01048-JWH-KES / CASE NO. 2:23-CV-01050-JWH-KES

Dkt. No. 54 at ¶ 3; Case No. 23-v-1050, Dkt. No. 51 at ¶ 3. Entropic indicated that it does not oppose Defendants' application to seal Exhibit A and references to Exhibit A in the Motion to Dismiss.

## I.   FACTUAL BACKGROUND

On August 2020, Comcast entered into a vendor services agreement ("VSA") with MaxLinear, Inc. ("MaxLinear"), a supplier of semiconductor components for Comcast's cable equipment. The VSA includes confidentiality provisions in which both parties agree to "maintain the confidentiality of Confidential Information and not to disclose, or permit any third party or entity access to, the Confidential Information without prior written permission of the other."

On May 22, 2023, Defendants filed a Motion to Dismiss in Case No. 23-cv-1048 (Dkt. Nos. 53-2, 55) and Case No. 23-cv-1050 (Dkt. Nos. 50-2, 52). This motion to dismiss discusses the VSA in detail throughout. In the original filing, Defendants' inadvertently did not redact language in the table of contents discussing the contents of the VSA, specifically, the covenant not to sue contained therein.

## II.   COMPELLING REASONS EXIST TO FILE UNDER SEAL

In evaluating a motion to seal documents filed with the court, the district court is required to "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 602 (1978). Although courts recognize a general right to inspect and copy public records, they also recognize that "access to judicial records is not absolute." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party may apply to seal judicial records if it is able to "articulate compelling reasons supported by specific factual findings" to outweigh the general history of access and the public policies that favor disclosure of the judicial records. *Id.* at 1178-79 (internal quotes omitted). The court may then seal the records if it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. of Auto Safety v. Chrysler Group, LLC*, 809 F.3 1092, 1096-1097 (9th Cir. 2016). Although it

1 is in the sound discretion of the trial court to determine what constitutes a "compelling
2 reason," courts have repeatedly found compelling reasons to seal court records when
3 the records "might be used . . . 'as sources of business information that might harm a
4 litigant's competitive standing.'" *Id.* at 1097 (quoting *Nixon v. Warner Comm'ns, Inc.*,
5 435 U.S. 589, 598-99 (1978)).

6 Numerous courts in this Circuit have approved applications to seal documents containing confidential business information, including confidential agreements that disclose contractual terms, where public disclosure of such information could result in competitive harm. *See e.g.*, *Instant Brands, Inc. v. DSV Sols., Inc.*, Case No. EDCV 20-299 JGB (KKx), 2020 WL 7872200, at *2 (C.D. Cal. June 11, 2020) (granting motion to seal in where documents "detail a confidential commercial agreement between parties and other sensitive commercial information"); *see also Coffelt v. Kroger Co.*, Case No. EDCV 16-01471 JGB (KKx), 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (finding compelling reasons to seal documents containing "confidential information that implicates policies procedures, business practices, agreements, processes and pricing information"); *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808-HSG, 2016 WL 7429304, at *3 (N.D. Cal. Feb. 9, 2016) (granting application to seal redacted portions of an opposition related to confidential financial information, strategic business considerations, potential acquisition of businesses, and confidential agreements that disclose contractual terms); *Bauer Bros. LLC v. Nike, Inc.*, Case No. 09-cv-500-WQH-BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (granting request to seal documents, including documents reflecting business agreements, or containing marketing information, product development strategies, or non-public, highly confidential financial data, because such information could be used for improper purposes by competitors); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) ("confidential business information" in the form of "business strategies" are sealable under the compelling reasons standard).

1  Exhibit A to Defendants' motion to dismiss is the VSA between Comcast and MaxLinear. Defendants' motion to dismiss quotes and describe the VSA and its terms. The information contained in the VSA is not generally known by or available to the public and is covered by a strict confidentiality provision contained in the VSA. Public disclosure of the information contained in Defendants' motion to dismiss as originally filed would give competitors and potential vendors an unfair business advantage. For example, competitors and vendors would have access to the previously negotiated terms, definitions, and restrictions pursuant to which Comcast structured its vendor agreement with MaxLinear, enabling them to use this information to undercut Comcast's in current and future negotiations. The harm that Comcast would suffer to its competitive position from the release of this confidential business information outweighs the public's interest in access to such documents.

Courts have also found that the possible effects on competition resulting from public disclosure of information relating to personnel, corporate structure, and business operations outweigh the general public's interest in such information. *Rich v. Shrader*, Case No. 09cv652 AJB (BGS), 2013 WL 6028305, at *2 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to file under seal where the documents contained information that "[i]f disseminated, . . . Booz Allen's competitors would gain access to operational and personnel information, projections and modeling, and strategic positioning vis-a-vis its competitors" and "allow[] competitors to 'piece together portions of [Booz Allen's] proprietary review system and employee development system'" whereas "the public would receive little benefit from the information contained therein, and gain little insight into the judicial process").

For the foregoing reasons, compelling reasons exist for filing under seal discussions of the contents of the VSA inadvertently left unredacted in the Motion to Dismiss as originally filed.

Accordingly, Defendants hereby respectfully request that the Court grant this sealing application.

4

COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:23-CV-01048-JWH-KES / CASE NO. 2:23-CV-01050-JWH-KES

| | | |
|---|---|---|
| 1 | Dated: May 23, 2023 | */s/ Krishnan Padmanabhan* |
| 2 | | Krishnan Padmanabhan (SB: 254220) |
| | | kpadmanabhan@winston.com |
| 3 | | **Winston & Strawn LLP** |
| | | 200 Park Avenue |
| 4 | | New York, NY 10166 |
| | | Telephone: (212) 294-6700 |
| 5 | | Facsimile: (212) 294-4700 |

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**Winston & Strawn LLP**
1901 L Street NW
Washington, D.C. 20036
Phone: 202-282-5000
Fax: 202-282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**Winston & Strawn LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Phone: 312-558-5600
Fax: 312-558-5700

*Attorneys for Comcast Defendants.*

5

COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL
CASE NO. 2:23-CV-01048-JWH-KES / CASE NO. 2:23-CV-01050-JWH-KES