1   Krishnan Padmanabhan (SBN: 254220)
2   kpadmanabhan@winston.com
    **WINSTON & STRAWN LLP**
3   200 Park Avenue
    New York, NY 10166
4   Telephone: (212) 294-6700
    Facsimile: (212) 294-4700

5   Attorneys for Comcast Defendants.

6   *(Additional counsel information omitted)*

7

8

9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14   ENTROPIC COMMUNICATIONS,          **No. 2:23-cv-1048-JWH-KES**
     LLC,                              **No. 2:23-cv-1050-JWH-KES**
15
                Plaintiff,            Assigned to Hon. John W. Holcomb
16
        v.                            **COMCAST DEFENDANTS' NOTICE**
17                                     **OF MOTION AND MOTION TO**
     COMCAST CORPORATION;             **DISMISS UNDER FED. R. CIV. P.**
18   COMCAST CABLE                     **12(B)(1)**
     COMMUNICATIONS, LLC; AND
19   COMCAST CABLE                     Date: June 30, 2023
     COMMUNICATIONS                    Time: 9:00 AM
20   MANAGEMENT, LLC,                  Courtroom: 9D

21              Defendants.

22

23

24

25         <span style="color:red">REDACTED/PUBLIC  VERSION OF DOCUMENT</span>
26         <span style="color:red">PROPOSED TO BE FILED UNDER SEAL</span>

27

28

## **NOTICE OF MOTION AND MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on June 30, 2023, or as soon as this matter may be heard in Courtroom 9D before the Honorable John W. Holcomb, of the above-entitled Court located at 411 W. 4th Street, Santa Ana, California 92701, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast Defendants" or "Comcast") move the Court for an order dismissing these cases with prejudice.

The Comcast Defendants move to dismiss these cases under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. The undisputed facts show that in August 2020, the predecessor-in-interest to all asserted patents, MaxLinear, Inc., entered an agreement with Comcast Cable Communications Management, LLC, █████████

████████████████████████████████████████████████████████

MaxLinear, Inc. then assigned the asserted patents in March 2021 to the plaintiff, Entropic Communications, LLC ("New Entropic"). Under black letter law, MaxLinear, Inc. sold the asserted patents to New Entropic █████████████████████

████████████████████████. This dispositive fact compels dismissal.

Comcast's Motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Krishnan Padmanabhan ("Padmanabhan Decl.") and the attached exhibits, the declaration of David L. Marcus ("Marcus Decl."), the pleadings and papers on file here, and any further materials and argument presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2023. Counsel were unable to reach resolution.

Dated:  May 22, 2023                    WINSTON & STRAWN LLP

By: */s/ K. Padmanabhan*
Krishnan Padmanabhan

Attorneys for Comcast Defendants

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................8

I.   INTRODUCTION ..................................................................................................8

II.   FACTUAL BACKGROUND ..............................................................................8

    A.   ███████████████████████████████ ...........8

    B.   MaxLinear, Inc. or its wholly-owned subsidiary owned all the asserted patents on August 1, 2020 ...................................................10

    C.   MaxLinear assigned the asserted patents to New Entropic in March 2021 ..........................................................................................................12

    D.   New Entropic now has knowledge of the ███████████████ ......13

III.   APPLICABLE LAW RELATED TO RULE 12(B)(1) AND LACK OF STANDING .........................................................................................................14

IV.   ARGUMENT ........................................................................................................15

    A.   ███████████████████████████████ .................15

    B.   ███████████████████████████████ .................18

    C.   ██████████████████████ ...................................................18

    D.   ████████████████████████████ ............................19

    E.   ██████████████████████ is inapplicable ............20

    F.   ██████████████ is clear and unambiguous on its face and therefore jurisdictional discovery to establish standing is unnecessary and unwarranted ...................................................................................21

V.   CONCLUSION ....................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aivaliotis v. Cont'l Broker-Dealer Corp.*,
No. 4156-04, 2005 WL 1552796 (N.Y. Sup. Ct. June 24, 2005) ....................... 20

*Bioverativ Inc. v. CSL Behring LLC*,
No. CV 17-914-RGA, 2021 WL 3471688 (D. Del. Aug. 6, 2021) ................... 19

