# EXHIBIT A

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No. |
| | ~~————~~2:23-cv-1050-JWH-KES |
| Plaintiff, | |
| | ~~ORIGINAL~~**FIRST AMENDED** |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Entropic Communications, LLC ("Entropic"), files this complaint for patent infringement against Comcast Corporation ("Comcast Corp."); Comcast Cable Communications, LLC ("Comcast Communications"); and Comcast Cable Communications Management, LLC ("Comcast Management"), (collectively "Comcast") and in support thereof alleges as follows:

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on Comcast's infringement of U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), and 11,399,206 (the "'206 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Entropic is a Delaware limited liability company with an office at 7150 Preston Road, Suite 300, Plano, Texas 75024.

3. Entropic is the owner by assignment to all right, title, and interest to the Patents-in-Suit. Entropic is the successor-in-interest ~~for~~of the Patents-in-Suit.

4. Upon information and belief, Comcast Corp. is a corporation organized and existing under the laws of Pennsylvania, with a principal place of business at 1701 JFK Boulevard, Philadelphia, Pennsylvania, 19103.

5. Comcast Corp. has, as its registered agent in California, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, California, 91203.

6. Comcast Corp., along with the other defendants, develops, markets, sells, offers for sale and/or provides "Comcast" and "Xfinity" branded cable television services and equipment to customers.

7. Comcast Communications is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 1701 JFK Boulevard, Philadelphia, Pennsylvania, 19103. Upon information and belief, Comcast Communications is a subsidiary of Comcast Corp.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

8.      Comcast Communications has, as its registered agent in California, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, California, 91203.

9.      Comcast Communications, along with the other defendants, develops, markets, sells, offers for sale and/or provides "Comcast" and "Xfinity" branded cable television services and equipment to customers.

10.     Comcast Management is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 1701 JFK Boulevard, Philadelphia, Pennsylvania, 19103. Upon information and belief, Comcast Management is a subsidiary of Comcast Corp.

11.     Comcast Management has, as its registered agent in California, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, California, 91203.

12.     Comcast Management, along with the other defendants, develops, markets, sells, offers for sale and/or provides "Comcast" and "Xfinity" branded cable television services and equipment to customers.

13.     Comcast Corp. and/or Comcast Communications owns or leases, and maintains and operates, several stores in this district by and through subsidiary limited liability companies that they own, manage, and control, including Comcast of Santa Maria, LLC and Comcast of Lompoc LLC. Upon information and belief, Comcast Corp. and/or Comcast Communications (and/or other personnel employed by them) negotiates and signs agreements on behalf of each of these entities.

14.     Upon information and belief, Comcast Corp. and/or Comcast Communications are the corporate managers of their subsidiary LLCs that own or lease property in this district, and that own, store, sell, demonstrate, and lease equipment in this district. Comcast Corp. and/or Comcast Communications have the right to exercise near total control of each entity's operations through its LLC agreements with each entity.

15.     In each of those stores, Comcast Corp. and/or Comcast Communications owns and stores equipment such as modems and set top boxes ("STBs") and

1  demonstrates services provided via those products to Comcast customers by and
2  through subsidiary limited liability companies that it manages and controls.

3       16.    Upon information and belief, Comcast Corp. and/or Comcast
4  Communications employs personnel that install, service, repair and/or replace
5  equipment, as appropriate, in this district by and through subsidiary limited liability
6  companies that it manages and controls.

7       17.    Upon information and belief, Comcast Corp. and/or Comcast
8  Communications have two wholly owned subsidiaries in this Judicial District of
9  Central California ("District") that serve as their agents.

10      18.    Comcast of Santa Maria, LLC ("Comcast Santa Maria") is a limited
11 liability company organized and existing under the laws of Pennsylvania, with a
12 principal place of business at 1701 JFK Boulevard, Philadelphia, Pennsylvania,
13 19103. Comcast of Santa Maria, LLC is a subsidiary of Comcast Corp.

14      19.    Comcast Santa Maria, along with the other defendants, markets, sells,
15 offers for sale and/or provides "Comcast" and "Xfinity" branded cable television
16 services and equipment to customers.

17      20.    Comcast of Lompoc, LLC ("Comcast Lompoc") is a limited liability
18 company organized and existing under the laws of Pennsylvania, with a principal
19 place of business at 1701 JFK Boulevard, Philadelphia, Pennsylvania, 19103.
20 Comcast of Lompoc, LLC is a subsidiary of Comcast Corp.

21      21.    Comcast Lompoc, along with the other defendants, markets, sells, offers
22 for sale and/or provides "Comcast" and "Xfinity" branded cable television services
23 and equipment to customers.

24      22.    Upon information and belief, Comcast Communications, Comcast,
25 Management, Comcast Santa Maria, and Comcast Lompoc are the agents of Comcast
26 Corp.  Upon information and belief, Comcast Corp. has complete and total control
27 over its agents Comcast Communications, Comcast Management, Comcast Santa
28 Maria, and Comcast Lompoc. On information and belief, Comcast Corp. shares

management, common ownership, advertising platforms, facilities, distribution chains and platforms, stores, and accused product lines and products involving related technologies with its agents, including at least Comcast Communications, Comcast Management, Comcast Santa Maria, and Comcast Lompoc.

23.   For example, Comcast Corp., Comcast Communications, Comcast Management, Comcast Santa Maria, and Comcast Lompoc all have the same principal place of business at 1701 JFK Boulevard, Philadelphia, Pennsylvania, 19103.

24.   The Comcast "Xfinity Residential Services Agreement" purports to bind Comcast's customers, including those customers in this District, to an agreement with Comcast Communications for, *inter alia*, the Accused Services that Comcast's customers receive through the infringing use of the Accused Cable Modem Products and the Accused Set Top Products.[1] This agreement further provides that an entity other than Comcast Communications provides the services. Upon information and belief, the entity that provides the services to Comcast's customers and subscribers is Comcast Management.

25.   Comcast Management further shares a leadership team with Comcast Corp.[2] For example, Brian Roberts is the Chairman and Chief Executive Officer of both Comcast Management and Comcast Corp.; Daniel Murdock is Executive Vice President and Chief Accounting Officer of both Comcast Corp. and Comcast Management; Francis Buono is Executive Vice President of Legal Regulatory Affairs and Senior Deputy General Counsel of both Comcast Corp. and Comcast

---

[1] https://www.xfinity.com/Corporate/Customers/Policies/SubscriberAgreement.

[2] *Compare* names found in Exhibit A to the attached https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/communications-division/documents/video-franchising-and-broadband-analysis/video-franchising-main/applications-received--by-the-puc/2022/20220926-comcast-48a/comcast-48a-application.pdf *with* the bios of the identified personnel at Comcast's corporate leadership website, https://corporate.comcast.com/company/leadership.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  Management; and Karen Buchholz is Executive Vice President, Administration of
2  both Comcast Corp. and Comcast Management.

