Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants.

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | CASE NO. 2:23-CV-01048-JWH-KES <br> CASE NO. 2:23-CV-01050-JWH-KES <br><br> Assigned to Hon. John W. Holcomb <br><br> **COMCAST DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL REGARDING COMCAST DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) OR 12(B)(6) IN THE ALTERNATIVE** <br><br> Local Rule 79-5.2.2 <br><br> [Filed concurrently with Sealed Declaration of Krishnan Padmanabhan, and Proposed Order] |

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2(a) of the United States District Court for the Central District of California, defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (all collectively "Defendants" or "Comcast") hereby request that this Court enter an order permitting them to file under seal:

| Document | Portion to be Sealed |
|---|---|
| Notice of Motion and Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss | Pages (as numbered at the bottom of the page): 22, 24, 26, 29, 36 |
| Exhibit A to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit Q to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit S to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit T to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |
| Exhibit U to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |

| | |
|---|---|
| Exhibit V to the Memorandum of Points and Authorities in support of Comcast Defendants' Motion to Dismiss | Entirety |

Defendants bring this application as required by the Local Rules. Defendants seek to file their concurrently-filed Motion to Dismiss and Exhibits A, Q, S, T, U, and V to the Motion to Dismiss under seal because they contain confidential and highly sensitive business information which, if made public, could be detrimental to both parties.

Defendants' counsel has informed Entropic's counsel of Defendants' intent to file this application. *See* Padmanabhan Declaration filed concurrently herewith at ¶ 3. Entropic indicated that it does not oppose Defendants' application to seal.

## I. FACTUAL BACKGROUND

On August 2020, Comcast entered into a vendor services agreement ("VSA") with MaxLinear, Inc. ("MaxLinear"), a supplier of semiconductor components for Comcast's cable equipment.

On June 5, 2023, Plaintiff filed sealed First Amended Complaints ("FACs") along with an application to file under seal in Case No. 2:23-cv-01048 ("1048") and 2:23-cv-01050 ("1050). *See* 1048, Dkt. Nos. 67, 68, 69; 1050, Dkt. Nos. 63, 64, 65.

## II. COMPELLING REASONS EXIST TO FILE UNDER SEAL

In evaluating a motion to seal documents filed with the court, the district court is required to "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 602 (1978). Although courts recognize a general right to inspect and copy public records, they also recognize that "access to judicial records is not absolute." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party may apply to seal judicial records if it is able to "articulate compelling reasons supported by specific factual findings" to outweigh the general history of access and the public policies that

favor disclosure of the judicial records. *Id.* at 1178-79 (internal quotes omitted). The court may then seal the records if it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. of Auto Safety v. Chrysler Group, LLC*, 809 F.3 1092, 1096-1097 (9th Cir. 2016). Although it is in the sound discretion of the trial court to determine what constitutes a "compelling reason," courts have repeatedly found compelling reasons to seal court records when the records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

Numerous courts in this Circuit have approved applications to seal documents containing confidential business information, including confidential agreements that disclose contractual terms, where public disclosure of such information could result in competitive harm. *See e.g.*, *Instant Brands, Inc. v. DSV Sols., Inc.*, Case No. EDCV 20-299 JGB (KKx), 2020 WL 7872200, at *2 (C.D. Cal. June 11, 2020) (granting motion to seal in where documents "detail a confidential commercial agreement between parties and other sensitive commercial information"); *see also Coffelt v. Kroger Co.*, Case No. EDCV 16-01471 JGB (KKx), 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (finding compelling reasons to seal documents containing "confidential information that implicates policies procedures, business practices, agreements, processes and pricing information"); *Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-05808-HSG, 2016 WL 7429304, at *3 (N.D. Cal. Feb. 9, 2016) (granting application to seal redacted portions of an opposition related to confidential financial information, strategic business considerations, potential acquisition of businesses, and confidential agreements that disclose contractual terms); *Bauer Bros. LLC v. Nike, Inc.*, Case No. 09-cv-500-WQH-BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (granting request to seal documents, including documents reflecting business agreements, or containing marketing information, product development strategies, or non-public, highly confidential financial data, because such information could be used for improper

purposes by competitors); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) ("confidential business information" in the form of "business strategies" are sealable under the compelling reasons standard).

Courts in this Circuit have repeatedly found that, if made public, "the content of [a party's] settlement discussions would likely harm its competitive standing." *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *2 (D. Ariz. Nov. 29, 2021). Courts have also found compelling reasons to seal documents discussing negotiations between parties based on Fed. R. Evid. 408 and its underlying purpose to promote negotiations that lead to settlements or other agreements that keep disputes, such as that in the present case, out of court. *See Microsoft v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov. 12, 2012) (quoting *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir.1982)) (sealing settlement negotiations related to party's standard essential patent portfolios because "the purpose of Federal Rule of Evidence 408 is to encourage the compromise and settlement of existing disputes . . . [and] '[b]y preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement'"); *BBK Tobacco & Foods LLP*, 2021 WL 5578864, at *2 ("Likewise, courts have frequently held that settlement discussions and negotiations meet the compelling reasons standard."); *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) (sealing documents referencing "confidential settlement discussions, negotiations between Plaintiff and a third party concerning a potential license for Plaintiff's trademarks, and direct quotations from emails referencing the same private discussions"). Further, the ultimate determination of the court in a case "will have little relevance to what the parties discussed behind closed doors during settlement." *Microsoft*, 2012 WL 5476846, at *2. Therefore, "the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing

