Christina Goodrich (SBN 261722)
Christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION; *et al.*,<br><br>    Defendants. | Case No.: 2:23-cv-01050-JWH-KES<br><br>[Assigned to the Hon. John W. Holcomb]<br><br>**DECLARATION OF NICHOLAS F. LENNING IN SUPPORT OF ENTROPIC'S *EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE (AND RELATED BRIEFING SCHEDULE) ON DEFENDANTS' MOTION TO DISMISS [ECF NO. 83]**<br><br>Current Date of Mot. to Dismiss: July 21, 2023<br><br>Time: 9:00 AM<br><br>Location: Courtroom 9D<br><br>Current Opposition Deadline: June 30, 2023 |

**DECLARATION OF NICHOLAS F. LENNING**

## DECLARATION OF NICHOLAS F. LENNING

I, Nicholas F. Lenning, declare as follows:

1. I am an attorney duly authorized to practice law before the United States District Court for the Central District of California by virtue of my *pro hac vice* admission. I am a Partner with the law firm of K&L Gates LLP, and I am counsel of record for Plaintiff Entropic Communications, LLC ("Entropic") in the above-captioned matter. I submit this declaration in support of Plaintiff's *Ex Parte* Application to Conduct Jurisdictional Discovery and Continue Hearing Date For Defendants' Motion to Dismiss.

2. I have personal knowledge of each of the facts set forth herein, and could and would competently testify thereto if called upon to do so.

3. Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC ("Comcast") filed their Motion to Dismiss on June 20, 2023.

4. At around noon on June 22, (approximately 36 hours after Comcast filed its Motion), I notified Comcast of Entropic's intention to seek jurisdictional discovery and a continuance of the hearing (and related briefing schedule) on the Motion and requested a meet and confer to try to resolve this request without the need for this Application. Comcast's counsel responded in writing that they were not available to confer until noon the following day (June 23) but did not note their position. As a professional courtesy, Entropic agreed to delay filing the Application in the hopes that counsel could agree. Counsel for both Parties met and conferred telephonically on June 23 at 12:00 p.m. (Pacific), during which Entropic notified Comcast of the relief requested and the grounds for this Application. Comcast indicated that it opposed, and sent Entropic a sentence to insert into the application on Comcast's position, which Entropic did. Attached hereto as **Exhibit A** is a true and correct copy of this email conversation.

5. I conferred telephonically with counsel for Comcast on June 23, 2023 regarding Entropic's request for jurisdictional discovery and that the hearing date on Comcast's Motion to Dismiss be continued. I explained that, without conducting jurisdictional discovery, Entropic would be left with no means to obtain necessary evidence on the issue of subject matter jurisdiction, particularly the validity, termination, and scope of the Vendor Support Agreement that Comcast asserts deprives this Court of subject matter jurisdiction. I also explained that Entropic believes it is every party's interest for the hearing to be continued until after Comcast's preliminary injunction is resolved, which will determine whether Comcast is likely to succeed on its claims as to the validity and effectiveness of the VSA. Unfortunately, counsel for Comcast did not agree to Entropic's request. Therefore, Entropic had no choice but to file the instant Application.

6. Comcast refused Entropic's request for jurisdictional discovery despite having agreed to discovery on the same issue in another proceeding. Attached hereto as **Exhibit B** is a true and correct copy of a letter filed in *Comcast Cable Commc'ns Mgmt., LLC v. MaxLinear, Inc.* (ECF No. 31), No. 1:23-cv-04436-AKH (S.D.N.Y. June 15, 2023). I obtained this letter by downloading it from the Southern District of New York's electronic filing system.

7. During our meet and confer call, counsel for Comcast informed me that Comcast would oppose the instant Application. Following the meet and confer, counsel for Comcast sent me the following statement: "Comcast opposes Entropic's *ex parte* application on the basis that Entropic waited to seek this relief and created the emergency, and on the basis that there is no merit to Entropic's request for jurisdictional discovery or to stay the July 21 hearing."

8. Without conducting jurisdictional discovery, Entropic will be left with no means to obtain necessary evidence to support its interpretation of the VSA, to

**DECLARATION OF NICHOLAS F. LENNING**

support its arguments that the VSA is invalid and unenforceable, and to support its argument that MaxLinear's termination of the VSA was effective.

9. Comcast has long had notice of Entropic's intent to seek jurisdictional discovery. At a hearing before this Court on June 9, 2023, my colleague stated Entropic's intent to seek jurisdictional discovery regarding the scope and purpose of the VSA. We reiterated this intention during a meet and confer with counsel for Comcast that took place on June 12, 2023. We also raised the possibility of jurisdictional discovery at prior meet and confer with Comcast on May 8, 2023.

10. Attached hereto as **Exhibit C** is a true and correct copy of Comcast's Complaint in *Comcast Cable Commc'ns Mgmt., LLC v. MaxLinear, Inc.* (ECF No. 10), No. 1:23-cv-4436-AKH (S.D.N.Y. May 26, 2023). I obtained this document by downloading it from the Southern District of New York's electronic filing system.

11. Attached hereto as **Exhibit D** is a true and correct copy of Comcast's Memorandum of Law in Support of Plaintiffs' Application for a Preliminary Injunction and Temporary Restraining Order in *Comcast Cable Commc'ns Mgmt., LLC v. MaxLinear, Inc.* (ECF No. 10), No. 1:23-cv-4436-AKH (S.D.N.Y. May 30, 2023). I obtained this document by downloading it from the Southern District of New York's electronic filing system.

12. The Scheduling Conference in this case was initially set for June 30, 2023. At the request of counsel for one of the defendants in the related cases, all of the parties to this case and the related cases agreed to request the Court continue the Scheduling Conference July 21, 2023. The Court granted that request. My colleague reached out to counsel for Comcast and the other defendants to schedule the Rule 26 conference of counsel. Counsel for defendants asked that we hold the conference the week of June 20 given that the parties had agreed to request the continuance of the June 30 hearing. Even though we (Entropic's counsel) would have preferred to proceed with an earlier conference of counsel, we agreed and the

**DECLARATION OF NICHOLAS F. LENNING**

parties ultimately agreed to conduct the conference on June 23 at 10:00 a.m. Pacific. That conference occurred as scheduled and, as a result, discovery is open for the first time as of today. Comcast and Entropic, however, have not yet agreed on limits to individual and consolidated written discovery or the number of allotted deposition hours per party.  Thus, Entropic would like permission to take jurisdictional discovery, which would not count toward the limits the parties otherwise agree to or propose in their Joint Rule 26 Report.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

Executed this 23rd day of June, 2023 at Seattle, Washington.

Nicholas F. Lenning

**DECLARATION OF NICHOLAS F. LENNING**