Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Case No.:  2:23-cv-01050-JWH-KES |
| Plaintiff, | [Assigned to the Hon. John W. Holcomb] |
| vs. | |
| COMCAST CORPORATION; *et al.*, | **ENTROPIC'S *EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE (AND RELATED BRIEFING SCHEDULE) ON DEFENDANTS' MOTION TO DISMISS [ECF NO. 76]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF NICHOLAS F. LENNING; [PROPOSED] ORDER** |
| Defendants. | |
| | Current Date of Mot. to Dismiss:    July 21, 2023 |
| | Time:                9:00 AM |
| | Location:           Courtroom 9D |
| | Current Opposition Deadline:         June 30, 2023 |

---

***EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**
2    **RECORD:**

3    **PLEASE TAKE NOTICE** that, pursuant to Local Rules 7-11 and 7-19, Plaintiff
4    Entropic Communications, LLC ("Plaintiff" or "Entropic") will, and hereby does,
5    respectfully submit this *Ex Parte* Application to allow Entropic to conduct jurisdictional
6    discovery and to continue the hearing and related briefing schedule for the Motion to
7    Dismiss [83] filed by Defendants Comcast Corporation, Comcast Cable
8    Communications, LLC, and Comcast Cable Communications Management, LLC
9    (collectively, "Defendants" or "Comcast"). Specifically, Entropic seeks limited
10   discovery, similar in scope to which Comcast already has agreed in a different litigation
11   over the same contract and to continue the hearing until after the court in that litigation
12   imminently rules on whether the contract at issue is valid, enforceable, and in effect, or
13   whether it was terminated.

14   Comcast recently filed a Motion to Dismiss for failure to state a claim and lack
15   of subject matter jurisdiction. (ECF No. 76.) The basis for that motion is an ████
16   ███████████████████████████████████████████████████████
17   ████████████████████████████████████████ Entropic is
18   not a party ██████████████████████████████████████████
19   ███████████████████████████████████████████████████████
20   ███████████████████████████████████████████████████████
21   ███████████████████████████████████████████████████████
22   ███████████████████████████████████████████████████████
23   ████████████████████████████ The Court likely will have to address numerous
24   issues of contract interpretation to resolve the motion. Before filing the instant motion,
25   Comcast sued MaxLinear over MaxLinear's termination of the VSA in the Southern
26   District of New York. A hearing to resolve Comcast's preliminary injunction
27   application is expected in August. Comcast is seeking a ruling that MaxLinear's

28

**_EX PARTE_ APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND
CONTINUE HEARING DATE**

termination was ineffective and the VSA remains in force, and MaxLinear is expected to argue that the termination was effective and may also argue that the VSA was not a valid contract to begin with. Comcast already has agreed to discovery and a briefing schedule in that case.

Because Entropic's deadline to respond to Comcast's Motion to Dismiss is rapidly approaching, Entropic respectfully requests that this Court continue the hearing to permit: (1) Entropic to conduct limited jurisdictional discovery related to the interpretation of the VSA; and (2) the SDNY Court to resolve Comcast's preliminary injunction motion and determine whether the VSA has been terminated or whether it remains in effect, or whether it was ever a valid contract in the first place—a ruling that could potentially resolve Comcast's motion entirely. Absent this relief, Entropic will suffer irreparable prejudice without discovery (much of which Comcast already has access to, or will because it is conducting discovery in SDNY) and there also will be substantial risk of conflicting rulings because this Court necessarily must hold ███████ ████████████████████████████████████████████████████████████████████

Entropic cannot seek the requested relief via a regularly noticed motion because the hearing on such motion would occur after Comcast's Motion to Dismiss would be fully briefed and heard. Entropic was diligent in assessing Comcast's Motion to Dismiss when it was filed late at night on June 20, 2023, evaluating the need for jurisdictional discovery and a hearing continuance, and promptly contacted Comcast's counsel to notify it of their intent to seek such relief. Moreover, Entropic could not have engaged in discovery before June 23 because that is the date on which the parties conducted their Rule 26 conference of counsel, thereby opening discovery. Entropic sought to hold that conference at an earlier date, but agreed to continue the hearing on the Scheduling Conference to accommodate counsel for another party and, after that continuance, defendants' counsel asked that the Rule 26 conference of counsel occur the week of June 20.

