Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

(additional counsel listed
on signature page)

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; *et al.*,<br><br>Defendants. | Case No. 2:23-cv-1050-JWH-KES<br><br>**ENTROPIC COMMUNICATION, LLC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**<br><br>Date:        July 21, 2023<br>Time:       9:00 AM<br>Courtroom: 9D |

**ENTROPIC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**

     Entropic Communications, LLC ("Entropic") hereby objects to Exhibits A–C, E–I, K, L, O, P, Q, and X submitted in support of the Motion to Dismiss filed by Defendants Comcast Corporation; Comcast Cable Communications, LLC; and Comcast Cable Communications Management, LLC (collectively, "Comcast") on June 20, 2023. In support of their Motion to Dismiss, Comcast attaches a number of documents directly to the Motion without authentication. This includes several categories. First, documents Comcast appears to have taken from various unknown internet sources. (*See* Exhibits B, O, P). Second, documents Comcast appears to have created itself. (*See* Exhibits C, Q, X.) These documents are not appropriately designated as fact evidence offered to establish the truth of the contents. And, to the extent they are intended to be considered as argument, they belonged within the text of their Motion.[1] Indeed, there is no attestation submitted with Comcast's Motion regarding the origin of these documents—including who created them or for what purpose—or if these documents contain true and accurate information. Nor has Comcast explained how and why these documents are appropriate for consideration on either a 12(b)(6) or 12(b)(1) motion. Third, an agreement Comcast entered into with a third party, without an accompanying attestation or confirmation that the document attached is a complete (or true and correct) copy of such agreement. (*See* Exhibit A.) And finally, other documents Comcast has attached for which no foundation or authentication is provided, and for which Comcast has not sought judicial notice. (Exhibits E–I, K, L.) Comcast may not attach these documents to its pleading-stage Motion without any showing of how the Court can consider such information for its truth or otherwise, particularly without a declaration establishing foundation, authenticity, and other key indicia of reliability.

     In order to be admissible and considered by the Court, evidence submitted by parties must be properly authenticated. Fed. R. Evid. 901. To authenticate evidence,

---

[1] At least one of these documents appears to be an attempt by Comcast to circumvent the word limit set forth in this Court's local rules. (*See* Ex. X.) Not only is this document inadmissible as evidence, but it is an improper attempt to put additional argument before the Court under the guise of evidence.

1
**ENTROPIC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**

1  "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* The rules of authentication apply to exhibits submitted to the Court in support of a motion to dismiss. *ART Microelectronics Corp. v. Diamond Antenna & Microwave Corp.*, 2020 WL 10432456, at *2 (C.D. Cal. Nov. 18, 2020) (sustaining objection to exhibit submitted in support of 12(b)(6) motion because it was "not properly authenticated" by a declarant with personal knowledge of the authenticity of the business record); *Teetex LLC v. Zeetex, LLC*, 2022 WL 17420385, at *3 (N.D. Cal. Dec. 5, 2022) (sustaining objection to exhibit submitted in support of motion to dismiss for lack of personal jurisdiction because the exhibit was not properly authenticated).

Comcast offers no declaration attesting to the authenticity of any of the exhibits submitted in support of its Motion to Dismiss. To the extent Comcast seeks to rely on prior declarations submitted by its counsel to establish the authenticity of these exhibits, that declaration is insufficient. *See ART Microelectronics Corp.*, 2020 WL 10432456, at *2 ("A declaration of counsel, who does not have personal knowledge of the authenticity of the record, cannot serve to authenticate it."). Without a valid declaration to authenticate the documents Comcast submits as exhibits—including to describe where Comcast obtained the documents, who created them, and the basis for personal knowledge—Comcast has failed to properly authenticate such documents. Fed. R. Evid. 901.

Entropic further objects to Comcast's reliance on any of its exhibits as outside the scope of what this Court may consider on a motion to dismiss brought under either Rule (12)(b)(1) or Rule (12)(b)(6). *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)) ("Where [subject matter] jurisdiction is intertwined with the merits, [the Court] must 'assume the truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record.'"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912. 925 (9th Cir. 2001) ("[E]xtraneous evidence should not be considered in ruling on

a motion to dismiss [under Rule 12(b)(6)].").

Subject to the foregoing, Entropic hereby objects to the following:

| Exh. | Description | Objection(s) |
|---|---|---|
| A | Comcast-MaxLinear Vendor Service Agreement and Statement of Work | Lacks foundation. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| B | MaxLinear Communications LLC D&B family tree | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Inadmissible hearsay. Fed. R. Evid. 801, 802. |
| C | Table of Asserted Patents and Assignments | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Inadmissible hearsay. Fed. R. Evid. 801, 802. Best evidence rule, the patents and assignments speak for themselves. Fed. R. Evid. 1002. |
| E | September 2012 assignment to MaxLinear, Inc. of U.S. Patent App. No. 13/607,916 | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| F | September 2012 assignment to MaxLinear, Inc. of U.S. Patent App. No 14/948,947 | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| G | July-August 2013 assignment to MaxLinear, Inc. | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not |

| | | |
|---|---|---|
| | | properly authenticated. *See* Fed. R. Evid. 901. |
| H | June 2010 assignment to MaxLinear, Inc. | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| I | February 2015 Plan of Merger | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| K | March 2021 assignment to Entropic by MaxLinear, Inc. | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| L | March 2021 assignment to Entropic by MaxLinear Communications LLC | Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| O | LinkedIn Fortress Profiles | Irrelevant. Fed. R. Evid. 401, 402. Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Inadmissible hearsay. Fed. R. Evid. 801, 802. |
| P | Fortress Address | Irrelevant. Fed. R. Evid. 401, 402. Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly |

4
**ENTROPIC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**

| | | |
|---|---|---|
| | | authenticated. *See* Fed. R. Evid. 901. Inadmissible hearsay. Fed. R. Evid. 801, 802. |
| Q | Comcast Organization Chart | Lacks foundation. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. |
| X | Cross-Reference of allegations in 1048 and 1050 FACs | Lacks foundation. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Best evidence rule, the complaints and allegations speak for themselves. Fed. R. Evid. 1002. |

Dated: June 30, 2023

Respectfully submitted,

By: */s/ Christina Goodrich*
Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)

5
**ENTROPIC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**ENTROPIC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**