Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants

*(Additional counsel information omitted)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | **No. 2:23-cv-1048-JWH-KES**<br>**No. 2:23-cv-1050-JWH-KES**<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST'S RESPONSE TO ENTROPIC'S OBJECTIONS TO EXHIBITS FILED IN SUPPORT OF COMCAST'S MOTION TO DISMISS**<br><br>Date: July 21, 2023<br>Time: 9:00 am<br>Courtroom: 9D |

## I. INTRODUCTION

Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Defendants" or "Comcast") submit this response to Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic")'s Objections to Exhibits Filed in Support of Comcast's Motion to Dismiss ("Objections" or "Objs.") (Dkt. 94-1.)

## II. THE CHALLENGED EXHIBITS CAN BE CONSIDERED IN CONNECTION WITH COMCAST'S RULE 12(B)(1) AND 12(B)(6) MOTIONS

Faced with an overwhelming amount of evidence to support Comcast's Motion, Entropic resorts to raising form evidentiary objections to certain exhibits instead of addressing the merits. As a preliminary matter, Entropic is wrong that the exhibits to Comcast's Motion are "outside the scope of what this Court may consider on a motion to dismiss." (Objs. at 2-3.) Comcast's Motion is a *factual* attack on subject matter jurisdiction. "[I]n resolving a factual attack, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint." *Engasser v. Tetra Tech, Inc.*, 519 F. Supp. 3d 703, 706 (C.D. Cal. 2021); *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) ("In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings.").

Even Entropic's own cases support looking to extrinsic evidence here. For instance, the Ninth Circuit in *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1141 (9th Cir. 2003) rejected the same argument Entropic makes here—"that it is improper to rely on [evidence including agreements] because they are extrinsic to the complaint"—and held that "in ruling on a 12(b)(1) jurisdictional challenge, a court may look beyond the complaint and consider extrinsic evidence." *Id.* at 1141, n. 5. In doing so, the Ninth Circuit reasoned that it was proper to consider certain contracts because

they were "necessary to decide" the issue of jurisdiction. *Id.* It also noted that even when deciding a 12(b)(6) motion, a court "may consider documents on which the complaint 'necessarily relies' and whose 'authenticity … is not contested.'" *Id.*[1] Here, like in *Warren*, the documents such as the Vendor Support Agreement ("VSA") (Ex. A), assignments of the asserted patents (Exs. E-H, K-L), and corporate structure documents (Exs. B, I, Q) are "necessary to decide" Comcast's motion for lack of subject matter jurisdiction because they establish that Comcast is protected by a covenant not to sue that covers all the asserted patents. These documents are the crux of Comcast's Motion and can be considered by the Court.

Additionally, Entropic itself "necessarily relies" on most of these documents. For instance, in response to Comcast's first Rule 12(b)(1) motion, Entropic included allegations in its FACs about the contents of the VSA, thereby incorporating the VSA (Ex. A) by reference. (*See, e.g.*, -01048, Dkt. 69-1 (FAC) ¶¶ 43-64, 102-105.) And Entropic's FACs make these allegations without questioning the authenticity of the underlying document. Courts may consider documents whose contents are incorporated by reference in a complaint when deciding a motion to dismiss, including Rule 12(b)(1) and Rule 12(b)(6) motions. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998), as amended (July 28, 1998) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."). Entropic also "necessarily relies" on the contents of the VSA throughout its Opposition to Comcast's Motion. (Dkt. 96-1.) Further, Entropic "necessarily relies" on the assignments of the asserted patents (Exs. E-H, K-L) to assert "right, title, and interest." (*See, e.g.*, -01048, Dkt. 69-1 (FAC) ¶¶ 7, 37.) Entropic also "necessarily relies" on these assignments in its Opposition. (Dkt. 96-1 at, *e.g.*, 16 ("MaxLinear assigned patents,

---

[1] Entropic also cites *ART Microelectonics*, *Teetex*, and *Arpin*, but those cases are inapposite here because they involved only Rule 12(b)(6) motions (not 12(b)(1) motions) and the defendants in those cases were not asking the court to consider documents the plaintiffs had relied on.

