Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: +1 310.552.5000
Facsimile: +1 310.552.5001

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*; <br><br> Defendants. | Case No. 2:23-cv-1049-JWH-KES <br> Case No. 2:23-cv-1050-JWH-KES <br><br> **JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT** <br><br> Scheduling Conf.:   July 21, 2023 <br> Time:            9:00 AM <br> Crtrm:           9D (Santa Ana) |
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, *et al.*, <br><br> Defendants. | |

1

JOINT RULE 26(f) REPORT

The parties, Plaintiff Entropic Communications, LLC ("Entropic") and Defendants Comcast Corporation ("Comcast Corp."); Comcast Cable Communications, LLC ("Comcast Communications"); and Comcast Cable Communications Management, LLC ("Comcast Management"), (collectively "Comcast" or "Comcast Defendants"); and Defendants Cox Communications, Inc.; Coxcom, LLC and Cox Communications California LLC, (collectively "Cox" or "Cox Defendants"); provide this Joint Rule 26(f) Report in accordance with the Court's Orders of May 17, 2023 (ECF No. 44; ECF No. 53), Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Orders of this Court.

**(1)    Statement of the Case:**

**A. *Entropic's Statement***

This case arises from Defendants' infringement of eight Entropic patents for various network communications technology. Entropic filed a Complaint (ECF No. 1) on February 10, 2023 asserting that Defendants infringe U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), 10,135,682 (the "'682 Patent"), 11,381,866 (the "'866 Patent"), and 11,399,206 (the "'206 Patent") (collectively, the "Patents-in-Suit"). Entropic asserts that Defendants directly infringe the Patents-in-Suit through their provision of cable television and internet services, cable modem products, and set top boxes, and that such infringement is willful. Entropic further asserts that Defendants actively induce and contribute to their customers' direct infringement of the Patents-in-Suit.[1]

Entropic Communications, Inc., the predecessor in interest to Entropic as to the Patents-in-Suit, pioneered innovative networking technologies, as well as television and internet related technologies. These technologies simplified the

---

[1] Entropic filed its First Amended Complaint against Comcast (ECF No. 63) on June 5, 2023 asserting infringement of the same patents as its initial Complaint.

installation required to support wideband reception of multiple channels for demodulation, improved home internet performance, and enabled more efficient and responsive troubleshooting and upstream signal management for cable providers. These innovations represented significant advances in the field, simplified the implementation of those advances, and reduced expenses for providers and customers alike. The Patents-in-Suit are the result of years of research and development in satellite and cable technology. These innovations are utilized by Defendants to provide enhanced and expanded services to customers, which in turn has increased revenues for Defendants while at the same time reducing costs. Entropic reserves the right to amend this section in response to Defendants' statements.

Entropic denies Defendants' arguments and assertions set forth below.

### B. *Comcast's Statement*

For the reasons discussed in Comcast's Rule 12(b)(1) motion filed on June 20, 2023, Entropic's cases against Comcast lack subject matter jurisdiction because the asserted patents are subject to a covenant not to sue granted to Comcast. Accordingly, this case should be dismissed.

Should this case proceed, Comcast does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of Patents-in-Suit. Entropic's claims are invalid and/or ineligible and not enforceable for a number of reasons, including but not limited to patent invalidity, prosecution history estoppel and inequitable conduct.  Entropic's requested relief is improper and should be denied. Entropic's claims for willful infringement are also implausible and therefore should be dismissed.

Additionally and independently, Entropic acquired the Patents-in-Suit from various predecessor entities, including MaxLinear, Inc. and MaxLinear Communications LLC.  In doing so, Entropic and those entities are bound by Cable

Television Laboratories, Inc. ("Cable Labs") and DOCSIS IPR policies, and the asserted patents may be subject to a royalty free license or other limitations. Entropic has independently failed to comply with those IPR policies. As a result, Entropic lacks standing to assert the Patents-in-Suit and is in breach of the applicable IPR policies. Entropic also has tortiously interfered with Comcast's contractual relationship with MaxLinear, Inc. and MaxLinear Communications LLC, and continues to do so. Given the prior activities of its predecessors, Entropic's claims for damages are also limited or barred by waiver, estoppel and failure to mark.

### C. *Cox's Statement*

Cox does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit. Entropic's claims are invalid and unenforceable for a number of reasons, including but not limited to patent invalidity, prosecution history estoppel and inequitable conduct. Entropic's requested relief is improper and should be denied.

