Krishnan Padmanabhan (SBN 254220)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  212-294-6700
Facsimile:  212-294-4700
KPadmanabhan@winston.com

Brian E. Ferguson (*admitted Pro Hac Vice*)
WINSTON AND STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone:  202-282-5000
Facsimile:  202-282-5100
Email: beferguson@winston.com

Diana Hughes Leiden (SBN 267606)
WINSTON AND STRAWN LLP
333 South Grand Avenue 38th Floor
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:  213-615-1750
Email: dhleiden@winston.com

Saranya Raghavan (*admitted Pro Hac Vice*)
WINSTON AND STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5600
Facsimile:  312-558-5700
Email: sraghavan@winston.com

Attorneys for Defendants
COMCAST CORPORATION; COMCAST CABLE
COMMUNICATIONS, LLC; AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION, et al.,<br><br>Defendants. | **Case No. 2:23-cv-01048-JWH-KES**<br>**2:23-cv-01050-JWH-KES**<br><br>**NOTICE OF LODGING OF DEFENDANTS' SLIDES PRESENTED AT THE AUGUST 9, 2023 HEARING ON DEFENDANTS' MOTION TO DISMISS** |

Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Comcast") hereby give notice that it is lodging a copy of the slides that it presented during the August 9, 2023 hearing on Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Management, LLC's motion to dismiss, which is attached hereto as Exhibit A.

Dated:  August 10, 2023                    WINSTON & STRAWN LLP


By /s/ Krishnan Padmanabhan
   Krishnan Padmanabhan
   Brian E. Ferguson
   Diana Hughes Leiden
   Saranya Raghavan

Attorneys for Defendants
COMCAST CORPORATION;
COMCAST CABLE COMMUNICATIONS,
LLC; AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC

# EXHIBIT A

# *Entropic Communications, LLC v. Comcast Corp. et al.*

## Comcast's Motion to Dismiss under 12(b)(1) / 12(b)(6)

Civil Action Nos. 2:23-cv-1048, 2:23-cv-1050

August 9, 2023

1

# Comcast and MaxLinear

## MaxLinear chips power millions of devices in Comcast subscriber homes



# The Vendor Support Agreement



7.3    **Covenant Not to Assert.** During the Term, Vendor, on behalf of itself and all Affiliates (each, a "Vendor Covenanting Party"), to the extent Comcast, Comcast's Affiliates, (each, a "Comcast Protected Party") have not willfully infringed a Vendor Covenanting Party's patent, copyright, or trademark, or knowingly misappropriated a Vendor Covenanting Party's trade secret, covenants not to sue Comcast Protected Party for patent, copyright, or trademark infringement, or for misappropriation of trade secrets, as the case may be, with respect to Comcast Protected Party's purchase, use, or deployment of any product or service. Nothing herein shall limit or restrict Vendor Covenanting Party's ability or right to assert any claim of infringement, to seek damages, or to enjoin Comcast's or Comcast's Affiliates' vendors for

# Timeline of Events



**Aug. 2020:**
MaxLinear, Inc. and Comcast Cable Comm. Mgmt, LLC enter VSA with covenant not to sue on behalf of themselves and affiliates, through July 31, 2026

**Mar. 2021:**
MaxLinear, Inc. and affiliate MaxLinear Comms. LLC assign patents to Entropic Comms., LLC

**Feb. 10, 2023:**
Entropic files 1048 and 1050 matters against Comcast in C.D. Cal.

**Apr. 17, 2023:**
Comcast informs Entropic of the covenant not to sue

**May 3, 2023:**
Comcast provides copy of VSA / covenant not to sue to Entropic

**May 8, 2023**
Meet & Confer on Comcast's Motion

**May 23, 2023**
MaxLinear sends "termination notice"

**May 26, 2023**
Comcast sues MaxLinear in SDNY

**2020**          **2021**          **2022**          **2023**

5

# The Rule 12(b)(1) Framework: Entropic Bears the Burden

- Entropic "bears the burden of establishing the court's jurisdiction." *Engasser v. Tetra Tech, Inc.*, 519 F. Supp. 3d 703, 706 (C.D. Cal. 2021).