*Blue Phoenix Media Inc. v. Essociate Inc.*,
No. 12-CV-00834-JVS, 2012 WL 12888834 (C.D. Cal. June 15,
2012) .................................................................................................................. 19

*Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*,
498 F. Supp. 3d 1080 (D. Minn. 2020), *aff'd*, 37 F.4th 1357 (8th Cir.
2022) .................................................................................................................. 19

*Cedars-Sinai Med. Ctr. v. Watkins*,
11 F.3d 1573 (Fed. Cir. 1993) .......................................................................... 15

*Cheetah Omni LLC v. AT&T Servs., Inc.*,
949 F.3d 691 (Fed. Cir. 2020) .......................................................................... 17

*Crewe v. Rich Dad Educ., LLC*,
884 F. Supp. 2d 60 (S.D.N.Y. 2012) ........................................................... 16, 18

*Datatreasury Corp. v. Wells Fargo & Co.*,
522 F.3d 1368 (Fed. Cir. 2008) ........................................................................ 19

*Dichter-Mad Family Partners, LLP v. U.S.*,
707 F. Supp. 2d 1016 (C.D. Cal. 2010) ............................................................ 22

*Dobrova v. Holder*,
607 F.3d 297 (2d Cir. 2010) ............................................................................. 20

*Ellington v. EMI Music, Inc.*,
21 N.E.3d 1000 (N.Y. 2014) ............................................................................ 22

*Energy Innovation Co., LLC v. NCR Corp.*,
No. 1:18-CV-3919-TCB, 2018 WL 7050840 (N.D. Ga. Nov. 29,
2018) .................................................................................................................. 19

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co., Inc.*,
  651 F.3d 1355 (Fed. Cir. 2011) ........................................................................17

*Harrop & Co. v. Apollo Inv. Fund VII, L.P.*,
  No. 651949/2014, 2015 WL 3989030 (N.Y. Sup. Ct. June 25, 2015) ..............16

*Innovus Prime, LLC v. Panasonic Corp.*,
  No. C-12-00660-RMW, 2013 WL 3354390 (N.D. Cal. July 2, 2013) ........18, 19

*King Pharms., Inc. v. Eon Labs, Inc.*,
  616 F.3d 1267 (Fed. Cir. 2010) ...................................................................14, 19

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) ........................................................................14

*Rite-Hite Corp. v. Kelley Co., Inc.*,
  56 F.3d 1538 (Fed. Cir. 1995) (en banc) ..........................................................14

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ...........................................................................15

*Shahtout v. Cal. Psychcare, Inc.*,
  562 F. Supp. 3d 913 (C.D. Cal. 2022) (Holcomb, J.)........................................21

*Shipping & Transit LLC*,
  No. 2:16-03836-AG-SS, Dkt. No. 25 (C.D. Cal. Sept. 12, 2016)................14, 19

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ...........................................................................15

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ...........................................................................19

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)..............................................................................................14

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
  563 F.3d 1271 (Fed. Cir. 2009) ...................................................................15, 16

*V-Formation, Inc. v. Benetton Grp. SpA*,
  No. 02 CV 02259 PSF CBS, 2006 WL 650374 (D. Colo. Mar. 10,
  2006) ...................................................................................................................19

*Vermont Teddy Bear Co. v. 538 Madison Realty Co.*,
807 N.E.2d 876 (N.Y. 2004) ................................................................. 22

*W.W.W. Assocs., Inc. v. Giancontieri*,
566 N.E.2d 639 (N.Y. 1990) ....................................................... 21, 22

*Warth v. Seldin*,
422 U.S. 490 (1975) .................................................................... 14, 15

**Other Authorities**

Black's Law Dictionary ........................................................................ 16

Fed. R. Civ. P. 12(b)(1) ..........................................................8, 14, 15

Fed. R. Civ. P. 12(b)(6) .............................................................. 13, 21