3  <center>**~~PRESUIT~~PRE-SUIT DISCUSSIONS**</center>

4      26.    Prior to filing this Complaint, Entropic sent a communication by physical
5  means to Comcast on August 9, 2022, in an attempt to engage Comcast and/or its
6  agents in good faith licensing discussions regarding Entropic's patent portfolio,
7  including the Patents-in-Suit.[3] Comcast replied to the communication on October 10,
8  2022, asking for additional information. On December 23, 2022, Entropic sent
9  Comcast another communication regarding a separate license to Entropic's patents for
10  the field of the standardized networking technology commonly called MoCA, and also
11  seeking to discuss with Comcast a typical non-disclosure agreement in order to share
12  such information. ~~Comcast has not responded to that communication.~~

13  <center>**ENTROPIC'S LEGACY AS A CABLE INNOVATOR**</center>

14      27.   Entropic   Communications   Inc.   ("Entropic   Inc."),   the
15  predecessor-in-interest to Entropic as to the Patents-in-Suit, was founded in San
16  Diego, California in 2001 by Dr. Anton Monk, Itzhak Gurantz, Ladd El Wardani and
17  others. Entropic Inc. was exclusively responsible for the development of the initial
18  versions of the Multimedia over Coax Alliance ("MoCA") standards, including
19  MoCA 1.0, ratified in 2006~~,~~ and MoCA 1.1, ratified in 2007, and was instrumental in
20  the development of MoCA 2.0, ratified in 2010. It also developed Direct Broadcast
21  Satellite ("DBS") Outdoor Unit ("ODU") single wire technology~~,—~~ and
22  System-on-Chip ("SoC") solutions for set-top boxes (STBs) in the home television
23  and home video markets. _Entropic was widely known in the cable industry for these_
24  _innovations and its foundational development of MoCA._

25

26

27  [3] The '206 Patent was not included in the list of issued Entropic patents _discussed in_
28  _the communication_ sent on August 9, 2022.

<center>-5-</center>

28.     Under the technical guidance of Dr. Monk, Entropic Inc. grew to be publicly listed on the NASDAQ in 2007. After the public listing, the company acquired RF Magic, Inc. in 2007, a company specializing in DBS ODU technology and related hardware.

29.     Additional growth between 2007 and 2015 bolstered the technical expertise of Entropic Inc. with respect to signal acquisition, stacking, filtering, processing, and distribution for STBs and cable modems.

30.     For years, Entropic Inc. pioneered innovative networking technologies, as well as television and ~~internet related~~internet-related technologies. These technologies simplified the installation required to support wideband reception of multiple channels for demodulation, improved home internet performance, and enabled more efficient and responsive troubleshooting and upstream signal management for cable providers. These innovations represented significant advances in the field, simplified the implementation of those advances, and reduced expenses for providers and customers alike.

### MAXLINEAR'S TRANSFER OF PATENTS TO ENTROPIC

31.     In 2015, MaxLinear, Inc. (and MaxLinear, LLC (collectively, "MaxLinear")— a leading ~~provider~~providers of radio-frequency, analog, digital, and mixed-signal semiconductor solutions—acquired Entropic Inc., ~~and~~as well as the pioneering intellectual property developed by Dr. Monk and his team.

~~32. In 2021, Plaintiff Entropic was established and MaxLinear transferred to Entropic a portfolio of intellectual property representing the Entropic and MaxLinear innovation in the cable and satellite services markets.~~

32.     Plaintiff Entropic was established in 2021 ██████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████



37.   Entropic has the full right to pursue the patent infringement claims asserted in this action against Comcast.

A.

38.



~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT



-9-



56.

57.

**B.**

58.

59.

**C. Comcast Has, and Continues, to Willfully and Intentionally Infringe Entropic's Patents**

60. ~~33.~~ The Patents-in-Suit are the result of years of research and development in satellite and cable technology. These innovations are utilized by Comcast to provide enhanced and expanded services to customers, which in turn has increased revenues for Comcast while at the same time reducing costs.

61. ~~34.~~ Entropic filed a patent infringement suit against Charter Communications, Inc. ("Charter") in the Eastern District of Texas, Case No.

-10-

2:22-CV-00125-JRG ("the Charter Suit"), on April 27, 2022, asserting the '775
Patent, the '690 Patent, the '008 Patent, the '362 Patent, the '826 Patent, and the '682
Patent against Charter's provision of cable television and internet services, cable
modem products and STBs.

62. ~~35.~~ Upon information and belief, Comcast analyzed the ~~causes of
action~~claims in the Charter Suit and the asserted patents.

63. ~~36.~~ Upon information and belief, Comcast analyzed its products'
functionality in light of the patents asserted in the Charter Suit.

64. ~~37.~~ Upon information and belief, Comcast monitored the ongoing
prosecution of the '362 Patent family, and therefore was aware the '866 Patent issued
on July 5, 2022, and the '206 Patent issued on July 26, 2022.

65. ~~38.~~ Upon information and belief, Comcast analyzed its products'
functionality in light of the '866 Patent.

66. ~~39.~~ Upon information and belief, Comcast analyzed its products'
functionality in light of the '206 Patent.

67. Upon information and belief, Comcast requested indemnification from
Comcast's suppliers for each of the patents asserted against Charter, including the
MoCA related patents, prior to Entropic filing the current action.

68. Entropic filed a patent infringement suit against Dish Network
Corporation, DISH Network, LLC, and Dish Network Service, LLC (collectively,
"Dish") in the Eastern District of Texas, Case No. 2:22-CV-00076, on March 9,
2022, asserting infringement of three Entropic patents, including the '008 Patent (the
"Dish Suit").

69. Entropic filed a patent infringement suit against DirecTV, LLC, AT&T,
Inc., AT&T Services, Inc., and AT&T Communications, LLC in the Eastern District
of Texas, Case No. 2:22-CV-00075 on March 9, 2022, asserting infringement of
three Entropic patents, including the '008 Patent (the "DirecTV Suit").

70.    Upon information and belief, Comcast discussed the Charter Suit, Dish Suit, and DirecTV Suit with RPX Corporation ("RPX"). Either before or shortly after its discussions with RPX, Comcast substantively reviewed and analyzed the patents asserted in the Charter Suit, Dish Suit, and DirecTV Suit.

71.    Upon information and belief, Comcast subsequently suggested that RPX reach out to Entropic to try to resolve the matters.

72.    Comcast also attached to its own motion to dismiss ████████████
██████████████████████████████████████████████████████████
███████████████████████████████████████████. *See* Dkt. No. 39-1, Ex. A. ██████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████.

73.    Comcast also willfully infringed two other MaxLinear patents no later than March 20, 2019. Specifically, U.S. Patent No. 10,582,515 assigned to and prosecuted by Comcast cites to two patents assigned to MaxLinear, U.S. Patent Nos. 9,178,765 and 9,419,858. These two MaxLinear patents were cited by the examiner in a non-final rejection on March 20, 2019. On information and belief, Comcast infringes at least claim 1 of both the '765 and '858 patents. On information and belief, no later than that date, Comcast substantively reviewed and analyzed the '765 and '858 patents. On information and belief, Comcast has willfully infringed the '765 and '858 patents beginning no later than March 20, 2019.

**1. Comcast Willfully Infringed, and Continues to Infringe, Entropic's MoCA Patents**

74.    Comcast invested in Entropic once in 2003, and again in 2006.

75.    Upon information and belief, Comcast substantively reviewed and analyzed Entropic's patents and patent applications related to the Entropic's MoCA standard patents as part of its due diligence prior to investing in Entropic.

76.   Upon information and belief, the patents and patent applications that Comcast analyzed prior to investing in Entropic include at least the following patents: U.S. Patent No. 7,295,518 (the "'518 Patent"), duly issued on November 13, 2007 from an application filed December 18, 2002, an application filed August 19, 2002 and, *inter alia*, a provisional application filed August 30, 2001; U.S. Patent No. 7,594,249, duly issued on September 22, 2009 from an application filed July 21, 2001, and a provisional application filed May 4, 2001; U.S. Patent No. 7,889,759 (the "'759 Patent"), duly issued on February 15, 2011 from an application filed July 12, 2004, an application filed August 29, 2002, and, *inter alia* a provisional application filed August 30, 2001; U.S. Patent No. 8,085,802, duly issued on December 27, 2011 from an application filed December 2, 2005, and a provisional application filed December 2, 2004; U.S. Patent No. 8,631,450, duly issued on January 14, 2014, from an application filed September 19, 2005 and, *inter alia*, a provisional application filed December 2, 2004; U.S. Patent No. 8,621,539, duly issued on December 31, 2013 from an application filed September 29, 2005 and, *inter alia*, a provisional application filed December 2, 2004; U.S. Patent No. 10,257,566, duly issued on April 9, 2019 from an application filed February 7, 2017, an application filed September 19, 2005, and *inter alia*, a provisional application filed December 2, 2004 (collectively, the "Pre-Investment MoCA Patents"). On information and belief, Comcast knew, based on its own analysis and also potentially statements from Entropic itself, that these patents were standard-essential to MoCA, such that practicing the MoCA standard would infringe these patents.