what was discussed in those settlement negotiations." *Id.*

Courts have also found that the possible effects on competition resulting from public disclosure of information relating to personnel, corporate structure, and business operations outweigh the general public's interest in such information. *Rich v. Shrader*, Case No. 09cv652 AJB (BGS), 2013 WL 6028305, at *2 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to file under seal where the documents contained information that "[i]f disseminated, . . . Booz Allen's competitors would gain access to operational and personnel information, projections and modeling, and strategic positioning vis-a-vis its competitors" and "allow[] competitors to 'piece together portions of [Booz Allen's] proprietary review system and employee development system'" whereas "the public would receive little benefit from the information contained therein, and gain little insight into the judicial process").

Exhibit A to Defendants' motion to dismiss is the VSA between Comcast and MaxLinear. The information contained in the VSA is not generally known by or available to the public and is covered by a strict confidentiality provision contained in the VSA. Public disclosure of the information contained in Exhibit A would give competitors and potential vendors an unfair business advantage. For example, competitors and vendors would have access to the previously-negotiated terms, definitions, and restrictions pursuant to which Comcast structured its vendor agreement with MaxLinear, enabling them to use this information to undercut Comcast's in current and future negotiations. The harm that Comcast would suffer to its competitive position from the release of this confidential business information outweighs the public's interest in access to such documents.

Along with the FACs, Plaintiff previously filed an application to seal. *See* 1048, Dkt.. 68, 69; 1050, Dkt.. 64, 65. Defendants' Motion to Dismiss quotes or discusses information that was previously filed under seal pursuant to this application (including discussions of the terms of confidential agreements).

Defendants' Motion to Dismiss, and Exhibits S, T, U and V attached thereto,

which Defendants seek to file under seal, are letters exchanged between the parties and their counsel containing confidential communications related to negotiation and resolution. These letters were prepared as confidential pursuant to Fed. R. Evid. 408 "[t]o facilitate open and fruitful discussions" regarding negotiation and resolution. *See e.g.*, Ex. C at 2.  These are precisely the sort of "compelling reasons" that justify filing documents under seal, as allowing this information to become public would reveal confidential discussions between Entopic and Comcast regarding negotiation and resolution.  Allowing the private and sensitive negotiation related communications of the parties to become public would be highly prejudicial to both parties. Fed. R. Evid. 408; *Van v. Language Line Servs., Inc.*, No. 14-cv-03791-LHK, 2016 WL 3566980, at *6 (N.D. Cal. June 30, 2016) (Fed R. Evid. 408 "requires exclusion of evidence regarding any discussion of settlement offers or agreements . . .").  Further, because these letters cannot be suitably redacted to eliminate the production of confidential information, there are compelling reasons to seal Exhibits S, T, U, and V in their entirety. Exhibit Q contains information about the organizational structure and ownership interests of not only the Comcast Defendants, but more than thirty (30) of its subsidiaries as well as entities unaffiliated with Comcast that have interests in those subsidiaries. If made publicly available this information could provide competitors with useful corporate structure and personnel information, not only about the Comcast Defendants, but about all of their subsidiaries as well as unaffiliated entities, some of which are privately held. *See Cosmos Granite (West), LLC v. Minagrex Corp.*, Case No. C19-1697RSM, 2021 WL 3207411, at *1 (W.D. Wash. July 29, 2021) (finding compelling reasons for sealing exhibit of organizational chart because it "contains confidential and proprietary business information relating to the ownership and control of Plaintiff, a non-public company"). Further, the general public stands to glean little benefit or insight into the judicial process from the information contained in Exhibit Q. Therefore, there are compelling reasons to seal Exhibit Q.

    Portions of Defendants' Motion to Dismiss quote from Exhibits S, T, U, and V

attached thereto, and these portions should be sealed for the same reasons as Exhibits S, T, U, and V.  Accordingly, Defendants submit a proposed redacted version of their Motion to Dismiss herewith, with the redactions limited to quotes from Exhibits S, T, U, and V.

For the foregoing reasons, compelling reasons exist for filing under seal (i) Exhibit A to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (ii) Exhibit Q to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (iii) Exhibit S to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (iv) Exhibit T to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (v) Exhibit U to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; (vi) Exhibit V to the Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss; and (vii) an unredacted version of Defendants' concurrently filed Motion to Dismiss.

Accordingly, Defendants hereby respectfully request that the Court grant this sealing application.

Dated:  June 20, 2023

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan (SB: 254220)
kpadmanabhan@winston.com
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**Winston & Strawn LLP**
1901 L Street NW
Washington, D.C. 20036
Phone: 202-282-5000
Fax: 202-282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com

1
2
3

**Winston & Strawn LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Phone: 312-558-5600
Fax: 312-558-5700

4

*Attorneys for Comcast Defendants.*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28