*EX PARTE* **APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

This Application is based on the accompanying Memorandum of Points and Authorities, the Declaration of Nicholas Lenning, and such further argument or evidence as the Court may entertain at or before the hearing on the *Ex Parte* Application.

Pursuant to Local Rule 7-19.1, Entropic's counsel gave written notice of its intention to file this Application on June 22, 2023. (Lenning Decl., at ¶ 4.) At around noon on June 22, (approximately 36 hours after Comcast filed its Motion), counsel for Entropic notified Comcast of its intention to seek jurisdictional discovery and a continuance of the hearing on the Motion and requested a meet and confer to try to resolve this request without the need for this Application. (*Id.*) Comcast's counsel responded in writing that they were not available until to confer until noon the following day (June 23), and as a professional courtesy, Entropic agreed to delay filing the Application in the hopes that counsel could agree. (*Id.*) Counsel for both Parties met and conferred telephonically on June 23 at 12:00 p.m. (Pacific), during which Entropic notified Comcast of the relief requested and the grounds for this Application. (*Id.*) During the meet and confer, the Parties were unable to reach a resolution. (*Id.*, at ¶ 5.) Counsel for Comcast stated that they would oppose the Application. Specifically, Comcast sent Entropic the following statement: "Comcast opposes Entropic's *ex parte* application on the basis that Entropic waited to seek this relief and created the emergency, and on the basis that there is no merit to Entropic's request for jurisdictional discovery or to stay the July 21 hearing." (*Id.*, at ¶ 7.)

Not so. First, Entropic raised its intention to seek jurisdictional discovery at a June 9 hearing, which was before Comcast filed its Motion. Second, Entropic could not file its request for jurisdictional discovery and continuance of the hearing on the Motion until after Comcast filed its Motion, which it did late at night on June 20. Third, Entropic notified Comcast (again) of its intent to seek jurisdictional discovery and a continuance of the hearing shortly after that Motion was filed, in the hopes that Comcast would agree

**EX PARTE APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1

to stipulate to the requested relief.  Instead of flatly rejecting the request, Comcast delayed notifying Entropic of its position until a meet and confer the following day. Thus, Comcast cannot claim surprise at the relief requested herein and, indeed, it is Comcast who delayed the filing of this Application by asking to meet and confer on Friday, June 23 at noon.

Pursuant to Local Rule 7-19, the contact information for all other parties in this action is as follows:

| | |
|---|---|
| Krishnan Padmanabhan (SBN: 254220) kpadmanabhan@winston.com Brian E. Ferguson beferguson@winston.com Diana Hughes Leiden dhleiden@winston.com Saranya Raghavan sraghavan@winston.com **WINSTON & STRAWN LLP** 200 Park Avenue New York, NY 10166 Telephone: (212) 294-6700 Facsimile: (212) 294-4700 | *Attorneys for Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC* |

Dated: June 23, 2023

Respectfully submitted,

By: */s/ Christina Goodrich*

Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com

4

**_EX PARTE_ APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1

George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

5

***EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1

# TABLE OF CONTENTS

**II. INTRODUCTION** ....................................................................................1

**III. ARGUMENT** ...........................................................................................4

**A. Entropic will be irreparably prejudiced without jurisdictional discovery.** ............................................................................................4

**B. Comcast will suffer no prejudice.** .........................................................8

**C. The hearing on Comcast's Motion also should be continued until after the SDNY Court rules on Comcast's preliminary injunction.** .....9

**D. Good Cause Exists to Grant Entropic Ex Parte Relief** .......................11

**IV. CONCLUSION** ........................................................................................12

1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brophy v. Almanzar,*
   359 F. Supp.3d 917 (C.D. Cal. 2018) ...................................................................8

*United States ex rel. Cain v. Salish Kootenai Coll., Inc.,*
   862 F.3d 939 (9th Cir. 2017) .............................................................................7