1  including those in-suit to Entropic"), 21–22 ("many of the asserted patents were owned
2  by MaxLinear LLC, not MaxLinear, Inc., before they were transferred to Entropic").)
3  Thus, by Entropic's own admission, these documents should be considered by the Court
4  in resolving Comcast's Motion.

### III. ENTROPIC'S EVIDENTIARY OBJECTIONS SHOULD BE OVERRULED

At any rate, Entropic's evidentiary objections should be overruled because they go to form rather than substance. Entropic does not genuinely challenge the *substance* of any of Comcast's exhibits or suggest that the contents of any of the documents are inaccurate. Rather, Entropic challenges the *form* of these exhibits based on a misrepresentation of the standard at the pleading stage. Courts in Ninth Circuit have overruled "technical objections"—such as lack of authentication, lack of personal knowledge, hearsay, and the best evidence rule—where the objecting party raised these objections "without giving cause of concern about authenticity." *See, e.g.*, *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1085 (N.D. Cal. 2019) (overruling all evidentiary objections to exhibits at motion to dismiss stage). For example, in *Successor Agency*, the court overruled lack of authentication and personal knowledge objections because "it [was] clear from the exhibits themselves that they are what they purport to be." *Id.* (*citing* Fed. R. Evid. 901(b)(4) (a document's "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" is evidence enough to satisfy the authentication requirement)). More generally, "courts tend not to exclude evidence before trial based on objections to form—such as a lacks foundation challenge—as opposed to whether its contents are admissible." *Successor Agency*, 364 F. Supp. 3d at 1085; *see also Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) ("[I]n considering evidence on a motion to dismiss, the court looks not at whether the evidence is currently presented in an admissible form,

but instead whether it could be presented in an admissible form at trial."); *Clarke v. TNSG Health Co.*, 2022 WL 4596596, at *4 n.5 (C.D. Cal. Mar. 23, 2022) (on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, holding that "objections regarding lack of personal knowledge on a motion to dismiss are not well-taken because there is no suggestion that the evidence would not be admissible at trial").

This Court should overrule Entropic's technical, "form" objections for the same reasons. Entropic raises no genuine "cause of concern about authenticity" about any of these exhibits. Nor does it articulate why the contents of these exhibits would be inadmissible at trial. For these reasons, Entropic's objections should be overruled in their entirety.

## IV. SPECIFIC RESPONSES TO PLAINTIFF'S OBJECTIONS

Nevertheless, Comcast offers specific responses to Entropic's objections.

### A. Entropic's Objections to Exhibit A Should Be Overruled

Entropic objects to Exhibit A[2] as follows: "Lacks foundation. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901." (Objs. at 3-5.) Entropic also argues that this is "an agreement Comcast entered into with a third party, without an accompanying attestation or confirmation that the document attached is a complete (or true and correct) copy of such agreement." (Objs. at 1.)

As discussed above (*see supra* Section II), Entropic raises no genuine disputes as to the contents of Exhibit A (the VSA and the Statement of Work #1), and in fact, necessarily relies on the contents of the VSA throughout its FACs and Opposition. Nor does it affirmatively assert that Exhibit A is *not* a true and correct copy. In fact, Entropic relies on the contents of the VSA throughout its FACs and Opposition. Nonetheless, Comcast concurrently files the Declaration of David Marcus ("Marcus Decl.") to attest that Exhibit A is a true, correct, and complete copy of the VSA and the Statement of Work #1. Marcus Decl. at ¶ 3. For these reasons, the Court should overrule Entropic's

---

[2] Ex. A (Comcast-MaxLinear Vendor Service Agreement and Statement of Work).

objections to Exhibit A. *Successor Agency*, 364 F. Supp. 3d at 1085 (overruling objections where party "raise[d] these technical objections without giving cause for concern about authenticity"); *Clarke*, 2022 WL 4596596, at *4 n.5 (on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, overruling evidentiary objections "because there [was] no suggestion that the evidence would not be admissible at trial").