Additionally and independently, Entropic acquired the Patents-in-Suit from various predecessor entities, including MaxLinear, Inc. and MaxLinear Communications LLC.  In doing so, Entropic and those entities are bound by Cable Television Laboratories, Inc. ("Cable Labs") and DOCSIS IPR policies, and the asserted patents may be subject to a royalty free license or other limitations. Entropic has independently failed to comply with those IPR policies.  As a result, Entropic lacks standing to assert the Patents-in-Suit and is in breach of the applicable IPR policies. Finally, given the prior activities of its predecessors, Entropic's claims for damages are limited or barred by waiver, estoppel and failure to mark.

**(2)** <u>**Subject Matter Jurisdiction**</u>:

<u>Entropic's Position</u>: This is a civil action alleging patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*. This Court has exclusive subject matter

---

315780469.10

1  jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

2      Comcast's Position: The Comcast Defendants were granted a covenant not to

3  sue by MaxLinear, Inc., on behalf of MaxLinear, Inc. and its affiliates, including

4  MaxLinear Communications LLC.   When MaxLinear, Inc. and MaxLinear

5  Communications LLC attempted to assign their patents to Plaintiff Entropic

6  Communications, LLC, they did so subject to that encumbrance. *See* Case No. 2:23-

7  cv-1048, Dkt. 83. The Comcast Defendants have moved to dismiss this matter for

8  lack of subject matter jurisdiction. *Id*.

9  **(3)**   **Consolidation:**

10      Entropic filed two cases on February 10, 2023 alleging patent infringement of

11  the same group of patents by two different groups of defendants. Those cases, which

12  include the instant action, are:

13      • *Entropic Communications, LLC v. Cox Communications, Inc., et al.* Case

14  No. 2:23-cv-01049, Filed February 10, 2023 (C.D. Cal.) ("Cox Action").

15      • *Entropic Communications, LLC v. Comcast Corporation, et al.* Case No.

16  2:23-cv-01050, Filed February 10, 2023 (C.D. Cal.) ("Comcast Action") (together

17  with the Cox Action, the "Related Actions").

18      Cox and Comcast (the "Consolidated Defendants"), and Entropic (the

19  "Consolidated Parties") have agreed, for pretrial purposes, to consolidate these cases

20  through the *Markman* hearing. The parties have agreed upon a consolidated

21  discovery plan which is detailed below in Section (12).

22  **(4)**   **Legal Issues:**

23      Entropic's Position:  The primary disputed legal issues include:

24      1)  Whether Defendants infringed the Patents-in-Suit;

25      2)  Whether Entropic is entitled to damages for Defendants' infringement;

26      3)  Whether Entropic is entitled to injunctive relief;

27      4)  Whether Entropic is entitled to treble damages pursuant to 35 U.S.C. §284;

28

315780469.10

1    and

2    5) Whether Entropic is entitled to attorneys' fees.

3

4    <u>Comcast's Position</u>:  The primary disputed legal issues include:

5    1) Whether Comcast immunized from this lawsuit by the covenant not to sue;

6    2) Whether the asserted patents are valid;

7    3) Whether the asserted patents are enforceable;

8    4) Whether Entropic has standing to bring this action;

9    5) Whether the asserted claims of the Patents-in-Suit are infringed;

10   6) Whether the asserted patents were obtained through inequitable conduct;

11   7) Whether Entropic's assertion of the patents is barred by equitable estoppel;

12   8) Whether Entropic intentionally interfered with contractual relations
13      between Comcast and MaxLinear, including through these lawsuits and
14      related activities;

15   9) Whether Comcast is entitled to damages for Entropic's intentional
16      interference with contractual relations between Comcast and MaxLinear,
17      and the measure of those damages;

18   10)   Whether Entropic performed an adequate pre-filing investigation to
19      bring this lawsuit; and

20   11)   Whether Comcast is entitled to attorneys' fees.

21

22   <u>Cox's Position</u>:  The primary disputed legal issues include:

23   1) Whether the Patents-in-Suit are valid;

24   2) Whether the Patents-in-suit are enforceable;

25   3) Whether Entropic has standing to bring this action;

26   4) Whether Entropic has complied with FRAND terms;

27   5) Whether Entropic's claims are barred by prosecution estoppel, release,

28

315780469.10

license, exhaustion, or equitable doctrines;

6)  Whether Cox infringed the Patents-in-Suit; and

7)  Whether Cox is entitled to attorneys' fees.