- In particular, Entropic's burden is to "demonstrate ***facts*** sufficient to support" jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) (emphasis added)

# What Entropic Does Not Dispute

- MaxLinear, Inc. and Comcast Cable Comms. Mgmt., LLC entered the VSA

- MaxLinear, Inc. and MaxLinear Comms. LLC are affiliates

- The Comcast defendants are affiliates of Comcast Cable Comms. Mgmt., LLC

- All 20 asserted patents were owned by MaxLinear, Inc. or MaxLinear Comms. LLC. when assignment to Entropic occurred

- The covenant was in effect when Entropic filed suit

- MaxLinear never accused Comcast of infringement of any patent prior to the filing of these lawsuits

7

# MaxLinear's CEO and CFO Signed the Assignments to Entropic



# All Twenty Asserted Patents Are Covered by the Covenant



**6 patents in 1048**

**Remaining 2 patents 1048**
**All 12 patents in 1050**

# MaxLinear's Top Brass Executed the VSA Granting Comcast the Covenant Not to Sue



## Steven Litchfield

**CHIEF FINANCIAL OFFICER & CHIEF CORPORATE STRATEGY OFFICER**

MaxLinear, Inc.

By: _____

Name: STEVEN LITCHFIELD
Title: CFO
Date: 11/2/20

# MaxLinear, Inc. Wholly Owns MaxLinear Communications LLC



# Entropic's Arguments

1. **MaxLinear, Inc. could not bind its wholly-owned subsidiary MaxLinear Communications, LLC to the covenant not to sue**

2. Covenant not to sue is conditional and therefore preserves subject matter jurisdiction

3. Comcast willfully infringed

4. MaxLinear terminated the VSA through a May 23, 2023 letter

12

"A contract entered by a parent corporation is binding on the subsidiaries when, as here, there is a provision in the contract that explicitly binds them." *Doosan Infracore Co., Ltd v. Ingersoll-Rand Co. Ltd.*, 2011 WL 11821022, at *4 (N.Y. Sup. Ct. Mar. 15, 2011).

"A parent company has the right to dispose of the property of a subsidiary as long as that disposal does not impair the rights of creditors." *Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 954 F. Supp. 2d 199, 208 (S.D.N.Y. 2013).

# MaxLinear, Inc. Can, *and Did*, Bind MaxLinear Communications LLC

1.  Covenant "on behalf of MaxLinear, Inc. **and all [its] Affiliates** … " VSA § 7.3.

2.  MaxLinear represented "full power and authority" to satisfy obligations under VSA. VSA § 8.1(d).

3.  MaxLinear, Inc's CFO signed both the VSA, and the Assignment on behalf of MaxLinear Communications LLC as CFO.

Dkt 92-1 (Ex. A, VSA) §§ 7.3, 8.1(d); *id.* at 54; Dkt. 83-12 (Ex. L) at 42

# Entropic's Arguments

1. MaxLinear, Inc. could not bind its wholly-owned subsidiary MaxLinear Communications, LLC to the covenant not to sue

2. **Covenant not to sue is conditional and therefore preserves subject matter jurisdiction**

3. Comcast willfully infringed

4. MaxLinear terminated the VSA through a May 23, 2023 letter

15

# The Covenant Is Not Conditional

- The covenant does not rely on any condition.

- The willfulness exemption is written in the present perfect, and thus refers to any willfulness that pre-dates the VSA. *Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir. 2010).
  - Entropic does not plausibly allege willfulness for any asserted patent.

- "A promise not to sue, even with an exception, will still erase the controversy" if there is no "non-speculative likelihood that the exception will actually apply." *Induction Innovations, Inc. v. Pacholok*, 2014 WL 4922350, at *11 (N.D. Ill. 2014) (emphasis added*); Organic Seed Growers and Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1360 (Fed. Cir. 2013).

16

# Entropic's Cited DJ Case Law Is Inapplicable

- In each of those cases, the DJ plaintiff brought or mantained its DJ action because the covenant did not apply to a portion of the case

  - *Bristol Myers* – grantor could unilaterally decide covenant was inapplicable

  - *Revolution Eyewear* – covenant did not extend to current accused products

  - *ArcelorMittal* – covenant only applied if Court denied pending motion to expand case

  - *Synopsis* – covenant could be unilaterally withdrawn

17

# Entropic's Reading of the Covenant is Contrary to New York Law

- **A party cannot avoid a contract provision by arguing it never intended to honor that provision.** *Lister v. R & R Menswear, Ltd., 2013 N.Y. Slip Op., 30563, at \*7 (N.Y. Sup. Ct. 2013).*

- **"[I]n interpreting a contract, a court must not adopt an interpretation that would render a contract illusory when it is clear that the parties intended to be bound."** *Zurakov v. Register.Corn, Inc., 304 AD2d 176, 760 NYS2d 13 (1st Dept 2003).*

- Entropic argues that Comcast's involvement in the MoCA alliance, and investments in Legacy Entropic in 2003 and 2006, gave Comcast knowledge resulting in willfulness.