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | Comcast-MaxLinear Vendor Service Agreement and Statement of Work |
| B | MaxLinear Communications LLC D&B family tree |
| C | February 2018 assignment to MaxLinear Communications LLC |
| D | September 2012 assignment to MaxLinear, Inc. of U.S. Patent App. No. 13/607,916 |
| E | September 2012 assignment to MaxLinear, Inc. of U.S. Patent App. No. 14/948,947 |
| F | July-August 2013 assignment to MaxLinear, Inc. |
| G | June 2010 assignment to MaxLinear, Inc. |
| H | February 2015 Agreement and Plan of Merger and Reorganization |
| I | April 2015 assignment to Legacy Entropic |
| J | March 2021 assignment to New Entropic by MaxLinear, Inc. |
| K | March 2021 assignment to New Entropic by MaxLinear Communications LLC |
| L | New Entropic Delaware Secretary of State registration |
| M | New Entropic Texas Secretary of State registration |
| N | LinkedIn Fortress Profiles |
| O | Fortress Address |

| P | Comcast Organization Chart |
| Q | Comcast 2020 Form 10-K |

1

**Memorandum of Points and Authorities**

2

**I.    Introduction**

3
      Plaintiff New Entropic's claims for patent infringement against Comcast must be

4
dismissed because each of the asserted patents is subject to ███████████. In

5
August 2020, Comcast executed a vendor services agreement ("VSA") with MaxLinear,

6
Inc ("MaxLinear"), a supplier of semiconductor components for Comcast's cable

7
equipment. As part of this VSA, █████████████████████████████████

8
████████████████████████████████████████████████████

9
████████████████████████, each of the patents asserted against

10
Comcast in these two cases[1] ("the asserted patents"). A few months after entering the

11
VSA, MaxLinear assigned the asserted patents to Plaintiff New Entropic, a subsidiary

12
of patent monetization entity Fortress Investment Group ("Fortress").[2]

13
      But MaxLinear could not transfer rights it did not have ████████████████

14
████████████████████████████████████████████████████

15
████████████████████████████████████████████████████

16
█████████████. New Entropic therefore cannot pursue Comcast for alleged

17
infringement of the asserted patents. The only appropriate action is dismissal with

18
prejudice of New Entropic's cases against Comcast under Rule 12(b)(1).

19

**II.    Factual Background**

20
      **A.**    ████████████████████████████████████████

21
      ████████████████████████

22
      In the VSA, MaxLinear, the previous owner of the asserted patents, contracted to

23
provide various services to Comcast in exchange for a schedule of payments for future

24

---

25
[1] Because ███████████████ is a total defense against all of the patents asserted in

26
both the 23-cv-1048 and 23-cv-1050 cases, Comcast has filed identical motions in both
cases.

27
[2] New Entropic admits that Fortress has "an interest in the outcome of the action." 23-
cv-1048, Dkt. 32 (Plaintiff's Amended Notice of Interested Parties); 23-cv-1050, Dkt.

28
28 (same).

1   services rendered. Ex. A (VSA) at 1. As part of the VSA, ████████████

2   ████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████

7                    ████████████████ ██████ ████████████

8                    ████████████████████████████

9                    ████████████████████████████

10                   ████████████████████████████

11                   ████████████████████████████

12                   ████████████████████████████

13                   ████████████████████████████

14                   ████████████████████████████

15                   ████████████████████████████

16                   ████████████████████████████

17                   ██████████████████

18   ██████████████████████ ████████████████████████████

19   ████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████.

22

23

24

25   <sup>3</sup> ████████████████████████████████████████████

26           ████████████████████████

27   <sup>5</sup> All exhibits to this Motion are attached to the concurrently-filed Decl. of Krishnan

28   Padmanabhan.

**B.    MaxLinear, Inc. or its wholly-owned subsidiary owned all the asserted patents on August 1, 2020**

As reflected in the table below, on the effective date of the VSA (August 1, 2020), MaxLinear, or its wholly-owned subsidiary MaxLinear Communications LLC ("MaxLinear LLC"), owned each of the asserted patents. *See* Ex. B (D&B Family Tree Report for MaxLinear Communications LLC) (showing MaxLinear Communications, LLC as a subsidiary of MaxLinear). ███████████████████████████ █████████████████████████████████████████████████████ ████████████████████████████████████.