77.   Upon information and belief, no later than the day prior to its latest investment in Entropic in 2006, Comcast knew or had every reason to know that Entropic owned the Pre-Investment MoCA Patents related to the MoCA technology such that deployment of MoCA standard-compliant devices would infringe patents owned by Entropic.

-13-
ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

78.     Upon information and belief, no later than the day prior to its latest investment in Entropic in 2006, any reasonable commercial party in Comcast's position, with Comcast's knowledge, would know that deployment of MoCA standard-compliant devices would infringe on the Pre-Investment MoCA Patents owned by Entropic. On information and belief, Comcast continued to monitor and analyze Entropic's MoCA-related patents and was aware of later-filed patents that are standard-essential to MoCA simply due to the importance of MoCA to Comcast's business and Comcast's later involvement as a board member of MoCA.

79.     No later than 2010 and continuing to the present, Comcast has used products that provide signals, programming and content utilizing a data connection carried over a coaxial cable network in accordance with the MoCA standards, including at least the Arris DCX3200, DCX3400, DCX3500, XG1-A, XG1v3, XG1v4, XG2v2, Arris MR150CNM, Pace PR150BNM, Pace PX032ANI, Pace PXD01ANI, Samsung SR150BNM, and similarly operating devices. Because Comcast was already aware of Entropic's Pre-Investment MoCA patents and knew that those patents were standard-essential, Comcast knew that its use of these devices would directly infringe the Pre-Investment MoCA patents. Despite this knowledge, Comcast willfully infringed the Pre-Investment Patents beginning no later than 2010.

80.     Upon information and belief, Comcast was involved with and/or a member of MoCA from the earliest days of MoCA, through at least August 2019. Indeed, Comcast was a member of the MoCA board of directors.[6]

81.     Entropic filed a patent infringement suit against ViXS Systems, Inc. and ViXS USA, Inc. in the Southern District of California, Case No. 13-CV-1102-WQHBGS ("the ViXS Suit"), on May 8, 2013, asserting infringement of the '759 Patent and the '518 Patent. Both patents are essential to the standards developed and promulgated by MoCA.

---

[6] See https://mocalliance.org/about/faqs.php.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

82.     Upon information and belief, as a member of MoCA, Comcast analyzed the claims in the ViXS Suit and the asserted patents.

83.     Upon information and belief, Comcast analyzed its products' functionality in light of the patents asserted in the ViXS Suit.

84.     Because Comcast already was using and deploying devices practicing the MoCA standards (and continued to do so), Comcast willfully infringed the '759 and '518 Patents no later than May 8, 2013, after substantively analyzing the complaint and asserted patents from the ViXS suit.

85.     As a member of MoCA, Comcast was well aware that Entropic, the owner of the MoCA Patents in the ViXS Suit, was the leading contributor of technology to the standards promulgated by MoCA, which are implicated by the claims of patent infringement in the ViXS Suit.

86.     Upon information and belief, Comcast therefore knew that MaxLinear and Entropic Communications Inc. were significant players in MoCA.

87.     Upon information and belief, Comcast knew that MoCA had tremendous success, given its public success through Verizon Wireless's deployment of Fios.

88.     Upon information and belief, Comcast knew that MaxLinear, Inc. was a member of MoCA since at least 2011.

89.     Comcast and MaxLinear, Inc. were both board members of MoCA from at least 2015 through August 2019. By virtue of Comcast's participation in MoCA and its ongoing, extensive use of MoCA standards, on information and belief, Comcast monitored the publication and issuance of patents that would be standard-essential, including MaxLinear and Entropic Communications Inc. patents. Because Comcast was using devices that practiced the MoCA standards, Comcast willfully infringed each MaxLinear and Entropic Communications Inc. patent that was standard-essential to MoCA no later than shortly after the issuance of those patents.  To the extent Comcast did not engage in such review, it constitutes willful blindness to patent

ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

infringement due to Comcast's knowledge of the foundational role and contributions of Entropic Communications Inc. and MaxLinear to the MoCA standards.

90.    Upon information and belief, Comcast was aware that Entropic Communications Inc. owned patents that were and are essential to the practice of the MoCA standard.[7]

91.    At least as early as January 1, 2020, Comcast knew that MaxLinear owned patents that were essential to practicing the technology embodied in one or more standards promulgated by MoCA.

92.    Comcast knew that MaxLinear acquired Entropic Communications Inc. and its patents in 2015.[8] Because Comcast already knew it was willfully infringing patents owned by Entropic Communications Inc., Comcast therefore knew that it was willfully infringing patents that were standard-essential to MoCA that now were owned by MaxLinear no later than 2015.

93.    No later than the day prior to ███████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

94.    No later than the day prior to ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████ Despite this knowledge, Comcast continued to use and deploy devices practicing the MoCA standards and therefore willfully infringing patents owned by MaxLinear, including at least

---

[7] *See* https://www.sec.gov/Archives/edgar/data/1227930/000122793015000006/entr20141231 10-k.htm.

[8] *See* https://investors.maxlinear.com/annual-reports?form_type=10-K&year=.

ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

95.   Accordingly, Comcast either knew about the MoCA Patents, or alternatively engaged in a scheme to be willfully blind to the existence of such Patents, as set forth in the concurrently filed *Entropic Communications, Inc. v. Comcast Corporation, et al.*, No. 2:23-cv-1048-JWH-KES (C.D. Cal. 2023). Comcast therefore willfully infringed at least the Pre-Investment MoCA Patents, later-issued MoCA patents, and the patents asserted in the ViXS case no later than the day prior to ███████████████████████

**2.  Comcast Willfully Infringed, and Continues to Infringe, Entropic's Patents-in-Suit**

96.   Upon information and belief, Comcast substantively reviewed and analyzed the '775 Patent-in-Suit, duly issued on July 17, 2012 from an application filed September 30, 2003, as part of its due diligence prior to investing in Entropic in 2006.

97.   Accordingly, upon information and belief, no later than the day prior to its latest investment in Entropic in 2006, Comcast knew or had every reason to know that Entropic owned the '775 Patent-in-Suit. Because Comcast knew of the '775 patent and substantively reviewed its claims, Comcast began willfully infringing the '775 patent no later than the dates it began offering the Accused Cable Modem products and services, having knowledge that such use and deployment infringed the '775 patent.

98.   Additionally, Comcast and MaxLinear, Inc. were engaged in a longstanding commercial relationship for years.

99.   ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

100. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

related to non-standardized technologies deployed in the cable television and/or cable

internet businesses, technologies that Comcast uses and deploys.

101.   As addressed above in paragraphs 67 through 74, Comcast has willfully

infringed at least the '362 patent, the '826 patent, and the '206 patent through its

knowledge gained from the Charter litigation, and was aware of (and substantively

analyzed its infringement of) the other Patents-in-Suit no later than the letter sent by

Entropic in August 2022.

102.   Accordingly, Comcast either knew about the Patents-in-Suit, or

alternatively engaged in a scheme to be willfully blind to the existence of the

Patents-in-Suit.

103.   Upon information and belief, in addition to the knowledge as set forth

above, one of the named inventors of the '008 Patent and '826 Patent, Patrick Tierney,

now works at Comcast. Accordingly, upon information and belief, Comcast knew of

the aforementioned Patents-in-Suit as early as the day Patrick Tierney was hired.

104.   To date, Comcast has continued its wrongful and willful use of the

Patents-in-Suit, and has further continued its attempts to shield itself from liability for

its wrongful use thereof.