*Chavez v. Stellar Mgmt. Grp. VII, LLC,*
   2019 WL 2716292 (N.D. Cal. Jun. 28, 2019) ...............................................7, 8

*Cnty. of Nassau v. Tech. Ins. Co.,*
   107 N.Y.S.3d 348 (2019).....................................................................................6

*Cumming v. Big Picture Loans, LLC,*
   No. 5:18-cv-03476-EJD (N.D. Cal. Nov. 15, 2018) ..........................................8

*Mission Power Eng'g Co. v. Cont'l Cas. Co.,*
   883 F. Supp. 488 (C.D. Cal. 1995) ...................................................................11

*Northstar Fin. Advisors Inc. v. Schwab Invs.,*
   779 F.3d 1036 (9th Cir. 2015) ......................................................................1, 10

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,*
   971 F.2d 244 (9th Cir. 1992) ..............................................................................8

*Sywela v. Teleport Mobility, Inc.,*
   2023 WL 362504 (S.D. Cal. Jan. 23, 2023) .....................................................10

**Statutes**

28 U.S.C. § 2201.....................................................................................................9

**Other Authorities**

Federal Rules of Civil Procedure Rule 15(d) ...................................................1, 10

Rule 26(f).............................................................................................................12

1

315845479.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Comcast has filed a motion to dismiss asserting, primarily, that this case lacks subject matter jurisdiction and for failure to state a claim ███████████████████ ███████████████████████████████████████████ ████████████████████████████████████ Entropic disagrees with Comcast's position because, among other reasons: ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ Interpretation of the alleged covenant and other provisions will be paramount. ████████████████████████████████████████████████ ████ At best, the alleged covenant is ambiguous. Even Comcast cannot get it straight. They've filed two motions to dismiss asserting the alleged covenant and have taken two different positions on its meaning:

| First 12(b)(1) Motion [60] | Second 12(b)(1)/(12)(b)(6) Motion [83] |
|---|---|
| ███████████████████████ | Thus, CCM and its affiliates cannot be |
| ███████████████████████ | sued on a MaxLinear or MaxLinear |
| ███████████████████████ | affiliate patent to the extent CCM or its |
| ███████████████████████ | affiliates had not willfully infringed that |
| ████████ | |

---

[1] The termination can be the basis for subject matter jurisdiction through a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, with the Court's leave. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044–46 (9th Cir. 2015)

1

| | patent at the time the parties entered into the VSA. |
|---|---|

(*See* Defs.' First Mot. to Dismiss ("Defs.' First Mot.") at 9:18-21; Defs.' Second Mot. to Dismiss (Defs.' Mot. at 15:13-17.)[2] The parties to the contract also are in an active dispute in the Southern District of New York concerning the termination of the VSA and the interpretation of various clauses; clearly the two parties to the contract do not agree on its meaning. Even Comcast thinks discovery is needed on the VSA—it already agreed to a discovery schedule in the SDNY litigation that includes depositions, including of the person at Comcast that negotiated and executed the VSA, and document discovery. Discovery into the negotiations and purpose of the VSA will have significant bearing on the contract's interpretation. Comcast apparently believes that it should have the underlying evidence, and the SDNY Court should have it, but that this Court and Entropic should not. Under such circumstances, jurisdictional discovery is appropriate, and Entropic would be irreparably prejudiced to proceed without it.

Even if the Court denies jurisdictional discovery, the hearing nonetheless should be continued to permit the SDNY Court to rule on Comcast's pending application for a preliminary injunction. MaxLinear terminated the VSA in May. That termination is an independent basis for subject matter jurisdiction that could be asserted through a supplemental complaint with leave of Court. Comcast promptly sued MaxLinear in SDNY and is seeking a preliminary injunction declaring that the VSA was not



terminated and remains in effect, and has asked for specific performance. (*See* Lenning Decl., ¶ 12, Ex. D.) Comcast and MaxLinear have agreed to a discovery and briefing schedule and asked for hearing in August.