### B. Entropic's Objections to Exhibits B, O, and P Should Be Overruled

Entropic objects to Exhibits B, O, and P[3] as follows: "Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Inadmissible hearsay. Fed. R. Evid. 801, 802." (Objs. at 3-5.) Entropic argues that these documents "appear[] to have been taken from various unknown internet sources." (Objs. at 1.)

Entropic raises no genuine disputes as to the contents of these exhibits. Nonetheless, Comcast provided a declaration from counsel for Comcast, the Declaration of Krishnan Padmanabhan ("Padmanabhan Decl."), which was inadvertently omitted from Comcast's filing on June 20, 2023.[4] The Padmanabhan Decl. attests to the authenticity of these documents, provides foundation and personal knowledge, and is sufficient at this stage of the proceedings. *Id.* ¶¶ 3, 16, 17. Entropic relies on *ART Microelectronics* to state that a declaration of counsel is insufficient to authenticate a document, but that case involved a business record of which the counsel had no personal knowledge, whereas here, counsel for Comcast can attest to personally downloading these exhibits from the internet.

Entropic's objection to these exhibits as "inadmissible hearsay" also fails. The Ninth Circuit has held that hearsay may be considered for purposes of determining jurisdiction "provided it bears circumstantial evidence of reliability"—*e.g.*, printouts

---

[3] Ex. B (MaxLinear Communications LLC D&B family tree); Ex. O (LinkedIn Fortress Profiles); Ex. P (Fortress Website).
[4] The Padmanabhan Decl. was filed as an errata on July 7, 2023. (-01048, Dkt. 101-1)

from websites that "bear the date and site from which they were printed." *Bauman v. DaimlerChrysler AG*, No. C-04-00194 RMW, 2005 WL 3157472, at *5 (N.D. Cal. Nov. 22, 2005); *American Induction Technologies, Inc. v. KBK, Inc.*, 2012 WL 12888112, at *3 (C.D. Cal. April 17, 2012) ("there is no strict prohibition on a court's consideration of hearsay in connection with a motion to dismiss for lack of [] jurisdiction."). Here, Exhibits B and P are marked with the date and site from which they were printed, and Exhibit O is marked with other indicia of reliability such as embedded links to captured LinkedIn profiles. At any rate, Entropic does not even suggest that they are not accurate printouts from those websites.

Further, the Court can take judicial notice of these publicly-available documents. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed"); Fed. R. Evid. 201.

For these reasons, the Court should overrule Entropic's objections to Exhibits B, O, and P. *Successor Agency*, 364 F. Supp. 3d at 1085 ("courts tend not to exclude evidence before trial based on objections to form—such as a lacks foundation challenge—as opposed to whether its contents are admissible.").

### C. Entropic's Objections to Exhibit C Should Be Overruled

Entropic objects to Exhibit C[5] as follows: "Lacks foundation and personal knowledge. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Inadmissible hearsay. Fed. R. Evid. 801, 802. Best evidence rule, the patents and assignments speak for themselves. Fed. R. Evid. 1002." (Objs. 3-5.) Entropic raises no disputes about the contents of Exhibit C. Instead, Entropic argues that this is a document "Comcast appears to have created itself." (Objs. at 1.) That is true: Exhibit C was

---

[5] Ex. C (Table of Asserted Patents and Assignments).