**(5)    Parties, Evidence, etc.:**

Entropic's Position: Witnesses and key documents that Entropic is currently aware of are identified in Section 12(c) below.

Comcast's Position:  : Witnesses and key documents that Comcast is currently aware of are identified in Section 12(c)

Cox's Position: Witnesses and key documents that Cox is currently aware of are identified in Section 12(c).

**(6)    Damages:**

Entropic's Position: At this time, Entropic does not know the specific range of provable damages because it has not yet received relevant discovery from Defendants, but Entropic believes provable damages will be in the range of at least $1 billion with respect to Comcast and at least $200 million with respect to Cox. Entropic is eligible to recover an award of past, present, and future damages adequate to compensate Entropic for Defendants' infringement of the patents-in-suit, or, in the alternative, an award of Defendants' total profits under 35 U.S.C. § 289. Entropic further believes it is eligible to recover treble damages pursuant to 35 U.S.C. § 284, an award of Defendants' attorneys' fees under 35 U.S.C. § 285, and prejudgment and post judgment interest on all monetary awards.

Comcast's Position: Entropic is not entitled to any damages for at least the reason that Comcast was granted a covenant not to sue, and each of the asserted patents cannot be asserted against Comcast.  Further, Comcast does not infringe each of the asserted patents, each of the asserted patents is invalid and/or patent ineligible, and Entropic is not entitled to any damages for these additional reasons.  Entropic is further not entitled to damages because its case is barred by equitable doctrines,

including equitable estoppel, and because several of the asserted patents were obtained through fraud on the United States Patent Office. Entropic's damages are further limited and/or barred by CableLabs and/or DOCSIS IPR policies.  In addition, Comcast is entitled to damages for Entropic's intentional interference with contractual relations with respect to MaxLinear.

Cox's Position: Entropic is not entitled to any damages for at least the reason that Entropic does not have standing to sue Cox on the Patents-in-Suit.  Further, Cox does not infringe each of the Patents-in-Suit, and each of the Patents-in-Suit is invalid, and Entropic is not entitled to any damages for these additional reasons. Entropic is further not entitled to damages because its case is barred by equitable doctrines, including equitable estoppel.  Entropic's damages are further limited and/or barred by CableLabs and/or DOCSIS IPR policies.  In addition, Cox is entitled to damages for Entropic's intentional interference with contractual relations with respect to MaxLinear.

**(7)    Insurance:**

Entropic is not aware of any insurance coverage or insurance related issues at this time.

Comcast is not aware of any insurance coverage or insurance related issues at this time.

Cox is not aware of any insurance coverage or insurance related issues at this time.

**(8)    Motions:**

Entropic: Entropic does not presently intend to file a motion to add parties or claims.  Entropic has requested leave to amend if Comcast's motions are granted. Entropic may move for leave to file an amended complaint and/or a supplemental pleading to assert additional facts to support the existing claims and remedies, if necessary to further clarify its claims and avoid unnecessary motion practice.

JOINT RULE 26(f) REPORT

315780469.10

**Comcast**: On May 18, 2023, Comcast filed a Motion to Dismiss Entropic's allegations of willful infringement pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 48. On May 22, 2023, Comcast filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing. ECF No. 57. On June 5, 2023, Entropic filed a First Amended Complaint, ECF No. 63, thereby mooting Comcast's motions.

**Cox**: Cox has not filed any motions in this action.

At this time, the parties do not anticipate filing any motions to transfer venue.

**(9)    Manual for Complex Litigation:**

The parties believe this matter does not require the procedures of the Manual for Complex Litigation at this time.

**(10)    Status of Discovery:**

Neither party has served any discovery and no discovery has been completed. Entropic has held off on serving discovery until after the discovery limits applicable to each party are agreed upon or the Court issues an order as to disputed limits.

**(11)    Special Master for Discovery:**

The Consolidated Parties have stipulated to the appointment of David Keyzer, Esq. as special master for discovery purposes in these cases.  The Stipulation for the Appointment of a Special Master, Proposed Order, and Declaration of Mr. Keyzer were filed with the Court on June 8, 2024 (23-1049 ECF No. 60; 23-1050 ECF No. 72).  The Court issued its Order appointing Mr. Keyzer on July 5, 2023.  (23-1049 ECF No. 62; 23-1050 ECF No. 90.)