- But MaxLinear (which owned Legacy Entropic) knew of Comcast's involvement in MoCA and investments in Legacy Entropic **when it signed the VSA**.

- Entropic's theory is that MaxLinear granted the covenant not to sue, but never intended to honor it.  This is contrary to New York law.

# Entropic's Reading of the Covenant is Contrary to New York Law

- *Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir. 2010)
  - "The present perfect tense 'refers to (1) a time in the indefinite past . . . , or (2) a past action that comes up to and touches the present.'"

- *Aivaliotis v. Cont'l Broker-Dealer Corp.*, 2005 WL 1552796, at *2 (N.Y. Sup. Ct. June 24, 2005)
  - Contracts must be interpreted to give each clause meaning
  - Contracts cannot be interpreted in a way that allows a party to simply manufacture a scenario to avoid its obligations

# Entropic's Arguments

1. MaxLinear, Inc. could not bind its wholly-owned subsidiary MaxLinear Communications, LLC to the covenant not to sue

2. Covenant not to sue is conditional and therefore preserves subject matter jurisdiction

3. **Comcast willfully infringed**

4. MaxLinear terminated the VSA through a May 23, 2023 letter

# Standard for Sufficiency of Entropic's Willfulness Allegations

- Entropic's willfulness allegations fail even under the 12(b)(6) plausibility standard

- *RJ Tech., LLC v. Apple, Inc.*, 2023 WL 3432237, at *8 (C.D. Cal. Mar. 23, 2023) (Selna, J.): "a claim for willful infringement must allege **facts** from which it can be plausibly inferred that the party accused of infringement had **knowledge of the asserted patent** and **knowledge that the party's alleged conduct constituted . . . infringement of the asserted patent**"

- "Upon information and belief" allegations do not satisfy Entropic's burden under Rules 12(b)(1) or 12(b)(6)

# Entropic Cannot Plausibly Allege Willfulness

| Category of Allegation | Why Allegations Are Implausible | Comcast's Cited Cases Dismissing Similar Allegations | Entropic's Cited Cases Finding Similar Allegations Plausible |
|---|---|---|---|
| (i)  Pre-suit correspondence | Generally offers portfolio and lacks specific allegation. Post-dates VSA. | *Finjan*; *Evolved Wireless* | None. |
| (ii) Lawsuits filed against others | No knowledge attributable to Comcast. Several lawsuits post-date VSA. | *Longitude Licensing*; *MONEC*; *Robocast* | None. |
| (iii) Reputation for innovation | No knowledge of any specific patent or alleged infringement. | *Finjan*; *Longitude Licensing*; *Cedars*; *Dali Wireless* | None. |
| (iv) Diligence before Comcast's 2003 and 2006 investments | Before any asserted patent issued. | *State Indus. Inc.*, *Orthopaedic Hosp.*; *Ipventure Inc.* | None. |
| (v) Identification of MaxLinear patents as prior art during Comcast's prosecution activities | Not the asserted patents. No allegation Comcast infringes those MaxLinear patents. | *Radware*; *Novitaz* | None. |
| (vi) Willful blindness | Conclusory allegation with no factual basis. | *Teradyne* | None. |

░ Entropic Concedes

1. MaxLinear, Inc. could not bind its wholly-owned subsidiary MaxLinear Communications, LLC to the covenant not to sue

2. Covenant not to sue is conditional and therefore preserves subject matter jurisdiction

3. Comcast willfully infringed

4. **MaxLinear terminated the VSA through a May 23, 2023 letter**

# MaxLinear's Written Notice of Termination



MaxLinear, Inc.
5966 La Place Court, Suite 100

May 18, 2023

BY FEDERAL EXPRESS (OVERNIGHT DELIVERY)

Attn. VP, Strategic Procurement
Comcast Cable Communications Management, LLC
One Comcast Center
Philadelphia, PA 19103

To Whom It May Concern:

This letter serves as MaxLinear, Inc.'s **written notice** to Comcast Cable Management Communications, LLC ("Comcast") **of termination** of the Vendor Support Agreement dated as of August 1, 2020 (the "Agreement"), including termination of Statement of Work #1 related thereto.