| Asserted Patent No. | Case No. | Patent No. | App. No. | Ownership on August 1, 2020 |
|---|---|---|---|---|
| 1 | 23-1048 | 7,295,518 | 10/322,834 | Assigned to MaxLinear LLC on Feb. 13, 2018. Ex. C (Assignment 55776-482). |
| 2 | 23-1048 | 7,594,249 | 09/910,412 | |
| 3 | 23-1048 | 7,889,759 | 10/889,975 | |
| 4 | 23-1048 | 8,085,802 | 11/292,939 | |
| 5 | 23-1048 | 8,228,910 | 12/117,890 | |
| 6 | 23-1048 | 8,320,566 | 12/580,227 | |
| 7 | 23-1048 | 8,363,681 | 12/580,127 | |
| 8 | 23-1048 | 8,621,539 | 11/241,748 | |
| 9 | 23-1048 | 8,631,450 | 11/231,349 | |
| 10 | 23-1048 | 9,838,213 | 12/027,202 | |
| 11 | 23-1048 | 10,257,566 | 15/426,253 | |
| 12 | 23-1048 | 10,432,422 | 15/832,390 | |

| Asserted Patent No. | Case No. | Patent No. | App. No. | Ownership on August 1, 2020 |
|---|---|---|---|---|
| 13 | 23-1050 | 8,223,775 | 10/675,566 | Assigned to MaxLinear LLC on Feb. 13, 2018. Ex. C. |
| 14 | 23-1050 | 8,284,690 | 12/635,649 | |
| 15 | 23-1050 | 8,792,008 | 13/607,916 | MaxLinear is the original assignee. Ex. D (Assignment 29034-905). |
| 16 | 23-1050 | 9,825,826 | 14/948,947 | MaxLinear is the original assignee. Ex. E (Assignment 37133-385). |
| 17 | 23-1050 | 10,135,682 | 15/866,106 | MaxLinear is the original assignee because the '682 Patent is a continuation of application No. 13/948,444, which was assigned to MaxLinear. Dkt. 1-11 ('682 patent) at 2; Ex. F (Assignment 30940-405). |
| 18 | 23-1050 | 9,210,362 | 14/614,543 | MaxLinear, Inc. is the original assignee of the '362 patent, which is also a continuation of application No. 12/762,900, which was assigned to MaxLinear. 23-cv-1050, Dkt. 1-7 ('362 patent) at 1.  The '866 and '206 patents are also continuations of  application No. 12/762,900. 23-cv-1050, Dkt. 1-13 ('866 patent) at 2; 23-cv-1050, Dkt. 1-15 ('206 patent) at 2; Ex. G (Assignment 24628-565). |
| 19 | 23-1050 | 11,381,866 | 17/587,415 | |
| 20 | 23-1050 | 11,399,206 | 17/587,462 | |

The relationship between MaxLinear and MaxLinear LLC resulted from a merger in April 2015 and subsequent name changes. Before April 2015, MaxLinear had a wholly-owned subsidiary named Excalibur Subsidiary, LLC ("Excalibur"). Ex. H (February 2015 Agreement and Plan of Merger and Reorganization) at 2. In April 2015, Excalibur merged with an entity called Entropic Communications Inc., which was an operating company, and not the present patent monetization plaintiff New Entropic. Ex. I (Assignment 35717-628) at 18. The merger of Excalibur and Entropic Communications Inc. resulted in an entity called Entropic Communications, LLC ("Legacy Entropic"). *Id.* Three years later, in 2018, Legacy Entropic changed its name to MaxLinear Communications LLC (herein "MaxLinear LLC"). Ex. C (Assignment 55776-482) at 8–9. The lineage of these companies, and path of the asserted patents, is reflected in the timeline below.



**C.     MaxLinear assigned the asserted patents to New Entropic in March 2021**

██████████████████████████████████████████████, MaxLinear and MaxLinear LLC assigned a portfolio of patents, including each of the asserted patents, to the plaintiff in these cases: Entropic Communications, LLC, which is termed "New Entropic" throughout this brief. Ex. J

(Assignment 55898-230); Ex. K (Assignment 55899-291). New Entropic was formed just two days before receiving the patents from MaxLinear. Ex. L (Delaware Secretary of State registration for New Entropic); Ex. M (Texas Secretary of State registration for New Entropic). And while it shares the "Entropic" moniker with the company acquired by MaxLinear in 2015, that is only because it licensed the "Entropic" trademark from MaxLinear. 23-cv-1048, Dkt. 51-3 at 2 ("The ENTROPIC trademark is a trademark of MaxLinear, Inc., used under license."). New Entropic's formation documents list a number of employees of the patent monetization entity Fortress, including Scott Desiderio, Andrea Gothing, James Palmer, and Erez Levy. Ex. L; Ex. M at 2; Ex. N (LinkedIn profiles for Fortress employees). And when recording its patent assignments, New Entropic provided the same address as Fortress: 1345 Avenue of the Americas, 46th Floor, New York, NY 10105. Ex. J at 1; Ex. K at 1; Ex. O (Fortress website).