## JURISDICTION AND VENUE

105.   40. This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1338(a) because the claims herein arise under the patent laws of the

United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

106.   41. Venue in this District is proper pursuant to 28 U.S.C. § 1400(b),

because Comcast has regular and established places of business in this District. The

defendants, by themselves and/or through their agents, have committed acts of patent

infringement within the State of California and within this District by using, selling,

-18-

offering for sale, and/or leasing various telecommunication services products and services.

107. 42. This Court has general personal jurisdiction over Comcast Corp. because it conducts systematic and regular business within the State of California by, *inter alia* providing cable television, internet, and phone services to businesses and residents throughout the state. Comcast Corp.'s website states that, "Comcast is deeply committed to California, where our nearly 5,000 employees serve more than 3 million customers throughout the state."[49]

108. 43. Upon information and belief, Comcast Management has a regular and established place of business in the State of California including at least at 3055 Comcast Place, Livermore, California 94551.

109. 44. The Court has personal jurisdiction over Comcast Corp., Comcast Communications and Comcast Management because they have committed acts of infringement within the State of California and within this District through, for example, providing through their wholly owned subsidiaries, "Comcast" and "Xfinity" branded products and services, including, Xfinity set top boxes ("STBs") and Xfinity digital video, audio, and other content services to customers. Comcast provides cable television and internet services ("Accused Services") via the lease, sale, and/or distribution of cable modems and set top boxes both online and from Comcast stores in this District. For example, Comcast has and continues to sell, lease, and/or distribute the Technicolor TC8717 cable modem, Technicolor CGM4140 cable modem, Technicolor CGM4331 cable modem, and products that operate in a similar manner ("Accused Cable Modem Products"), as well as the Arris AX013ANC STB, Arris AX013ANM STB, Arris AX014ANC STB, Arris AX014ANM STB, Arris MX011ANC STB, Arris MX011ANM STB, Pace PX001ANC STB, Pace

---

[49] *See* https://california.comcast.com/about/#:%7E:text=Comcast%20is%20deeply%20committed%20to,smart%20home%E2%80%9D%20and%20phone%20service

1  PX013ANC STB, Pace PX013ANM STB, Pace PX022ANC STB, Pace PX022ANM
2  STB, Samsung SX022ANC STB, Samsung SX022ANM STB, and products that
3  operate in a similar manner ("Accused Set Top Products").

4  110. 45. Upon information and belief, Comcast Corp., Comcast
5  Communications, and Comcast Management, by themselves and/or through their
6  agents, offer various telecommunication services throughout the United States.
7  Comcast operates and maintains a nationwide television and data network through
8  which it sells, leases, and offers for sale products and services, including the Accused
9  Services, Accused Cable Modem Products and Accused Set Top Products, to
10 businesses, consumers, and government agencies. Through its subsidiaries, Comcast
11 Corp. offers to sell, sells, and provides "Comcast" and "Xfinity" branded products and
12 services, including, set top boxes and digital video, audio, and other content services
13 to customers. Subscribers to Comcast's television services receive one or more
14 receivers and/or set-top boxes within this District.

15 111. 46. Upon information and belief, those services are provided through and
16 using the Accused Cable Modem Products and Accused Set Top Products.

17 112. 47. Upon information and belief, Comcast Corp., Comcast
18 Communications, and Comcast Management, by themselves and/or through their
19 agents, Comcast Santa Maria and/or Comcast Lompoc, operate their businesses
20 through *inter alia* offices, warehouses, storefronts, and/or other operational locations
21 within this District, including, for example, at the Xfinity by Comcast stores located in
22 this District at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N.
23 H Street, Suite B, Lompoc, California 93436. Comcast holds out these locations as its
24 own through the use of branding on the locations themselves.

25 113. 48. Comcast lists these Xfinity by Comcast stores on its website and
26 holds them out as places where customers can obtain the Accused Services, Accused
27 Cable Modem Products and Accused Set Top Products.

28

114. 49. Upon information and belief, one or more of the defendants owns and/or leases the premises where these Xfinity by Comcast stores are located.

115. 50. Upon information and belief, these Xfinity by Comcast stores are staffed by persons directly employed by Comcast, many of whom live in this District.

116. 51. Upon information and belief, one or more of the defendants has engaged in regular and established business at physical places within this District such as at these two Xfinity by Comcast stores.

117. 52. Upon information and belief, Comcast employs and/or contracts with persons and directs them to install, service, repair, and/or replace equipment, as appropriate, in this District.

118. 53. Upon information and belief, in each of these stores and/or service centers, Comcast owns and stores equipment such as cable modems and set top boxes and demonstrates services provided via those products to Comcast customers.

119. 54. Comcast has adopted and ratified the Comcast and Xfinity-branded locations identified in this District. The Comcast website advertises Comcast service packages available from Comcast-authorized retailers in this District, and prospective employees can find Comcast job listings in this District. Furthermore, the "corporate" section of Comcast's main website has a section containing "Special Information Regarding California Residents' Privacy Rights," which demonstrates that Comcast is purposefully holding itself out as providing products and services in California.

120. 55. Upon information and belief, Comcast Corp., and/or Comcast Communications, by themselves and/or through their agent, Comcast Management, provides the Accused Services throughout the United States and in this District.

121. 56. Upon information and belief, Comcast Corp. and/or Comcast Management, by themselves, and/or through their agent, Comcast Communications, sells, and offers for sale, and provides the Accused Services, the Accused Cable Modem Products and the Accused Set Top Products throughout the United States and in this District.

-21-

122. 57. The Accused Services are available for subscription from various physical stores, including those at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436.

123. 58. The devices, including the Accused Cable Modem Products and the Accused Set Top Products provided by Comcast to supply the Accused Services, are provided to customers in this District and may be obtained by customers from physical locations in this District, including those at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436.

124. 59. Venue is further proper because Comcast has committed and continues to commit acts of patent infringement in this District, including making, using, offering to sell, and/or selling Accused Services, Accused Cable Modem Products and Accused Set Top Products in this District, and/or importing the Cable Modem Products and Accused Set Top Products into, and thereafter providing Accused Services in, this District, including by Internet sales and sales via retail and wholesale stores. Furthermore, for example, Comcast deploys Accused Cable Modem Products and Accused Set Top Products to many thousands of locations (customer premises) in this District and subsequently, by means of those instrumentalities, uses the claimed inventions at those locations in this District. Comcast infringes by inducing and contributing to acts of patent infringement in this District and/or committing at least a portion of any other infringement alleged herein in this District.

125. 60. Comcast continues to conduct business in this District, including the acts and activities described in the preceding paragraph.

## COUNT I

### (Infringement of the '775 Patent)

126. 61. Entropic incorporates by reference each allegation of Paragraphs 1 through 60 the paragraphs above as if fully set forth herein.

127. 62. The '775 Patent duly issued on July 17, 2012 from an application filed September 30, 2003.

-22-

ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

128. 63. Entropic owns all substantial rights, interest, and title in and to the '775 Patent, including the sole and exclusive right to prosecute this action and enforce the '775 Patent against infringers and to collect damages for all relevant times.

129. 64. The '775 Patent generally describes a partitioned cable modem that performs cable modem functions and data and home networking functions. Functionally partitioning a cable modem to perform cable modem functions and data and home networking functions enables a cable modem to incorporate a variety of enhanced functions. A true and accurate copy of the '775 Patent is attached hereto as Exhibit 1.

130. 65. The '775 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

131. 66. The '775 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

132. 67. Comcast deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

133. 68. The Accused Cable Modem Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

134. 69. The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Comcast.

135. 70. As set forth in the attached nonlimiting claim chart (Exhibit 2), Comcast has directly infringed and is infringing at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and/or the Accused Services.

136. 71. Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

137. 72. Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

138. 73. Comcast directly infringes at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4140 cable modem) and/or the Accused Services (for example, utilizing cable modem functions).