Entropic has asked Comcast to agree to a continuance of the hearing date on their Motion to Dismiss so that Entropic could conduct this discovery, but Comcast refused—despite having recently agreed to discovery on the same issue in another proceeding. (*See* Lenning Decl., ¶¶ 4–6, Ex. B.) Without conducting such discovery, Entropic will be left with no means to obtain necessary evidence to support its interpretation of the VSA and the true meaning of its terms. (*Id.*, ¶ 8.) Jurisdictional discovery here will not result in a fishing expedition, but will allow Entropic to provide evidentiary support for its interpretation of the VSA and to conclusively establish this Court's subject matter jurisdiction over this action.

Entropic would not be able to obtain this relief through ordinary noticed motion procedures because a regularly noticed motion would not be heard until after Entropic's deadline to respond to Comcast's Motion to Dismiss had already passed. Entropic was diligent in seeking an informal resolution of this matter with counsel for Comcast soon after the Motion to Dismiss was filed, and Entropic filed the instant Application as soon as it determined that an informal resolution could not be reached. (*See* Lenning Decl., ¶ 5.) Thus, Entropic is not at fault for creating the exigency necessitating this Application.

For these reasons, the Court should grant Entropic's Application, allowing Entropic to conduct limited jurisdictional discovery and continuing the hearing on Comcast's Motion to Dismiss to on or after September 22, 2023, or such other time thereafter that is convenient for the Court, and continue the related briefing schedule on that Motion.

**EX PARTE APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND
CONTINUE HEARING DATE**

315845479.1

## II.   ARGUMENT

### A.   Entropic will be irreparably prejudiced without jurisdictional discovery.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████

But discovery is also needed to interpret the contract itself. A threshold issue for the Court will be whether this contract provision was intended to be an encumbrance on MaxLinear's patents that would travel with the patents. ███████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

*EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE

315845479.1

1

2

3

4

5

6

7

8

9                  Thus, while Comcast asserts that

10 the contract provision is unambiguous, numerous other provisions conflict with their

11 interpretation. The Court will necessarily have to resolve these issues and Entropic

12 should have the benefit of discovery to determine the parties' intent.

13         Turning to the alleged covenant itself, it is frankly unlike any contract provision

14 counsel for Entropic has ever seen:



28

**EX PARTE APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1



At best, this provision is ambiguous.[4]

In addition, numerous other questions as to the interpretation of this contract will have to be resolved:

---

[3] Comcast selectively provided only the first sentence in its motion. The entire provision is relevant here and must be considered together.

[4] As Comcast itself acknowledges, Defs.' Mot. at 36, extrinsic evidence is highly relevant to determine the parties' intent when a term or clause of a contract is ambiguous. *Cnty. of Nassau v. Tech. Ins. Co.*, 107 N.Y.S.3d 348, 351 (2019) (citing *Amusement Bus. Underwriters v. American Intl. Grp.*, 66 N.Y.2d 878, 880 (1985)).

[5] Comcast argues that the provision cannot be applied to future infringement, but its arguments are reductive. Comcast thinks its absurd that MaxLinear could "trigger" the clause by simply notifying Comcast of infringement. Entropic disagrees. It is very reasonable that a party would want to be business partners with another party that is not willfully infringing their patents and that, if they received notice, they would cooperatively seek to license those patents with MaxLinear. Instead, Comcast presumes that they would just go on infringing after receiving notice and not license the patents

***EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1



This Court has broad discretion to grant jurisdictional discovery; indeed, it is well established that courts may grant such discovery where a party demonstrates that jurisdictional-related questions exist. *See Chavez v. Stellar Mgmt. Grp. VII, LLC*, 2019 WL 2716292, at *9 (N.D. Cal. Jun. 28, 2019) ("'A district court is vested with broad discretion to permit or deny discovery' related to questions of jurisdiction."); *United States ex rel. Cain v. Salish Kootenai Coll., Inc.*, 862 F.3d 939, 945 (9th Cir. 2017); *see*

***EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1

*also Cumming v. Big Picture Loans, LLC*, No. 5:18-cv-03476-EJD, at \*2 (N.D. Cal. Nov. 15, 2018) ("District courts have discretion to permit jurisdictional discovery."). Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Chavez*, 2019 WL 2716292, at \*9 (citations omitted). This Circuit's district courts routinely permit jurisdictional discovery. *See, e.g., Brophy v. Almanzar*, 359 F. Supp.3d 917, 920 (C.D. Cal. 2018) (finding that "jurisdictional discovery should be allowed to resolve the issues of . . . subject matter jurisdiction"); *Chavez*, 2019 WL 2716292, at \*1 (granting plaintiff's request for jurisdictional discovery); *Cumming*, No. 5:18-cv-03476-EJD, at \*3 (granting jurisdictional discovery in response to defendant's motion to dismiss for lack of subject matter jurisdiction).

In contrast, "denial of jurisdictional discovery constitutes an abuse of discretion when further discovery 'might well demonstrate facts sufficient to constitute a basis for jurisdiction.'" *See Brophy*, 359 F. Supp. at 925. That is exactly the case here. As is clear from the above, numerous issues of contract interpretation and validity are necessary to resolve Comcast's motion. Comcast possesses many of those facts and, critically, already has agreed to commensurate discovery in its own case in SDNY against MaxLinear, apparently believing discovery is necessary to interpret the VSA in SDNY but not in CDCA. Entropic would be irreparably harmed without such discovery.

**B.      Comcast will suffer no prejudice.**

In contrast to the significant prejudice to Entropic, Comcast would suffer no prejudice at all. Comcast already has agreed to discovery on the VSA in SDNY, which will include at least four Comcast depositions (including the person who supposedly negotiated the VSA for Comcast), depositions of MaxLinear, and document discovery. (*See* Lenning Decl., ¶ 6, Ex. B.)[6] There likely will be significant overlap in the discovery

---

[6] Entropic requests the Court take judicial notice of the relevant filings in this case, copies of which are attached to the Declaration of Nicholas Lenning. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (A court "may take notice of proceedings in other courts, both within and

8

1  between the two cases and Entropic would seek all possible efficiencies, including

2  consolidating depositions, if Comcast and MaxLinear consent.

3      **C.**    **The hearing on Comcast's Motion also should be continued until after**

4             **the SDNY Court rules on Comcast's preliminary injunction.**

5        Even if this Court decides jurisdictional discovery is unwarranted, the Court

6  should nonetheless continue the July 21 hearing (and related briefing schedule).

7  MaxLinear terminated the VSA in May. Comcast promptly sued MaxLinear in the

8  Southern District of New York, which Comcast asserts has exclusive jurisdiction over

9  "any claim or controversy arising out of or relating to" the VSA. (Lenning Decl., ¶ 10,

10  Ex. C, at ¶ 1.) Comcast is seeking "a declaration from th[at] Court pursuant to 28 U.S.C.

11  § 2201 that MaxLinear's termination notice to Comcast is invalid and that both the VSA

12  and the SOW remain in full force and effect" and an order that "MaxLinear []

13  specifically perform its obligations under both agreements." [Complaint prayer for

14  relief]. Comcast also has moved for a preliminary injunction "enjoining MaxLinear

15  from prematurely terminating the VSA and SOW and ordering MaxLinear to continue

16  to perform under both Agreements." (Lenning Decl., ¶ 11, Ex. D, at 21.)

17        In its Motion, Comcast makes no argument at all that the alleged covenant would

18  survive termination. Instead, Comcast simply argues, as it does in New York, that

19  MaxLinear's termination is ineffective. But if the VSA is terminated, Entropic

20  unquestionably possesses subject matter jurisdiction as of the date of termination—and

21  Comcast's only remedy would be pursuing a claim of breach against MaxLinear. And,

22  in that scenario, Entropic could simply file a supplemental complaint to cure any prior

23  defect in subject matter jurisdiction (or request the Court construe its First Amended

24  Complaint as a supplemental pleading), and, since the issue then would be a normal

25

26  _____

27  without the federal judicial system, if those proceedings have a direct relation to
    matters at issue.").