created by counsel for Comcast as a demonstrative for Comcast's Motion, as explained the declaration from counsel for Comcast. Padmanabhan Decl. at ¶ 4. The facts underlying Exhibit C are also addressed in Comcast's Motion, which Entropic does not contest. Exhibit C serves as a quick reference for the various assignments relating to the asserted patents (attached individually as Exhibits E-H, K, L). Entropic does not dispute the assignments in its FACs or Opposition, nor does it identify any inaccuracies in Exhibit C. (*See, e.g.*, -01048, Dkt. 69-1 (FAC) ¶ 7 ("Entropic is the owner by assignment to all right, title, and interest to the Patents-in-Suit.")) Entropic relies on *ART Microelectronics* to state that a declaration of counsel is insufficient to authenticate a document, but that case involved a business record of which the counsel had no personal knowledge, whereas here, counsel for Comcast can attest to creating this exhibit as a demonstrative for Comcast's Motion. Padmanabhan Decl. at ¶ 4. Thus, Entropic's objections to Exhibit C for lack of foundation, personal knowledge, and authentication all fail.

Entropic's objection to Exhibit C as "inadmissible hearsay" fails because this exhibit simply refers to Exhibits E-H, K, and L. As discussed below, Entropic's objections to those exhibits should be overruled as well. Notably, Entropic does not object to hearsay as to these underlying exhibits. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial").

Entropic's objection to Exhibit C under the "best evidence rule" also fails because Exhibit C is offered as a demonstrative and "not offered to prove the contents of a particular writing, recording, or photograph." *Bibiyan v. Marjan Television Network, Ltd.,* 2019 WL 422664, at *2 n. 1 (C.D. Cal. Feb. 4, 2019); *Liberty Ins. Underwriters, Inc. v. Davies Lemmis Raphaely L. Corp.*, 162 F. Supp. 3d 1068, 1073, n. 4 (C.D. Cal. 2016), *aff'd*, 708 F. App'x 374 (9th Cir. 2017) (disregarding objections to charts

prepared for "ease of reference," where the "blanket objections" did raise any issues about "accuracy").

For these reasons, the Court should overrule Entropic's objections to Exhibit C. *Successor Agency*, 364 F. Supp. 3d at 1085 ("courts tend not to exclude evidence before trial based on objections to form—such as a lacks foundation challenge—as opposed to whether its contents are admissible.").

### D. Entropic's Objections to Exhibit X Should Be Overruled

Entropic objects to Exhibit X[6] as follows: "Lacks foundation. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901. Best evidence rule, the complaints and allegations speak for themselves. Fed. R. Evid. 1002." (Objs. 3-5.) Entropic raises no disputes about the contents of Exhibit X. Instead, Entropic argues that this is a document "Comcast appears to have created itself." (Objs. at 1.) That is true: Exhibit X was created by counsel for Comcast as a demonstrative for Comcast's Motion, as explained the declaration from counsel for Comcast. Padmanabhan Decl. at ¶ 25. The facts underlying Exhibit X are also addressed in Comcast's Motion, which Entropic does not contest. Exhibit X serves as a quick reference for common allegations in Entropic's FACs in the -1048 and -1050 case. Entropic does not identify any inaccuracies in Exhibit X, and of course, it cannot dispute the authenticity of its own allegations. Entropic relies on *ART Microelectronics* to state that a declaration of counsel is insufficient to authenticate a document, but that case involved a business record of which the counsel had no personal knowledge, whereas here, counsel for Comcast can attest to creating this exhibit as a demonstrative for Comcast's Motion. Thus, Entropic's objections to Exhibit X for lack of foundation and authentication all fail.

Entropic's objection to Exhibit X under the "best evidence rule" also fails because Exhibit X is offered as a demonstrative and "not offered to prove the contents

---

[6] Ex. X (Cross-Reference of allegations in 1048 and 1050 FACs).

of a particular writing, recording, or photograph." *Bibiyan,* 2019 WL 422664, at *2 n. 1; *Liberty Ins.*, 162 F. Supp. 3d at 1073, n. 4 (disregarding objections to charts prepared for "ease of reference," where the "blanket objections" did raise any issues about "accuracy").