**(12)    Consolidated Discovery Plan:**

**A. *Changes to Discovery***

The Consolidated Parties do not believe any changes are necessary to the timing, form, or requirement for disclosures under Rule 26(a) aside from the discovery proposal outlined in this Section (12).

9
JOINT RULE 26(f) REPORT

315780469.10

**B.** *Subjects on Which Discovery Needed and Completion Date*

The Consolidated Parties do not believe it is necessary to conduct discovery in phases. Per the Court's guidance, the parties will seek to set a schedule for the completion of fact discovery and expert discovery, pre-trial motions, and trial after conclusion of the *Markman* hearing. As Entropic previously noted during the June 9 hearing, it may seek jurisdictional discovery in response to Comcast's renewed motion to dismiss pursuant to Rule 12(b)(1).

**C.** *Plaintiff's Anticipated Subjects of Discovery*

Entropic anticipates propounding requests for production of documents, interrogatories, and requests for admission on each of the Consolidated Defendants. Entropic further anticipates serving third party subpoenas for documents and depositions of third party witnesses. In addition, Entropic anticipates deposing the following witnesses: (1) a Rule 30(b)(6) designee for each of the respective Consolidated Defendants; (2) any employees, representatives, or agents for the respective Consolidated Defendants who were involved with the design, production, advertising, sale, and display of the accused products; (3) any employees, representatives, or agents for each of the respective Consolidated Defendants who had knowledge of Entropic, MaxLinear, Inc., MaxLinear Communications, LLC and their respective patents and their infringement thereof; and (4) any employees, representatives, or agents for the respective Consolidated Defendants who have knowledge of each of the Respective Consolidated Defendants' profits attributable to sales of accused products; (5) any employees, representatives, or agents for each of the respective Consolidated Defendants who were involved with the design, production, advertising, sale, and display of the accused products.

**D.** *Consolidated Defendants' Anticipated Subjects of Discovery*

Consolidated Defendants anticipate propounding requests for production of documents, interrogatories, and requests for admission on each of Entropic.

315780469.10

Consolidated Defendants further anticipate serving third-party subpoenas for documents and depositions of third-party witnesses. In addition, Consolidated Defendant anticipates deposing the following witnesses: (1) a Rule 30(b)(6) designee for Entropic; (2) any employees, representatives, or agents for Entropic related in the acquisition of the Patents-in-Suit or monetization efforts, or knowledge regarding any licenses or revenue associated with the Patents-in-Suit, or any purported value of the Patents-in-Suit; (3) any employees, representatives, or agents for MaxLinear, Inc. or MaxLinear, LLC with knowledge regarding the attempted assignment of the Patents-in-Suit to Entropic, with knowledge of MaxLinear's participation in this litigation or decision to pursue this litigation, with knowledge of the Patents-in-Suit, with knowledge of MaxLinear's (or its predecessors) standards setting organization activities and intellectual property rights obligations, or with knowledge of the development of any products that embody any of the Patents-in-Suit; (4) any third party witnesses with knowledge of the topics identified in part (3); (5) the named inventors of the Patents-in-Suit, including on issues of conception and reduction to practice of each alleged invention, efforts to commercialize each alleged invention, any alleged commercial success of each alleged invention, and any development of any products that embody each alleged invention; and (6) any third party witnesses with knowledge of the prior art. The Consolidated Defendants additionally anticipate discovery upon the standard setting organizations relevant to the Patents-in-Suit and accused products, including any intellectual property rights commitments associated with those standard setting organizations, including CableLabs and DOCSIS and various of the individuals and entities participating in CableLabs and DOCSIS.  Further, additional discovery is anticipated of Broadcom, a supplier for some of the accused functionality in this case.

The Consolidated Defendants will also seek discovery regarding the correct measure of any alleged damages, including any licenses related to the technology.  The Consolidated

315780469.10

Defendants intend to seek discovery regarding the predecessors-in-interest in the Patents-in-Suit for each of the above topics and the alleged assignment by third parties and MaxLinear of the Patents-in-Suit. To the extent Entropic seeks discovery on any issue, the Consolidated Defendants intend to seek rebuttal discovery accordingly.