Sincerely,

Steve Litchfield
Steven Litchfield

c\ Cable Law Department - Operations



# Timeline Required for Any Termination

**11.1 Term.** Unless otherwise terminated as specified herein, the term of this Agreement will commence on the Effective Date and will continue through July 31 , 2026 (this initial term and all renewal terms, if any, collectively the "Term"). This Agreement can be renewed for successive periods of one (1) year each upon mutual agreement of the parties. This Agreement shall continue to govern any outstanding SOWs until their expiration or termination, but Vendor may terminate this Agreement, *upon ninety (90) days' prior written notice to Comcast, if there has been no active SOW for a period of 1 year*.

**SoW § 2.** Subject to the limitations below, *MaxLinear may terminate this SOW at any time upon one (1) years' written notice to Comcast*. Should MaxLinear choose to terminate the SOW pursuant to the preceding sentence, and if Comcast wishes to continue to engage MaxLinear to support the XB6 and XB7 platforms only, the Parties agree to negotiate in good faith regarding the entry into of a new SOW with respect to such support ( other than SLAs which may be renegotiated at that time), provided that Comcast shall pay fees for such support, not to exceed the costs listed below.

# Timeline of Any "Termination"



**May 23, 2023 –**
MaxLinear's
Written Notice
of Termination

**May 23, 2024 –**
Earliest Termination
of SOW (One Year
from Written Notice)

**May 23, 2025 –**
One Year from
No Active SOW

**August 23, 2025 –**
90 Days from One-Year
of No Active SOW

| 2023 | 2024 | 2025 |
| --- | --- | --- |

27

# Discovery Is Not Necessary: Four Corners of the VSA Govern

- Entropic admits that "the plain language and intent of the parties is clear." (Dkt. 96-1 at 18)

- When the parties' intent is clear – as Entropic admits – parol evidence **cannot** be considered under New York law. *Gassman v. Rothlein*, 713 N.Y.S.2d 208, 210 (N.Y. App. Div. 2d Dep't 2000)



# Discovery Is Not Necessary

- Entropic's intended subject for discovery is irrelevant: "whether MaxLinear intended to license its entire IP portfolio . . . for the mere prospect of a SOW."

- The VSA explicitly acknowledges the sufficiency of the consideration. There is no reasonable dispute under New York law. *Schron v. Troutman Sanders LLP*, 986 N.E.2d 430, 436–37 (N.Y. 2013).

- Entropic provides no case law on consideration, and does not dispute Comcast's case law.

# Entropic's Ambiguity Argument Is Premised on Misrepresentation of Comcast's Brief

| First 12(b)(1) Motion | Second 12(b)(1) Motion |
|---|---|
| Thus, CCM and its affiliates cannot be sued to the extent they had not willfully infringed a MaxLinear or MaxLinear affiliate patent at the time the VSA was entered. | Thus, CCM and its affiliates cannot be sued on a MaxLinear or MaxLinear affiliate patent to the extent CCM or its affiliates had not willfully infringed that patent at the time the parties entered into the VSA. |

# Entropic's Ambiguity Argument Is Premised on Misrepresentation of Comcast's Brief

| Entropic's Original Compl. | Entropic's First Amended Compl. |
|---|---|
| • Letters sent beginning in Aug. 9, 2022 (Dkt. 1, ¶ 31) *after* the VSA | • Willfulness based on unasserted patents (*e.g.*, Dkt. 69-1, ¶ 110)<br><br>• Allegation that covenant not to sue is "inoperative and void" upon willful infringement of any patent (Dkt. 69-1, ¶ 60) |

# VSA & Covenant Not to Sue: Maxlinear / Entropic Can Pursue Comcast's Vendors

## 7.3    Covenant Not to Assert.

\* \* \*

Nothing herein shall limit or restrict Vendor Covenanting Party's ability or right to assert any claim of infringement, to seek damages, or to enjoin Comcast's or Comcast's Affiliates' vendors for infringement of Vendor Covenanting Party's Intellectual Property; provided, however, that for a reasonable period of time, up to six (6) months, after Vendor Covenanting Party secures the first of either a final, non-appealable judgment or a final, non-appealable injunction (including without limitation an administrative remedy such as an exclusion order and/or cease and desist order) against a vendor of Comcast Protected Party, Vendor Covenanting Party shall, to the full extent of their authority, permit Comcast Protected Party the opportunity to transition their ongoing supply of the product(s) and/or service(s) that are subject to such judgment or injunction to non-infringing products and services.

# MaxLinear: VSA's Covenant Not to Sue is "Irrelevant" to SDNY

Finally, in the interest of clarity, it also bears noting that, although Comcast repeatedly gestures to the VSA's covenant not to sue, *see, e.g.*, PI Br. at 1-2, 5-8, 19, that covenant not to sue is irrelevant to this dispute.