The assignment from MaxLinear to New Entropic was signed by Kishore Seendripu, the Chief Executive Officer of MaxLinear. Ex. J at 23. The assignment from MaxLinear LLC to New Entropic was signed by Steven Litchfield, the Chief Financial Officer of MaxLinear. Ex. K at 41. ████████████████████████████████████
████████████████████████████.

**D.      New Entropic now has knowledge of the** ████████████████████

New Entropic has had knowledge of the ██████████████ since at least May 3, 2023.[6] Post-suit correspondence from New Entropic invited a particular Comcast in-house attorney to contact New Entropic's CEO, Boris Teksler, directly.[7] In response, that Comcast in-house counsel reached out to Mr. Teksler.[8] During their discussions on April 19, 2023, Comcast's in-house counsel informed Mr. Teksler about ██████████████

---

[6] Marcus Decl. at ¶ 7.
[7] The post-suit correspondence between New Entropic and Comcast is attached and summarized in Comcast Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). 23-cv-1048, Dkt. 51-4, 51 at 6–8; 23-cv-1050, Dkt. 48-4, 48 at 6–8.
[8] Marcus Decl. at ¶ 3.



[REDACTED].[9] Mr. Teksler told Comcast's in-house counsel that he did not previously have knowledge of [REDACTED][10], despite having an ongoing relationship with MaxLinear[11]. Comcast's in-house counsel further informed Mr. Teksler that [REDACTED][12] Comcast's in-house counsel [REDACTED][13] Comcast's in-house counsel then provided a copy of the VSA to Mr. Teksler on May 3, 2023.[14]

## III.  Applicable Law Related to Rule 12(b)(1) and Lack of Standing

Constitutional standing "is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The plaintiff must demonstrate an "injury in fact" that is "fairly traceable" to the defendant's conduct and likely to be redressed by a favorable decision. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). [REDACTED] deprives the patent holder of Constitutional standing because it moots the "case or controversy" requirement under Article III. [REDACTED]

[REDACTED]. Whether a plaintiff has standing to sue is a matter of law to be determined by the court, *see Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc) ("The question of standing to sue is a jurisdictional one."), and it must be addressed at the outset of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

---

[9] Marcus Decl. at ¶ 4.
[10] Marcus Decl. at ¶ 4.
[11] No. 23-cv-1048, Dkt. 32 (Plaintiff's Amended Notice of Interested Parties); No. 23-cv-1050, Dkt. 28 (same).
[12] Marcus Decl. at ¶ 5.
[13] Marcus Decl. at ¶¶ 5, 6.
[14] Marcus Decl. at ¶ 7.

94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception."). When the court's subject matter jurisdiction is challenged under Rule 12(b)(1), "[t]he party bringing the action bears the burden of establishing that it has standing." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005).

In resolving a Rule 12(b)(1) factual jurisdictional attack, like this Motion, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). And "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* All "controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court," which "may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993). Once the moving party has set forth a prima facie case regarding the lack of standing, as Comcast has done here, "the party opposing the motion must furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039. If the plaintiff cannot establish standing, "the complaint must be dismissed." *Warth*, 422 U.S. at 502.

## IV.   Argument

[REDACTED]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16      Given that MaxLinear LLC was a wholly-owned subsidiary of MaxLinear on

17 August 1, 2020, *see* § II.B above,

18

19

20

21

22

23      The remaining six patents in the 1050 case were all directly owned by MaxLinear,

24 . *See* § II.B. Four of those patents (U.S.

25 _____

26 [15]

27 [16] *See* II.B, Table (Patents 1-12).

28 [17] *See* II.B, Table (Patents 13-14).