139. 74. The use of the Accused Cable Modem Products by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claims 18 and 19 of the '775 Patent.

140. 75. Comcast had knowledge of has known of or has been willfully blind to the '775 Patent since no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022 the day before ███████████████.

141. Comcast has known of or has been willfully blind to the '775 Patent since no later than the day before investing in Entropic in or about 2006.

142. 76. Comcast has been aware that it infringes known of the '775 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022.

77. Comcast has known of or has been willfully blind to the '775 Patent since before the August 9, 2022 communication from Entropic.

143. 78. Comcast has been aware that it infringes the '775 Patent since at least as early as well before, and no later than the date of, its receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '775 Patent and its infringing activities, Comcast has failed to cease its infringing activities.

144. 79. Customers and subscribers of Comcast infringe at least Claims 18 and 19 of the '775 Patent by using the claimed system, at least during the use of the

Accused Cable Modem Products (for example, the Technicolor CGM4140 cable modem).

145. 80. Comcast actively induces customers' direct infringement. For example, Comcast actively induces infringement of at least Claims 18 and 19 of the '775 Patent by providing the Accused Cable Modem Products to Comcast customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products to infringe the '775 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. For at least the above-listed reasons, Comcast aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products to infringe at least Claims 18 and 19 of the '775 Patent.

146. 81. Comcast contributes to the customers' direct infringement. Comcast provides apparatuses, namely the Accused Cable Modem Products, that are used by customers to directly infringe at least Claims 18 and 19 of the '775 Patent.

147. 82. The Accused Cable Modem Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products to receive the Accused Services, the end user directly infringes at least Claims 18 and 19 of the '775 Patent. The Accused Cable Modem Products are especially made or especially adapted for use in an infringing manner.

148. 83. Comcast's inducement of, and contribution to, the direct infringement of at least Claims 18 and 19 of the '775 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products to Comcast customers, which enables those customers to receive the Accused Services; Comcast's provision of the Accused Services; and technical assistance provided by Comcast for equipment it provides to its customers in support of the provision of the Accused Services.

149. 84. Comcast's infringement of the '775 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

150. 85. Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

151. 86. Entropic is aware of no obligation to mark any instrumentality with the '775 Patent in accordance with 35 U.S.C. § 287.

## COUNT II

### (Infringement of the '690 Patent)

152. 87. Entropic incorporates by reference each allegation of Paragraphs 1 through 86 above as if fully set forth herein.

153. 88. The '690 Patent duly issued on October 9, 2012 from an application filed December 10, 2009, and, *inter alia* a provisional application filed May 19, 2009 and a provisional application filed December 15, 2008.

154. 89. Entropic owns all substantial rights, interest, and title in and to the '690 Patent, including the sole and exclusive right to prosecute this action and enforce the '690 Patent against infringers and to collect damages for all relevant times.

155. 90. The '690 Patent generally describes the process of generating probe transmissions in response to a request from a receiving node of a network, wherein the probe request specifies a plurality of parameters that specify content payload of the probe transmission, and a second node to receive the probe transmission, which enhances flexibility and therefore, improves the receiving node's ability to efficiently recognize the precise form of the transmitted probe. A true and accurate copy of the '690 Patent is attached hereto as Exhibit 3.

156. 91. The '690 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

157. 92. The '690 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

158. 93. Comcast deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

159. 94. The Accused Cable Modem Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

160. 95. The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Comcast.

161. 96. As set forth in the attached nonlimiting claim chart (Exhibit 4), Comcast has directly infringed and is infringing at least Claims 7, 8, 11, 15, and 16 of the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products and/or the Accused Services.

162. 97. Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

163. 98. Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

164. 99. Comcast directly infringes at least Claims 7, 8, 11, 15, and 16 of the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Technicolor CGM4140 cable modem) and/or the Accused Services (for example, performing bidirectional communication with cable modems).

165. 100. The use of the Accused Services by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claims 7, 8, 11, 15, and 16 of the '690 Patent.

166. ~~101.~~ Comcast ~~had knowledge of~~has known of or has been willfully blind to the '690 Patent no later than ~~its receipt of Entropic's communication sent to Comcast on August 9, 2022~~the day before █████████████████████

167. ~~102.~~ Comcast has ~~been aware that it infringes~~known of or has been willfully blind to the '690 Patent since no later than the date of its receipt of Entropic's communication sent to Comcast on August 9, 2022.

~~103. Comcast has known of or has been willfully blind to the '690 Patent since before the August 9, 2022 communication from Entropic.~~

168. ~~104.~~ Comcast has been aware that it infringes the '690 Patent since ~~at least as early as receipt of~~well before, and no later than the date of, Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '690 Patent and its infringing activities, Comcast has failed to cease its infringing activities.

169. ~~105.~~ Customers and subscribers of Comcast infringe at least Claims 7 and 8 of the '690 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Cable Modem Products (for example, the Technicolor CGM4140 cable modem).

170. ~~106.~~ Comcast actively induces customers' direct infringement. For example, Comcast actively induces infringement of at least Claims 7 and 8 of the '690 Patent by providing the Accused Cable Modem Products to Comcast customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products to infringe the '690 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Comcast provides the cable modem functions claimed by the '690 Patent via the Accused Services, which enable and induce its customers to directly infringe the '690 Patent. For at least the above-listed reasons, Comcast aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products to infringe at least Claims 7 and 8 of the '690 Patent.

171. ~~107.~~ Comcast contributes to the customers' direct infringement. Comcast provides apparatuses, namely the Accused Cable Modem Products, that are used by customers to directly infringe at least Claims 7 and 8 of the '690 Patent.

172. ~~108.~~ The Accused Cable Modem Products have no substantial noninfringing uses. When an end user uses the Accused Cable Modem Products to receive the Accused Services, the end user directly infringes at least Claims 7 and 8 of the '690 Patent. The Accused Cable Modem Products are especially made or especially adapted for use in an infringing manner.

173. ~~109.~~ Comcast's inducement of, and contribution to, the direct infringement of at least Claims 7 and 8 of the '690 Patent is continuous and ongoing through acts such as providing the Accused Cable Modem Products to Comcast customers, which enables those customers to receive the Accused Services; Comcast's provision of the Accused Services; and technical assistance provided by Comcast for equipment it provides to its customers in support of the provision of the Accused Services.

174. ~~110.~~ Comcast's infringement of the '690 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

175. ~~111.~~ Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

176. ~~112.~~ No apparatus claims of the '690 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT III

### (Infringement of the '008 Patent)

177. ~~113.~~ Entropic incorporates by reference each allegation of ~~Paragraphs 1 through 112~~ the paragraphs above as if fully set forth herein.

-29-

178. ~~114.~~ The '008 Patent duly issued on July 29, 2014 from an application filed September 10, 2012, and, *inter alia* a provisional application filed September 8, 2011.

179. ~~115.~~ Entropic owns all substantial rights, interest, and title in and to the '008 Patent, including the sole and exclusive right to prosecute this action and enforce the '008 Patent against infringers and to collect damages for all relevant times.

180. ~~116.~~ The '008 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal characteristics to the source of the received signal. A true and accurate copy of the '008 Patent is attached hereto as Exhibit 5.

181. ~~117.~~ The '008 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

182. ~~118.~~ The '008 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

183. ~~119.~~ Comcast deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

184. ~~120.~~ The Accused Set Top Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

185. ~~121.~~ The Accused Set Top Products operate while deployed in a manner controlled and intended by Comcast.

186. ~~122.~~ As set forth in the attached nonlimiting claim chart (Exhibit 6), Comcast has directly infringed and is infringing at least Claims 1 and 2 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

187. ~~123.~~ Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

188. 124. Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

189. 125. Comcast directly infringes at least Claims 1 and 2 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, monitoring signals by the Accused Set Top Products).

190. 126. The use of the Accused Set Top Products by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claims 1 and 2 of the '008 Patent.