28

***EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

dispute as to the damages period, not one of jurisdiction, the parties could resolve the
scope of the alleged covenant at summary judgment or trial.[7]

At Comcast's urgent request, the SDNY Court will shortly be determining the
likelihood of Comcast's success in proving that the VSA is not terminated, is valid, and
is in effect. As detailed above, that decision may prove dispositive here. But even if
Comcast prevails, it is likely that the SDNY court will interpret various provisions of
the VSA and also consider evidence presented by Comcast and MaxLinear concerning
the negotiation, purpose, intent, and termination of the VSA, evidence which is being
exchanged shortly in New York pursuant to a joint agreement. Indeed, Comcast itself
has asserted "there is a substantial and sufficiently immediate controversy between
Comcast and MaxLinear *regarding the interpretation* of the Agreements' termination
provisions and the effect of MaxLinear's attempted termination," (Lenning Decl., ¶ 11,
Ex. D, at 14.), and it has asked the SDNY Court to resolve that controversy. Comcast
and MaxLinear have asked for a hearing on the preliminary injunction in August.

If the Court proceeds with a hearing on July 21, it will not have access to the
evidence that will be before the SDNY Court. And there also will be a significant risk
of conflicting decisions, as two courts would be interpreting the same contract, and
determining the same issues, like whether it is terminated and whether it was ever valid,

---

[7] *See, e.g.*, *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044–46 (9th
Cir. 2015), as amended on denial of reh'g and reh'g *en banc* (Apr. 28, 2015) ("Rule
15(d) permits a supplemental pleading to correct a defective complaint and
circumvents 'the needless formality and expense of instituting a new action when
events occurring after the original filing indicated a right to relief. . . . While *Morongo*
does contain the broad statement that 'subject matter jurisdiction must exist as of the
time the action is commenced' and that a lack of subject-matter jurisdiction at the
outset cannot be cured subsequently, it is now clear, if it was not then, that this rule is
more nuanced than the inflexibility suggested by its language—both as it realtes to
curing jurisdictional defects through supplemental pleadings . . . . Nevertheless, we
need not belabor the issue because . . . the rule as stated in *Morongo* does not extend
to supplemental pleadings filed pursuant to Fed. R. Civ. P. 15(d)."); *Sywela v.
Teleport Mobility, Inc.*, 2023 WL 362504, at *11 (S.D. Cal. Jan. 23, 2023)
("Declining [plaintiff's] attempt to supplement his last deficient pleading with new
standing allegations would require [plaintiff] to return to square one and file a new
suit alleging precisely the same [] claim, just to argue all over again the cogency of his
reputational-interest theory of Article III standing. Rule 15(d) is crafted to ameliorate
the expense and hassle that would otherwise arise in these exact circumstances.").

***EX PARTE* APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND
CONTINUE HEARING DATE**

315845479.1

at the same time. For example, if this Court grants Comcast's relief, but the SDNY Court later rules that the VSA was never valid, or was terminated, Entropic will have been irreparably harmed. Comcast itself has affirmatively sought the intervention of the SDNY Court by suing MaxLinear and has asserted that the SDNY Court has exclusive jurisdiction over disputes concerning the VSA. And, by Comcast's own admission, its "pending preliminary injunction motion [] is expected to be heard this summer." (Defs.' Mot. at 14:14–18 (emphasis added).) The Court should continue the hearing until after the SDNY Court rules on Comcast's preliminary injunction. Based on the expected timing, Entropic proposes continuing the hearing until September.

### D.   Good Cause Exists to Grant Entropic *Ex Parte* Relief

A party seeking *ex parte* relief must: (1) show it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Entropic satisfies both requirements.