For these reasons, the Court should overrule Entropic's objections to Exhibit X. *Successor Agency*, 364 F. Supp. 3d at 1085 ("courts tend not to exclude evidence before trial based on objections to form—such as a lacks foundation challenge—as opposed to whether its contents are admissible.").

### E. Entropic's Objections to Exhibit Q Should Be Overruled

Entropic objects to Exhibit Q[7] as follows: "Lacks foundation. Fed. R. Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901." (Objs. 3-5.) As explained in the attached Marcus Decl., this organizational chart was created by Comcast, using Comcast's internal databases. Marcus Decl. at ¶ 4. This document correctly reflects that "Comcast Cable Communications Management, LLC is a wholly-owned, direct subsidiary of Comcast Cable Communications, LLC; and Comcast Cable Communications, LLC is a wholly-owned, indirect subsidiary of Comcast Corporation" (Marcus Decl. at ¶ 4)—facts that Entropic does not dispute in its FACs or Opposition. In any event, Entropic raises no genuine disputes as to the contents of Exhibit Q. For these reasons, the Court should overrule Entropic's objections to Exhibit Q. *Successor Agency*, 364 F. Supp. 3d at 1085 ("courts tend not to exclude evidence before trial based on objections to form—such as a lacks foundation challenge—as opposed to whether its contents are admissible.").

### F. Entropic's Objections to Exhibits E-I, K, L Should Be Overruled

Entropic objects to Exhibits E-I, K, L[8] as follows: "Lacks foundation. Fed. R.

---

[7] Ex. Q (Comcast Organizational Chart).
[8] Ex. E (September 2012 assignment to MaxLinear, Inc. of U.S. Patent App. No. 13/607,916); Ex. F (September 2012 assignment to MaxLinear, Inc. of U.S. Patent App. No 14/948,947); Ex. G (July-August 2013 assignment to MaxLinear, Inc.); Ex. H (June 2010 assignment to MaxLinear, Inc.); Ex. I (February 2015 Plan of Merger); Ex. K (March 2021 assignment to Entropic by MaxLinear, Inc.); Ex. L (March 2021

Evid. 602. Not properly authenticated. *See* Fed. R. Evid. 901." (Objs. 3-5.) As discussed above (*see supra* Section II), Entropic raises no genuine disputes as to the contents of these exhibits, and in fact, necessarily relies on them in its FACs and Opposition.. Nonetheless, Comcast provided a declaration from counsel for Comcast—the Padmanabhan Decl. (-01048, Dkt. 101-1)—to attest to the authenticity of these documents. *Id.* ¶¶ 6-10, 12-13. Further, the Court can take judicial notice of these documents publicly available—Exhibits E-H and K, L are available on the U.S. Patent & Trademark Office's website and Exhibit I is available on the SEC's website. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); *SHO Prod., LLC v. Puff Corp.*, 2023 WL 2629021, at *3 (C.D. Cal. Jan. 23, 2023) (taking judicial notice of assignment records because they are "public filings recorded with either the PTO or state agencies"); *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1252 (S.D. Cal. 2018) ("Administrative agency records are subject to judicial notice."); Fed. R. Evid. 201. For these reasons, the Court should overrule Entropic's objections to Exhibits E-I, K, and L. *Successor Agency*, 364 F. Supp. 3d at 1085 ("courts tend not to exclude evidence before trial based on objections to form—such as a lacks foundation challenge—as opposed to whether its contents are admissible.").

## V. CONCLUSION

For the reasons discussed above, Entropic's Objections should be overruled in their entirety.

---

assignment to Entropic by MaxLinear Communications LLC).

Dated: July 7, 2023

WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*

Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Ave., Fl. 40
New York City, NY 10166
Tel: (212) 294-6700
Fax: 212-294-4700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Brian Ferguson (*pro hac vice*)
bferguson@winston.com
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker, Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312)558-5700

*Attorneys for Comcast Defendants*