### E. *Depositions*

Entropic may take up to a total of [Plaintiff: 100; Consolidated Defendants: 70][2] hours of deposition testimony of each Defendant (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees). The Consolidated Defendants may jointly take up to [Plaintiff: 40; Consolidated Defendants: 110] hours of deposition testimony of Entropic (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees).[3] Each Defendant may also take up to [Plaintiff: 30; Consolidated Defendants: 49] hours of deposition testimony of Entropic (inclusive of both 30(b)(1) and 30(b)(6) depositions, whether officers, directors, and employees). Entropic may take up to a total of 90 hours of deposition testimony of third parties. Each Defendant may each take up to a total of 90 hours of deposition testimony of third parties. Expert depositions may last 7 hours per expert per report that the expert submits, absent agreement of the parties or court order. In addition to the 7 hour per report deposition, if the expert witness issues a report addressing infringement or damages issues regarding multiple of the Consolidated Defendants, for that report, the expert witness may be deposed for 7

---

[2] Where the parties disagree, brackets are inserted showing each party's position.

[3] Consolidated <u>Defendants' Position</u>: Despite Defendants' explicit request, Entropic refused to identify whether it has any witnesses besides Mr. Boris Teksler. Entropic also refused to disclose whether any of the named inventors of the asserted patents were represented by Entropic and/or would be presented as Entropic witnesses.

<u>Entropic's Position</u>: The questions asked by Comcast's counsel during the Rule 26 conference of counsel about Entropic's witnesses are more appropriately addressed in Entropic's initial disclosures (which should answer the questions about the inventors and other witnesses), during discovery, and in connection with addressing 30(b)(6) notices and topics.

315780469.10

hours by each Defendant.[4]

### F. *Requests for Production*

Entropic may serve (75) requests for production on each Defendant and each Defendant may serve (75) requests for production on Entropic.

### G. *Interrogatories*

Entropic may serve up to [Plaintiff: 10; Consolidated Defendants 15] common interrogatories on the Consolidated Defendants and up to [Plaintiff: 15; Consolidated Defendants 10] individual interrogatories on each Defendant. The Consolidated Defendants may serve up to (10) common interrogatories on Entropic and each Defendant may serve up to an additional (15) interrogatories on Entropic.

### H. *Requests for Admissions*

Entropic may serve up to (30) common requests for admission on the Consolidated Defendants and up to (30) individual requests for admission on each Defendant.  The Consolidated Defendants may serve up to (30) common requests for admission on Entropic, and each Defendant may serve up to (30) individual requests for admission on Entropic. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

### I. *Issues About Disclosure, Discovery, or Preservation of ESI*

The Consolidated Parties anticipate working together to determine the appropriate form of production for ESI. Documents shall be produced as single-page Tagged Image File Format ("TIFF") format. TIFF files shall be named with a unique production number followed by the appropriate file extension. Load files shall be

---

[4] For purposes of Section D, E, F, and G, the phrase "each Defendant" refers to each group of affiliated defendants and not to each separate defendant in a group of affiliate defendants.

provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments shall be maintained as they existed in the original document.

The Consolidated Parties are not aware of other issues concerning disclosure, discovery, or preservation of ESI. Should it be necessary, the Consolidated Parties will enter into a stipulation and propose to the Court an ESI Order governing ESI discovery in this case. The Consolidated Parties have agreed to enter into a protective order to address concerns over the disclosure of confidential and highly confidential material. On June 22, 2023, Entropic sent to the Consolidated Defendants a draft Protective Order consistent with Magistrate Judge Scott's published form order, and Defendants are coordinating on the Protective Order. The parties have agreed to exchange initial disclosures on July 14, 2023.

The Parties will meet and confer to come to an agreement on the timing of exchange of privilege logs.

### J. *Any Other Orders*

Other than the potential ESI order and protective order discussed above, the parties do not believe any other orders are necessary under Rule 26(c) or Rule 16(b) or (c).

**(13)** **Discovery Cut-off**:

Consolidated Parties agree to propose a schedule for the completion of Fact Discovery and Expert Discovery after completion of the *Markman* Hearing and related *Markman* Order.

Consolidated Defendants' Position: The Consolidated Defendants believe that a post-*Markman* Hearing schedule should include dates by which Entropic agrees to reduce the number of asserted claims. Defendants have discussed this with Entropic as early as their first meet and confer in this matter.