***

And more importantly, whether or not the covenant not to sue applies to Entropic Communications, LLC is the subject of pending motions to dismiss by Comcast that the Central District of California will resolve in due course. *See* June 20, 2023 Comcast Mot. to Dismiss, ECF 83, at 13, *Entropic*, No. 2:23-cv-01048 ("Plaintiff Entropic's claims for patent infringement against Comcast must be dismissed because each of the asserted patents is subject to a covenant not to sue."); June 20, 2023 Comcast Mot. to Dismiss, ECF 76, at 13, *Entropic*, No. 2:23-cv-01050 (same). There is no reason for this Court to involve itself in or issue an advisory opinion on that separately briefed question pending before a different court.

Comcast Cable Comms. Mgmt., LLC and Comcast Cable Comms., LLC v. MaxLinear, Inc., Case No. 1:23-cv-04436-AKH-SDA, Dkt. 51 (MaxLinear's Opp. To Comcast's App. For Preliminary Injunction) at 14-15

33

# Entropic's August 8 Email

## Entropic v. Comcast: Rule 12 Hearing



Shimota, Jim A. <Jim.Shimota@klgates
To  ⬤ Padmanabhan, Krishnan; ⬤ Raghavan, Saranya
Cc  ◯ EntropicKLG; ◯ KENNETH BRIDGES



4:03 PM

ⓘ You forwarded this message on 8/8/2023 4:03 PM.

KP/Saranya:

In preparing for oral argument including the statements in Comcast's reply brief regarding the inapplicability of DJ cases to the subject matter jurisdiction issues, we located a body of caselaw that we believe are dispositive of the Rule 12(b)(1) motion.  We assume that Comcast had not located these cases previously since they were not cited to the Court.  We intend to present them to the Court tomorrow.  The cases are:

- *Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559, 1563-64 (Fed. Cir. 1985)
- *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1327 (Fed. Cir. 2002)
- *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006)
- *Cooper Notification, Inc. v. Twitter, Inc.*, 545 Fed. App'x 959, 967 (Fed. Cir. 2013)
- *Applied Biosystems Group v. Illumina, Inc.*, 282 F. Supp. 2d 1120, 1125 (N.D. Cal. 2003)
- *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 504 (E.D. Va. 2006)

Best regards,

Jim

34

# Entropic's Evidentiary Objections Should Be Overruled

- Comcast's Motion is a *factual* attack on SMJ, so evidence beyond the complaint may be considered

- Several exhibits (VSA, assignment history, corporate structure) are "necessary to decide" the issue

- Entropic itself relies on these exhibits in its FAC & Opposition

- Entropic's challenges go to *form*, rather than *substance*

  - "technical objections"—no genuine concern about authenticity

# Entropic's Evidentiary Objections Should Be Overruled

| Exhibit(s) | Entropic's Challenges | Comcast's Response |
|---|---|---|
| Ex. A (VSA & SOW #1) | • Lacks foundation<br>• Not properly authenticated | • Decl. of D. Marcus (Comcast): Ex. A is a true and correct copy of the VSA and SOW #1<br>• No genuine concern about authenticity |
| Exs. B, O, P (corporate structure of MaxLinear and Fortress) | • Lacks foundation<br>• Lacks personal knowledge<br>• Not properly authenticated<br>• Inadmissible hearsay | • Decl. of K. Padmanabhan: attests to exhibits being downloaded at his direction from Internet<br>• Documents are publicly available<br>• Bear circumstantial evidence of reliability<br>• No genuine concern about authenticity |
| Ex. C (Table of Asserted Patents and Assignments)<br>Ex. X (Cross-Reference of 1048 & 1050 FACs) | • Lacks foundation<br>• Lacks personal knowledge<br>• Not properly authenticated<br>• Best evidence rule | • Created by counsel as demonstrative<br>• Underlying evidence is in Comcast's Motion and is admissible |
| Ex. Q (Comcast org chart) | • Lacks foundation<br>• Not properly authenticated | • Decl. of D. Marcus (Comcast): org chart was created by Comcast using internal databases and correctly reflects corporate structure |
| Exs. E-I, K-L (assignment history for asserted patents) | • Lacks foundation<br>• Not properly authenticated | • Decl. of K. Padmanabhan: attests to exhibits being downloaded at his direction from Internet<br>• Judicial notice of administrative agency records |