1    Patent Nos. 8,792,008, 9,825,826, 10,135,682, and 9,210,362)[18] issued before August

2    1, 2020 and were held by MaxLinear ████████████████████████████████████████

3    ██. The final two asserted patents, U.S. Patent Nos. 11,381,866 ("the '866 patent") and

4    11,399,206 ("the '206 patent")[19], are continuations of patents owned by MaxLinear ██

5    ████████████████████████████████████████: U.S. Patent Appl. No. 12/762,900

6    which issued as U.S. Patent No. 8,526,898 (the "'898 patent") and U.S. Patent Appl.

7    No. 13/962,871 which issued as U.S. Patent No. 9,100,622 (the "'622 patent").[20] While

8    these final two patents (the '866 and '206 patents) issued directly to New Entropic in

9    2022, as continuations of patents ████████████████████████████, these final

10   two patents are also ████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████ ████████████████

20   ████████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████.

---

[18] *See* II.B, Table (Patents 15-18).

[19] *See* II.B, Table (Patents 19-20)

[20] U.S. Patent No. 9,210,362 (the "'362 patent")—one of the other asserted patents that had issued and was held by MaxLinear at the time it ████████████████████████████████ ██████—is also a continuation of the '898 and '622 patents.

[21] The reason that ████████████████████████████ is obvious. Without such a rule, ████████████████████████ could avoid their obligation by merely pursuing a continuation application claiming the same subject matter. ████████████████████████████

**B.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓. There is no dispute that Comcast Corporation is a parent of Comcast Cable Communications, LLC, which is a further parent of Comcast Cable Communications Management, LLC. *See* Ex. P (organization chart for Comcast Cable Communications Management, LLC); 23-cv-1048 Dkt. 1 at ¶¶ 11, 14; 23-cv-1050 Dkt. 1 at ¶¶ 7, 10. These relationships are not new and were the same ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. Q (Form 10-K for Comcast Corp.) at Table of Contents, 342 Exhibit 21. As parent-child entities, this makes Comcast Corporation, Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**C.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1
2
3
4
5
6
7
8
9
10
11 ▇▇▇▇▇ .
12 **D.** ▇▇▇▇▇▇▇
13 ▇▇▇▇▇▇▇
14 ▇▇▇ Thus, dismissal of this action is appropriate. ▇▇▇
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMCAST'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)
NO. 2:23-CV-1048-JWH-KES / NO. 2:23-CV-1050-JWH-KES

1 ████████████████████████████████████████████

2 ██████████████████████████████

3     **E.** ████████████████████████████████

4     ████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████. The language of the VSA itself makes

7 this clear. ████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ██████████████████. *See Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir. 2010) ("The

12 present perfect tense 'refers to (1) a time in the indefinite past . . . , or (2) a past action

13 that comes up to and touches the present.'") (quoting Chicago Manual of Style ¶ 5.119

14 (15th ed. 2003). ████████████████████████████████

15 ████████.

16     Common sense also supports and dictates that ████████████████

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████. Put another way, they

21 could simply manufacture ████████████████████████. But under

22 New York Law, provisions of a contract are not to be interpreted such that a party can

23 simply manufacture a scenario to avoid its obligations. *See Aivaliotis v. Cont'l Broker-*

24 *Dealer Corp.*, No. 4156-04, 2005 WL 1552796, at *2 (N.Y. Sup. Ct. June 24, 2005)

25

---

26 [23] Assuming (without admitting) that New Entropic did not have pre-suit knowledge of

27 the VSA ████████████████████now that New Entropic has explicit knowledge of the VSA ████████████████ New

28 Entropic has no reasonable basis to maintain these lawsuits.



(emphasizing that contract should be interpreted to give each clause meaning and rejecting interpretation that allows a party to easily avoid its obligations).

As explained in Comcast Defendants' Motion to Dismiss under Rule 12(b)(6)[24],

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████. *W.W.W. Assocs., Inc. v. Giancontieri*, 566 N.E.2d 639, 642, 643 (N.Y. 1990) (where the parties have "reduced their negotiations to a clear, complete writing," "ignoring the plain language of the contract . . . effectively rewrites the bargain that was struck"). Regardless, ██████████████ is not applicable here under any interpretation because New Entropic's allegations ███████████████████ ███████████████████████ for the reasons explained in Comcast Defendants' Motion to Dismiss under Rule 12(b)(6).