127. Comcast had knowledge of the '008 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022.

191. 128. Comcast has been aware that it infringes known of or has been willfully blind to the '008 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022 the day before ███████████████████
██

192. 129. Comcast has known of or has been willfully blind to the '008 Patent since before the August 9, 2022 communication from Entropic.

193. 130. Comcast has been aware that it infringes the '008 Patent since at least as early as receipt of well before, and no later than the date of, Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '008 Patent and its infringing activities, Comcast has failed to cease its infringing activities.

194. 131. Customers and subscribers of Comcast infringe at least Claims 1 and 2 of the '008 Patent by using the claimed system, at least during the use of the Accused Set Top Products (for example, the Arris AX013ANM STB).

ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

195. 132. Comcast actively induces customers' direct infringement. For example, Comcast actively induces infringement of at least Claims 1 and 2 of the '008 Patent by providing the Accused Set Top Products to Comcast customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Set Top Products to infringe the '008 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Comcast provides the full band digital tuning and signal monitoring functions claimed by the '008 Patent via the Accused Services, which enable and induce its customers to directly infringe the '008 Patent. For at least the above-listed reasons, Comcast aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least Claims 1 and 2 of the '008 Patent.

196. 133. Comcast contributes to the customers' direct infringement. Comcast provides apparatuses, namely the Accused Set Top Products, that are used by customers to directly infringe at least Claims 1 and 2 of the '008 Patent.

197. 134. The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claims 1 and 2 of the '008 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

198. 135. Comcast's inducement of, and contribution to, the direct infringement of at least Claims 1 and 2 of the '008 Patent is continuous and ongoing through acts such as providing the Accused Set Top Products to Comcast customers, which enables those customers to receive the Accused Services; Comcast's provision of the Accused Services; and technical assistance provided by Comcast for equipment it provides to its customers in support of the provision of the Accused Services.

199. 136. Comcast's infringement of the '008 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

200. 137. Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

201. 138. Entropic is aware of no obligation to mark any instrumentality with the '008 Patent in accordance with 35 U.S.C. § 287.

## COUNT IV

### (Infringement of the '362 Patent)

202. 139. Entropic incorporates by reference each allegation of Paragraphs 1 through 138 the paragraphs above as if fully set forth herein.

203. 140. The '362 Patent duly issued on December 8, 2015 from an application filed February 5, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

204. 141. Entropic owns all substantial rights, interest, and title in and to the '362 Patent, including the sole and exclusive right to prosecute this action and enforce the '362 Patent against infringers and to collect damages for all relevant times.

205. 142. The '362 Patent generally describes a wideband receiver system that down converts a plurality of frequencies including desired television channels and undesired television channels, digitizes frequencies, selects desired television channels from the frequencies, and outputs the selected television channels to a demodulator as a digital data stream. A true and accurate copy of the '362 Patent is attached hereto as Exhibit 7.

206. 143. The '362 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

207. 144. The '362 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

208. 145. Comcast deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

-33-

209. ~~146.~~ The Accused Set Top Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

210. ~~147.~~ The Accused Set Top Products operate while deployed in a manner controlled and intended by Comcast.

211. ~~148.~~ As set forth in the attached nonlimiting claim chart (Exhibit 8), Comcast has directly infringed and is infringing at least Claim 11 of the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

212. ~~149.~~ Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

213. ~~150.~~ Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

214. ~~151.~~ Comcast directly infringes at least Claim 11 of the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels provided by Comcast).

215. ~~152.~~ The use of the Accused Set Top Products by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claim 11 of the '362 Patent.

~~153. Comcast had knowledge of the '362 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022.~~

216. ~~154.~~ Comcast has ~~been aware that it infringes~~ known of or has been willfully blind to the '362 Patent no later than ~~its receipt of Entropic's communication~~

-34-

1   sent to Comcast on August 9, 2022the day before ███████████████

2   ██

3       217.  155. Comcast has known of or has been willfully blind to the '362 Patent

4   since before the August 9, 2022 communication from Entropic.

5       218.  156. Comcast has been aware that it infringes the '362 Patent since at

6   least as early aswell before, and no later than the date of, its receipt of Entropic's

7   August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of

8   the '362 Patent and its infringing activities, Comcast has failed to cease its infringing

9   activities.

10      219.  157. Customers and subscribers of Comcast infringe at least Claim 11 of

11  the '362 Patent by using the claimed system, at least during the use of the Accused Set

12  Top Products (for example, the Arris AX013ANM STB).

13      220.  158. Comcast actively induces customers' direct infringement. For

14  example, Comcast actively induces infringement of at least Claim 11 of the '362

15  Patent by providing the Accused Set Top Products to Comcast customers with specific

16  instructions and/or assistance (including installation) regarding the use of the Accused

17  Set Top Products to infringe the '362 Patent in accordance with the ordinary course of

18  operation through the provision of the Accused Services. Comcast provides the

19  television channel digitization, selection, and output functions claimed by the '362

20  Patent via the Accused Services, which enable and induce its customers to directly

21  infringe the '362 Patent. For at least the above-listed reasons, Comcast aids, instructs,

22  supports, and otherwise acts with the intent to cause an end user to use the Accused

23  Set Top Products to infringe at least Claim 11 of the '362 Patent.

24      221.  159. Comcast contributes to the customers' direct infringement. Comcast

25  provides apparatuses, namely the Accused Set Top Products, that are used by

26  customers to directly infringe at least Claim 11 of the '362 Patent.

27      222.  160. The Accused Set Top Products have no substantial noninfringing

28  uses. When an end user uses the Accused Set Top Products to receive the Accused

-35-

Services, the end user directly infringes at least Claim 11 of the '362 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

223. 161. Comcast's inducement of, and contribution to, the direct infringement of at least Claim 11 of the '362 Patent is continuous and ongoing through acts such as providing the Accused Set Top Products to Comcast customers, which enables those customers to receive the Accused Services; Comcast's provision of the Accused Services; and technical assistance provided by Comcast for equipment it provides to its customers in support of the provision of the Accused Services.

224. 162. Comcast's infringement of the '362 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

225. 163. Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

226. 164. No apparatus claims of the '362 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT V
### (Infringement of the '826 Patent)

227. 165. Entropic incorporates by reference each allegation of Paragraphs 1 through 164 the paragraphs above as if fully set forth herein.

228. 166. The '826 Patent duly issued on November 21, 2017 from an application filed November 23, 2015, an application filed July 28, 2014, an application filed September 10, 2012, and, *inter alia* a provisional application filed September 8, 2011.

ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

229. ~~167.~~ Entropic owns all substantial rights, interest, and title in and to the '826 Patent, including the sole and exclusive right to prosecute this action and enforce the '826 Patent against infringers and to collect damages for all relevant times.

230. ~~168.~~ The '826 Patent generally describes a system that receives a signal having a plurality of channels, digitizes the received signal, and reports certain signal characteristics to the source of the received signal. A true and accurate copy of the '826 Patent is attached hereto as Exhibit 9.

231. ~~169.~~ The '826 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

232. ~~170.~~ The '826 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

233. ~~171.~~ Comcast deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

234. ~~172.~~ The Accused Set Top Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

235. ~~173.~~ The Accused Set Top Products operate while deployed in a manner controlled and intended by Comcast.

236. ~~174.~~ As set forth in the attached nonlimiting claim chart (Exhibit 10), Comcast has directly infringed and is infringing at least Claim 1 of the '826 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

237. ~~175.~~ Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

238. ~~176.~~ Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

239. ~~177.~~ Comcast directly infringes at least Claim 1 of the '826 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, monitoring signals by the Accused Set Top Products).

240. ~~178.~~ The use of the Accused Set Top Products by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claim 1 of the '826 Patent.