As discussed above, Entropic will be irreparably prejudiced if this Application is heard according to regular noticed motion procedures. Entropic's deadline to respond to Comcast's Motion is June 30, 2023. If this issue were heard on regular notice, any decision would be rendered after Entropic's deadline to respond. Accordingly, Entropic would have to respond to Comcast's Motion without the full benefit of the information related to the negotiation, validity, interpretation, and termination of the VSA—information much of which is within Comcast's possession, both because Comcast itself is a party to the VSA while Entropic is not and because Comcast actively is conducting discovery of MaxLinear in SDNY on this same issue. Moreover, it serves both the parties and the Court to have this matter resolved as quickly as possible so that, if the Court permits Entropic to conduct jurisdictional discovery, Entropic can promptly begin that process. Currently, Comcast holds all of the factual cards and Entropic has none.

11

*EX PARTE* **APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

Without discovery, Entropic (and this Court) is deprived of evidence that could support different interpretations of the alleged covenant and other clauses, discovery that will be before the SDNY Court.

Additionally, Entropic is not at fault in creating the need for *ex parte* relief, as Comcast apparently asserts. Comcast filed its Motion to Dismiss on the evening of June 20, 2023, and counsel for Entropic promptly contacted counsel for Comcast to determine whether Comcast would consent to jurisdictional discovery and a continuance of the hearing date on the Motion to Dismiss. (*See* Lenning Decl., ¶¶ 3–5.) While Comcast asserted during the parties' meet and confer that Entropic should have filed a regularly-noticed motion for jurisdictional discovery before Comcast filed its motion, this makes no sense for at least two reasons. One, there was no actual pending challenge to jurisdiction. Comcast had filed a motion to dismiss and Entropic responded by amending its complaint to moot Comcast's arguments. Comcast then changed its interpretation of the alleged covenant and re-filed its motion just this past Tuesday (at 11 pm Pacific). Entropic had not even seen the basis for Comcast's requested relief until it filed its motion, which apparently included flip-flopping on its interpretation of the VSA. But moreover, Entropic could not seek discovery because discovery was not even open in this case. Discovery just opened today, June 23rd, after the parties' Rule 26(f) conference. (*See* Lenning Decl., ¶ 12.) Entropic also had raised the possibility of jurisdictional discovery numerous times with Comcast, and raised at the hearing before this Court. This is not a surprise to Comcast—indeed, Comcast preemptively included argument on jurisdictional discovery in both of its motions. An *ex parte* application is Entropic's only way to seek relief and Entropic did not create the need for *ex parte* relief.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Entropic respectfully requests that the Court grant Entropic's *Ex Parte* Application. Specifically, Entropic requests that the Court

12

315845479.1

continue the July 21 hearing on Comcast's motion to September 22, 2023 (and continue the related briefing schedule), and also grant limited jurisdictional discovery, the scope of which to include at least a 30(b)(6) deposition of both Comcast and MaxLinear, fact depositions of the witnesses that will be deposed in the SDNY litigation, seven requests for production, and five interrogatories.

Dated: June 23, 2023

Respectfully submitted,

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

13

**EX PARTE APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUE HEARING DATE**

315845479.1

1

## CERTIFICATE OF COMPLIANCE

2

The undersigned, counsel of record for Plaintiff Entropic Communications,

3 LCC, certifies that this brief contains 4,918 words, which complies with the word

4 limit of L.R. 11-6.1.

5

Dated: June 23, 2023                          Respectfully submitted,

6

By: /s/ Christina Goodrich
7 Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
8 Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
9 K&L GATES LLP
10100 Santa Monica Boulevard
10 Eighth Floor
Los Angeles, CA 90067
11 Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

12

James A. Shimota *(admitted pro hac vice)*
13 jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac*
14 *vice)*
george.summerfield@klgates.com
15 K&L GATES LLP
Suite 3300
16 70 W. Madison Street
Chicago, IL 60602
17 Tel.: (312) 372-1121
Facsimile: (312) 827-8000
18

19
Peter E. Soskin (SBN 280347)
20 peter.soskin@klgates.com
K&L GATES LLP
21 Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
22 Telephone: (415) 882-8200
Facsimile: (415) 882-8220
23

24 *Attorneys for Plaintiff*
*Entropic Communications, LLC*
25

26

27

28
                                        14

**EX PARTE APPLICATION TO CONDUCT JURISDICTIONAL DISCOVERY AND
CONTINUE HEARING DATE**