Entropic's Position: The Consolidated Defendants did not raise this issue

1  during the Rule 26 conference of counsel nor have they initiated a meet and confer
2  on this issue.  Entropic will, of course, meet and confer on this issue if requested.

3  **(14)   Expert Discovery:**

4  The parties agree that Expert Discovery shall be completed by Friday,
5  September 20, 2024 as set forth in **Exhibit A**. Initial Expert Reports shall be
6  disclosed by Friday, July 12, 2024. Rebuttal Expert Witness Reports shall be
7  disclosed by Friday, August 16, 2024.

8  **(15)   Dispositive Motions:**

9  Entropic's Position: Entropic may move for summary judgment or partial
10  summary judgment of infringement and/or to dismiss affirmative defenses and/or
11  counterclaims.

12  Comcast's Position: Comcast has moved to dismiss, pursuant to Rule
13  12(b)(1), for lack of subject matter jurisdiction.  Should Comcast's motion not be
14  granted, Comcast will assess the other motions it intends to bring.

15  Cox's Position: Cox will address potential dispositive motions following
16  additional discovery.

17  **(16)   Settlement/Alternative Dispute Resolution (ADR):**

18  Entropic's Position: Entropic believes that this case is best suited for private
19  mediation, which shall occur by September 13, 2024.

20  Comcast's Position: Comcast requests a settlement conference with the
21  assigned magistrate judge pursuant to Section 15 of the Court's scheduling order.

22  Cox's Position: Cox believes the parties should confer concerning mediation
23  after a claim construction ruling and consider mediation before a Magistrate Judge
24  and private mediation.

25  **(17)   Trial Estimate:**

26  Entropic's Position: Entropic has requested a jury trial. Entropic contemplates
27  calling between 6 and 9 witnesses, depending on how many issues remain after

28

summary judgment. Entropic estimates it will take 6-8 days to complete its case in chief in this matter before a jury, depending on how many issues remain after summary judgment.

Comcast's Position: Should this case proceed, Comcast will request a jury trial.  Comcast believes that the time for trial and the number of witnesses will depend on the number of patents at issue during that trial, and given the number of asserted patents, and is not ripe for consideration at this time.

Cox's Position: Cox believes that the time for trial and number of witnesses will depend on the number of patents at issue during trial, and given the current number of Patents-in-Suit, Cox believes that the time for trial and number of witnesses is not ripe for consideration at this time.

**(18)** **Trial Counsel:**

*For Entropic*:

Christina N. Goodrich (*christina.goodrich@klgates.com*)

Connor J. Meggs (*connor.meggs@klgates.com*)

James A. Shimota (*jim.shimota@klgates.com*)

Jason A. Engel (*jason.engel@klgates.com*)

Katherine L. Allor (*katy.allor@klgates.com*)

Samuel P. Richey (*samuel.richey@klgates.com*)

Nicholas F. Lenning (*nicholas.lenning@klgates.com*)

Kenneth Bridges (*bridgesip@icloud.com*)

*For Comcast*:

Krishnan Padmanabhan (*kpadmanabhan@winston.com*)

Diana H. Leiden (*dhleiden@winston.com*)

Brian E. Ferguson (*beferguson@winston.com*)

Saranya Raghavan (*sraghavan@winston.com*)

*For Cox*:

April E. Isaacson (*aisaacson@kilpatricktownsend.com*)

Rishi Gupta (*rgupta@kilpatricktownsend.com*)

Mitchell G. Stockwell (*mstockwell@kilpatricktownsend.com*)

Vaibhav P. Kadaba (*wkadaba@kilpatricktownsend.com*)

Michael J. Turton (*mturton@kilpatricktownsend.com*)

Courtney S. Dabbiere (*cdabbiere@kilpatricktownsend.com*)

Christopher S. Leah (*cleah@kilpatricktownsend.com*)

Sarah Y. Kamran (*skamran@kilpatricktownsend.com*)

**(19)   <u>Independent Expert or Master</u>:**

On June 8, 2023, the parties submitted a joint stipulation to request appointment of David Keyzer as special master for discovery purposes. (23-1049 ECF No. 60; 23-1050 ECF No.  72.) The Court issued its Order appointing Mr. Keyzer on July 5, 2023.  (23-1049 ECF No. 62; 23-1050 ECF No. 90.)