**F.   ████████████████ is clear and unambiguous on its face and therefore jurisdictional discovery to establish standing is unnecessary and unwarranted**

The language of the VSA and ███████████████ are clear and unambiguous that New Entropic has no standing to sue Comcast, and therefore, New Entropic's Complaints should be dismissed. *Shahtout v. Cal. Psychcare, Inc.*, 562 F. Supp. 3d 913, 920 (C.D. Cal. 2022) (Holcomb, J.) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)) ("The court should dismiss an action where the face of the complaint does not demonstrate a basis for standing."). No jurisdictional

[24] *See* 23-cv-1048, Dkt. 43; 23-cv-1050, Dkt. 40.

1  discovery relating to the VSA, such as the intent of the parties when entering into the
2  VSA, is necessary or warranted here because the terms of the VSA ███  █████████
3  ███ are clear and unambiguous. *Ellington v. EMI Music, Inc.*, 21 N.E.3d 1000, 1004
4  (N.Y. 2014) ("Where the terms of a contract are clear and unambiguous, the intent of
5  the parties must be found within the four corners of the contract . . . ."); *W.W.W. Assocs.*,
6  566 N.E.2d at 642 ("A familiar and eminently sensible proposition of law is that, when
7  parties set down their agreement in a clear, complete document, their writing should as
8  a rule be enforced according to its terms. Evidence outside the four corners of the
9  document as to what was really intended but unstated or misstated is generally
10 inadmissible to add to or vary the writing.").

11      Allowing jurisdictional discovery under these circumstances would result in New
12 Entropic striving to manufacture ambiguities where none exist, which would
13 "unnecessarily denigrate[] the contract and unsettle[] the law." *Id.* ("[E]xtrinsic and
14 parol evidence is not admissible to create an ambiguity in [the] written agreement.").
15 Courts are especially reluctant to rely on extrinsic evidence where the terms of an
16 agreement were "negotiated between sophisticated, counseled business people
17 negotiating at arm's length," as they were here. *Vermont Teddy Bear Co. v. 538*
18 *Madison Realty Co.*, 807 N.E.2d 876, 879 (N.Y. 2004). Further, as MaxLinear's
19 business partner[25], any purportedly relevant discovery was available to New Entropic
20 before it filed these lawsuits. *Dichter-Mad Family Partners, LLP v. U.S.*, 707 F. Supp.
21 2d 1016, 1054 (C.D. Cal. 2010) (denying jurisdictional discovery where the plaintiffs
22 "ha[d] not shown that the relevant information [was] unavailable to them in the absence
23 of discovery"). Thus, no jurisdictional discovery relating to the VSA or standing
24 generally is necessary to resolve this Motion.

[25] *See* 23-cv-1048, Dkt. 32 (Plaintiff's Amended Notice of Interested Parties); 23-cv-1050, Dkt. 28 (same).

1

**V.     Conclusion**

2

██████████████████████████████████████████████

3

██████████████████████████████████████████████

4

████████████████████████████████████████  For this reason,

5

the Court should grant Comcast's Motion and dismiss New Entropic's Complaints with

6

prejudice.

7

8

Dated:  May 22, 2023                    WINSTON & STRAWN LLP

9

By:  */s/ K. Padmanabhan*
        K. Padmanabhan (SBN 254220)

10

        kpadmanabhan@winston.com
        **Winston & Strawn LLP**

11

        200 Park Ave., Fl. 40
        New York City, NY 10166

12

        Phone: 212-294-6700
        Fax: 212-294-4700

13

14

        Brian Ferguson (*pro hac vice*)
        bferguson@winston.com

15

        **Winston & Strawn LLP**
        1901 L Street NW

16

        Washington, D.C. 20036
        Phone: 202-282-5000
        Fax: 202-282-5100

17

18

        Saranya Raghavan (*pro hac vice*)
        sraghavan@winston.com

19

        **Winston & Strawn LLP**
        35 West Wacker, Dr.

20

        Chicago, IL 60601
        Phone: 312-558-5600
        Fax: 312-558-5700

21

        Attorneys for Comcast Defendants.

22

23

24

25

26

27

28