~~179. Comcast had knowledge of the '826 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022.~~

241. ~~180.~~ Comcast has ~~been aware that it infringes~~ known of or has been willfully blind to the '826 Patent no later than ~~its receipt of Entropic's communication sent to Comcast on August 9, 2022~~ the day before ████████████████████ ██

242. ~~181.~~ Comcast has known of or has been willfully blind to the '826 Patent since before the August 9, 2022 communication from Entropic.

243. ~~182.~~ Comcast has been aware that it infringes the '826 Patent since ~~at least as early as~~ well before, and no later than the date of, its receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '826 Patent and its infringing activities, Comcast has failed to cease its infringing activities.

244. ~~183.~~ Customers and subscribers of Comcast infringe at least Claim 1 of the '826 Patent by using the claimed system, at least during the use of the Accused Set Top Products (for example, the Arris AX013ANM STB).

245. ~~184.~~ Comcast actively induces customers' direct infringement. For example, Comcast actively induces infringement of at least Claim 1 of the '826 Patent by providing the Accused Set Top Products to Comcast customers with specific

-38-

instructions and/or assistance (including installation) regarding the use of the Accused Set Top Products to infringe the '826 Patent in accordance with the ordinary course of operation through the provision of the Accused Services. Comcast provides the signal monitoring claimed by the '826 Patent via the Accused Services, which enable and induce its customers to directly infringe the '826 Patent. For at least the above-listed reasons, Comcast aids, instructs, supports, and otherwise acts with the intent to cause an end user to use the Accused Set Top Products to infringe at least Claim 1 of the '826 Patent.

246.   185. Comcast contributes to the customers' direct infringement. Comcast provides apparatuses, namely the Accused Set Top Products, that are used by customers to directly infringe at least Claim 1 of the '826 Patent.

247.   186. The Accused Set Top Products have no substantial noninfringing uses. When an end user uses the Accused Set Top Products to receive the Accused Services, the end user directly infringes at least Claim 1 of the '826 Patent. The Accused Set Top Products are especially made or especially adapted for use in an infringing manner.

248.   187. Comcast's inducement of, and contribution to, the direct infringement of at least Claim 1 of the '826 Patent is continuous and ongoing through acts such as providing the Accused Set Top Products to Comcast customers, which enables those customers to receive the Accused Services; Comcast's provision of the Accused Services; and technical assistance provided by Comcast for equipment it provides to its customers in support of the provision of the Accused Services.

249.   188. Comcast's infringement of the '826 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

250.   189. Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic

for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

251. ~~190.~~ No apparatus claims of the '826 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT VI

### (Infringement of the '682 Patent)

252. ~~191.~~ Entropic incorporates by reference each allegation of ~~Paragraphs 1 through 190~~ the paragraphs above as if fully set forth herein.

253. ~~192.~~ The '682 Patent duly issued on November 20, 2018 from an application filed January 9, 2018, an application filed February 16, 2017, an application filed August 4, 2016, an application filed July 23, 2013, and, *inter alia* a provisional application filed July 23, 2012.

254. ~~193.~~ Entropic owns all substantial rights, interest, and title in and to the '682 Patent, including the sole and exclusive right to prosecute this action and enforce the '682 Patent against infringers and to collect damages for all relevant times.

255. ~~194.~~ The '682 Patent generally describes a method performed by a cable modem termination system and/or converged cable access platform, the method including determining a corresponding signal-to-noise-ratio ("SNR") related metric, assigning cable modems to service groups based on a respective corresponding SNR-related metric, generating a composite SNR-related metric based on a worst-case SNR profile, selecting a physical layer communication parameter to be used for communicating with a service group based on a composite SNR-related metric, and communicating with cable modems in the service group using the selected physical layer communication parameter. A true and accurate copy of the '682 Patent is attached hereto as Exhibit 11.

256. ~~195.~~ The '682 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

-40-
ORIGINAL FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

257. ~~196.~~ The '682 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

258. ~~197.~~ Comcast deploys one or more of the Accused Cable Modem Products in connection with operating and providing the Accused Services.

259. ~~198.~~ The Accused Cable Modem Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

260. ~~199.~~ The Accused Cable Modem Products operate while deployed in a manner controlled and intended by Comcast.

261. ~~200.~~ As set forth in the attached nonlimiting claim chart (Exhibit 12), Comcast has directly infringed and is infringing at least Claim 1 of the '682 Patent by using, importing, selling, and/or offering for sale the Accused Services.

262. ~~201.~~ Each aspect of the functioning of the Accused Cable Modem Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

263. ~~202.~~ Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Cable Modem Products while deployed to customer premises.

264. ~~203.~~ Comcast directly infringes at least Claim 1 of the '682 Patent by using, importing, selling, and/or offering for sale the Accused Services, which utilize cable modem termination systems and/or converged cable access platforms that communicate with the Accused Cable Modem Products (for example, the Technicolor CGM4140 cable modem).

265. ~~204.~~ The use of the Accused Services by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claim 1 of the '682 Patent.

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

205.   Comcast had knowledge of the '682 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022.

266.   206. Comcast has been aware that it infringes known of or has been willfully blind to the '682 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022 the day before █████████████████ █

267.   207. Comcast has known of or has been willfully blind to the '682 Patent since before the August 9, 2022 communication from Entropic.

268.   208. Comcast has been aware that it infringes the '682 Patent since at least as early as well before, and no later than the date of, its receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '682 Patent and its infringing activities, Comcast has failed to cease its infringing activities.

269.   209. Comcast's infringement of the '682 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

270.   210. Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

271.   211. No apparatus claims of the '682 Patent are presently asserted. Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

## COUNT VII

### (Infringement of the '866 Patent)

272.   212. Entropic incorporates by reference each allegation of Paragraphs 1 through 211 the paragraphs above as if fully set forth herein.

273.   213. The '866 Patent duly issued on July 5, 2022 from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June

4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

274. 214. Entropic owns all substantial rights, interest, and title in and to the '866 Patent, including the sole and exclusive right to prosecute this action and enforce the '866 Patent against infringers and to collect damages for all relevant times.

275. 215. The '866 Patent generally describes a cable television device that digitizes an entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. A true and accurate copy of the '866 Patent is attached hereto as Exhibit 13.

276. 216. The '866 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

277. 217. The '866 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

278. 218. Comcast deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

279. 219. The Accused Set Top Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

280. 220. The Accused Set Top Products operate while deployed in a manner controlled and intended by Comcast.

281. 221. As set forth in the attached nonlimiting claim chart (Exhibit 14), Comcast has directly infringed and is infringing at least Claim 27 of the '866 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products and/or the Accused Services.

282. 222. Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

283. 223. Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

284. 224. Comcast directly infringes at least Claim 27 of the '866 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

285. 225. The use of the Accused Set Top Products by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street, Suite B, Lompoc, California 93436, or to, for example, test those products, constitute acts of direct infringement of at least Claim 27 of the '866 Patent.

226. Comcast had knowledge of the '866 Patent no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022.

286. 227. Comcast has been aware that it infringes known of or has been willfully blind to the '362 family, of which the '866 Patent is a member, no later than its receipt of Entropic's communication sent to Comcast on August 9, 2022 the day before ▮▮▮▮▮▮▮▮▮▮

287. 228. Comcast has known of or has been willfully blind to the '866 Patent since before the August 9, 2022 communication from Entropic.

288. 229. Comcast has been aware that it infringes the '866 Patent since at least as early as well before, and no later than the date of, its receipt of Entropic's August 9, 2022 communication, attached as Exhibit 17. Since obtaining knowledge of the '866 Patent and its infringing activities, Comcast has failed to cease its infringing activities.