**(20)   <u>Timetable</u>:**

The proposed schedule of dates up to and including the claim construction hearing is attached as **Exhibit A**.  The Consolidated parties have offered competing proposals for the Court's consideration.

**(21)   <u>Amending Pleadings and Adding Parties</u>:**

The parties reserve the right to amend pleadings to add additional parties or to include additional claims that each may discover are appropriate after conducting discovery.

**(22)   <u>Other issues</u>:**

At this time, the parties are not aware of any other issues affecting the status or management of the case. The parties plan to file a protective order to protect their confidential and proprietary business information.

**(23)   <u>Consent to Proceed Before Magistrate Judge</u>:**

JOINT RULE 26(f) REPORT

315780469.10

1    The parties do not agree to try the case before a Magistrate Judge.

2

3    Dated: July 7, 2023                    K&L GATES LLP

4

5                                            By:   /s/ Christina N. Goodrich
                                                   Christina N. Goodrich (SBN 261722)
6                                                  Connor J. Meggs (SBN 336159)

7                                                  *Attorneys for Plaintiff Entropic*
                                                   *Communications, LLC*
8

9
     Dated: July 7, 2023                    WINSTON & STRAWN LLP
10

11
                                            By:   /s/ Krishnan Padmanabhan
12                                                 Krishnan Padmanabhan (SBN 254220)
                                                   Diana H. Leiden  (SBN 267606)
13                                                 Brian E. Ferguson
                                                   Saranya Raghavan
14
                                                   *Attorneys for Defendant*
15                                                 *Comcast Corporation, et al.*

16

17

18   Dated: July 7, 2023                    KILPATRICK TOWNSEND & STOCKTON LLP

19

20                                          By:   /s/ April E. Isaacson
                                                   April E. Isaacson (SBN 180638)
21

22                                                 *Attorney for Defendant*
                                                   *Cox Communications, Inc., et al.*
23

24

25

26

27

28
                                            18
                                 JOINT RULE 26(f) REPORT

1

## **SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

K&L GATES LLP


By:   /s/ *Christina N. Goodrich*
      Christina N. Goodrich (SBN 261722)

*Attorney for Plaintiff Entropic Communications, LLC*

19

JOINT RULE 26(f) REPORT

EXHIBIT A
PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Entropic Communications, LLC v. Cox Communications, Inc. et al.* (Case No.2:23−cv−01048−JWH−KES *Entropic Communications, LLC v. Comcast Corporation, et al.* (Case No.2:23−cv−01048−JWH−KES); *Entropic Communications, LLC v. DISH Network Corporation, et al.* (Case No. 2:23-cv-01043-JWH-KES).

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Claim Construction Hearing | Tuesday, February 27, 2024 | Tuesday, October 22, 2024 | |
| Reply Claim Construction Brief | Friday, February 9, 2024 | Friday, August 23, 2024 | |
| Responsive Claim Construction Brief | Friday, February 2, 2024 | Friday August 2, 2024 | |
| Opening Claim Construction Brief | Friday, January 19, 2024 | Friday, July 12, 2024 | |
| Completion of Claim Discovery | Friday, January 5, 2024 | Friday, June 21, 2024 | |
| JCCS and Prehearing Statement, including Expert Declarations | Friday, December 1, 2023 | Friday, May 24, 2024 | |
| Exchange of Proposed Constructions | Friday November 3, 2023 | Thursday, April 26, 2024 | |
| Exchange of Terms Proposed for Construction | Friday, October 13, 2023 | Friday, March 15, 2023 | |
| Disclosure of Invalidity Contentions and Accompanying Document | Monday, September 25, 2023 | Friday, January 12, 2023 | |

20
JOINT RULE 26(f) REPORT

| Production | | | |
|---|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions, and Accompanying Document Production | Friday, August 11, 2023 | Friday, October 13, 2023 | |

ADR [L.R. 15-15] Settlement Choice (Entropic and Cox):

☐ Attorney Settlement Officer Panel

■ **<u>Private Mediation</u>**

☐ Magistrate Judge

ADR [L.R. 15-15] Settlement Choice (Comcast and Cox[5]):

☐ Attorney Settlement Officer Panel

☐ Private Mediation

■ **<u>Magistrate Judge</u>**

---

[5] Cox is amenable to private mediation and a settlement conference with the assigned Magistrate Judge.

JOINT RULE 26(f) REPORT

315780469.10