1     289. 230. Customers and subscribers of Comcast infringe at least Claim 27 of

2 the '866 Patent by using the claimed system, at least during the use of the Accused Set

3 Top Products (for example, the Arris AX013ANM STB).

4     290. 231. Comcast actively induces customers' direct infringement. For

5 example, Comcast actively induces infringement of at least Claim 27 of the '866

6 Patent by providing the Accused Set Top Products to Comcast customers with specific

7 instructions and/or assistance (including installation) regarding the use of the Accused

8 Set Top Products to infringe the '866 Patent in accordance with the ordinary course of

9 operation through the provision of the Accused Services. For at least the above-listed

10 reasons, Comcast aids, instructs, supports, and otherwise acts with the intent to cause

11 an end user to use the Accused Set Top Products to infringe at least Claim 27 of the

12 '866 Patent.

13     291. 232. Comcast contributes to the customers' direct infringement. Comcast

14 provides apparatuses, namely the Accused Set Top Products, that are used by

15 customers to directly infringe at least Claim 27 of the '866 Patent.

16     292. 233. The Accused Set Top Products have no substantial noninfringing

17 uses. When an end user uses the Accused Set Top Products to receive the Accused

18 Services, the end user directly infringes at least Claim 27 of the '866 Patent. The

19 Accused Set Top Products are especially made or especially adapted for use in an

20 infringing manner.

21     293. 234. Comcast's inducement of, and contribution to, the direct

22 infringement of at least Claim 27 of the '866 Patent is continuous and ongoing

23 through acts such as providing the Accused Set Top Products to Comcast customers,

24 which enables those customers to receive the Accused Services; Comcast's provision

25 of the Accused Services; and technical assistance provided by Comcast for equipment

26 it provides to its customers in support of the provision of the Accused Services.

27

28

294. ~~235.~~ Comcast's infringement of the '866 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

295. ~~236.~~ Entropic has been damaged as a result of the infringing conduct alleged above. Comcast is liable to Entropic in an amount that compensates Entropic for Comcast's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

296. ~~237.~~ Entropic is aware of no obligation to mark any instrumentality with the '866 Patent in accordance with 35 U.S.C. § 287.

## COUNT VIII

### (Infringement of the '206 Patent)

297. ~~238.~~ Entropic incorporates by reference each allegation of ~~Paragraphs 1 through 237~~ the paragraphs above as if fully set forth herein.

298. ~~239.~~ The '206 Patent duly issued on July 26, 2022 from an application filed January 28, 2022, an application filed March 30, 2021, an application filed June 4, 2019, an application filed October 24, 2017, an application filed November 23, 2015, an application filed February 10, 2015, an application filed August 8, 2013, an application filed April 19, 2010, and, *inter alia* a provisional application filed April 17, 2009.

299. ~~240.~~ Entropic owns all substantial rights, interest, and title in and to the '206 Patent, including the sole and exclusive right to prosecute this action and enforce the '206 Patent against infringers and to collect damages for all relevant times.

300. ~~241.~~ The '206 Patent generally describes a receiver system that receives an input signal from a cable network, digitizes the entire input signal, concurrently selects a plurality of desired channels from the digitized input signal without selecting any undesired channels, and provides the plurality of desired channels. A true and accurate copy of the '206 Patent is attached hereto as Exhibit 15.

301. ~~242.~~ The '206 Patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

302. ~~243.~~ The '206 Patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

303. ~~244.~~ Comcast deploys one or more of the Accused Set Top Products in connection with operating and providing the Accused Services.

304. ~~245.~~ The Accused Set Top Products deployed by Comcast to customer premises remain the property of Comcast while deployed.

305. ~~246.~~ The Accused Set Top Products operate while deployed in a manner controlled and intended by Comcast.

306. ~~247.~~ As set forth in the attached nonlimiting claim chart (Exhibit 16), Comcast has directly infringed and is infringing at least Claim 25 of the '206 Patent by using, selling, and/or offering for sale the Accused Services through the Accused Set Top Products.

307. ~~248.~~ Each aspect of the functioning of the Accused Set Top Products described in the claim chart operates while deployed to customer premises in a manner controlled and intended by Comcast.

308. ~~249.~~ Comcast provides no software, support, or other facility to customers to modify any aspect of the functioning described in the claim chart of the Accused Set Top Products while deployed to customer premises.

309. ~~250.~~ Comcast directly infringes at least Claim 25 of the '206 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Arris AX013ANM STB) and/or the Accused Services (for example, digitizing and selecting desired television channels from an input signal).

310. ~~251.~~ The use of the Accused Services through the Accused Set Top Products by Comcast to, for example, demonstrate products in brick-and-mortar stores at 685 East Betteravia Rd., Santa Maria, California, 93454; and 1145 N. H Street,

1   Suite B, Lompoc, California 93436, or to, for example, test those products, constitute
2   acts of direct infringement of at least Claim 25 of the '206 Patent.

3       311.   252. Customers and subscribers of Comcast infringe at least Claim 25 of
4   the '206 Patent by using the claimed method, at least during receipt of the Accused
5   Services utilizing, for example, the Accused Set Top Products (for example, the Arris
6   AX013ANM STB).

7       312.   253. The Accused Set Top Products have no substantial noninfringing
8   uses. When an end user uses the Accused Set Top Products to receive the Accused
9   Services, the end user directly infringes at least Claim 25 of the '206 Patent. The
10  Accused Set Top Products are especially made or especially adapted for use in an
11  infringing manner.

12      313.   254. Entropic has been damaged as a result of the infringing conduct
13  alleged above. Comcast is liable to Entropic in an amount that compensates Entropic
14  for Comcast's infringement, which by law cannot be less than a reasonable royalty,
15  together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16      314.   255. No apparatus claims of the '206 Patent are presently asserted.
17  Accordingly, there is no duty to mark pursuant to 35 U.S.C. § 287.

18      315.   Comcast has known of or has been willfully blind to the '362 family, of
19  which the '206 Patent is a member, no later than the day before ████████████████
20  ███████████

21      316.   Since obtaining knowledge of the '362 family, of which the '206 Patent
22  is a member, and its infringing activities, Comcast has failed to cease its infringing
23  activities.

24      317.   Comcast's infringement of the '206 Patent is, has been, and continues to
25  be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights
26  under the patent.

27

28

-48-
ORIGINALFIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## **PRAYER FOR RELIEF**

WHEREFORE, Entropic requests that:

A.    The Court find that Comcast has directly infringed the Patents-in-Suit and hold Comcast liable for such infringement;

B.    The Court find that Comcast has indirectly infringed the Patents-in-Suit by inducing its customers to directly infringe the Patents-in-Suit and hold Comcast liable for such infringement;

C.    The Court find that Comcast has indirectly infringed the Patents-in-Suit by contributing to its customers' direct infringement of the Patents-in-Suit and hold Comcast liable for such infringement;

D.    The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Entropic for Comcast's past infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

E.    The Court find that Comcast willfully infringed the Patents-in-Suit, and increase the damages to be awarded to Entropic by three times the amount found by the jury or assessed by the Court;

F.    The Court declare that this is an exceptional case entitling Entropic to its reasonable attorneys' fees under 35 U.S.C. § 285; and

G.    The Court award such other relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Entropic hereby requests a trial by jury on all issues raised by this Complaint.

Dated:  June 6, 2023                          Respectfully submitted,

By: */s/ Christina GoodrichConnor J. Meggs*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)

-49-

connor.meggs@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James Shimota (*pro hac vice* forthcoming)
Jason Engel (*pro hac vice* forthcoming)
George C. Summerfield (*pro hac vice* forthcoming)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com

Darlene F. Ghavimi (*pro hac vice* forthcoming)
**K&L GATES LLP**
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

-50-

~~ORIGINAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 6/6/2023 8:47:56 PM | |
|---|---|
| **Style name:** KL Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Comcast Complaint (Non-SEP)  USE  Active01  313575810  11.DOCX | |
| **Modified filename:** Comcast Complaint (Non-SEP) 06 05 23 (FINAL WITH HIGHLIGHTS).docx | |
| **Changes:** | |
| Add | 450 |
| Delete | 296 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 750 |