1   Christina N. Goodrich (SBN 261722)
    christina.goodrich@klgates.com
2   Connor J. Meggs (SBN 336159)
    connor.meggs@klgates.com
3   K&L GATES LLP
    10100 Santa Monica Boulevard
4   Eighth Floor
    Los Angeles, CA 90067
5   Telephone: +1 310 552 5000
    Facsimile: +1 310 552 5001
6
    (additional counsel listed
7   on signature page)

8   *Attorneys for Plaintiff*
    *Entropic Communications, LLC*
9

10                  **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12

13   ENTROPIC COMMUNICATIONS, LLC,      Case No. 2:23-cv-1050-JWH-KES

14          Plaintiff,                  **SUPPLEMENTAL BRIEF IN
                                        SUPPORT OF ENTROPIC**
15          v.                          **COMMUNICATIONS, LLC'S
                                        OPPOSITION TO COMCAST**
16                                      **DEFENDANTS' MOTION TO
     COMCAST CORPORATION;** *et al.,*   **DISMISS UNDER FED. R. CIV. P.**
17                                      **12(b)(1) OR 12(b)(6) IN THE**
            Defendants.                 **ALTERNATIVE**
18

19

20                                      Date:        August 9, 2023
                                        Time:        10:00 AM
21                                      Courtroom:   9D

22

23

24

25

26

27

28

────────────────────────────────────────────

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO
COMCAST'S MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Entropic Communications, LLC ("Entropic") hereby submits this supplemental brief per the Court's order dated August 9, 2023. (1050 ECF No. 112.)

## I.  SUMMARY OF ISSUES

As discussed at the hearing, Comcast's motion seeks dismissal of Entropic's FAC solely under Rule 12(b)(1) for lack of subject matter jurisdiction. (*See, e.g.*, 1050 ECF No. 84 ("Mot.") at 2:8–17, 37:13–15.) As for the Rule 12(b)(6) motion, Comcast asks this Court to dismiss *only* Entropic's willfulness allegations, not any of Entropic's claims. *Id.* at 2:22–24.

## II.  ARGUMENT

**Standing.** Standing is a question of *who* has the right to bring a claim. Here, Entropic is the complete and sole owner of the entire "bundle of rights" of all of the Asserted Patents. *See Alfred E. Mann Foundation for Scientific Res. v. Cochlear Corp.*, 604 F.3d 1354, (Fed. Cir. 2010) ("A patent is, in effect, a bundle of rights which be divided and assigned, or retained in whole or part."). Entropic is the only party with the right to bring any claim of patent infringement under the Asserted Patents. Standing has not been disputed in this case. Instead, Comcast argues that a covenant not to sue destroys subject matter jurisdiction.[1] The Federal Circuit has rejected this position. Licenses and covenants not to sue are defenses that do not eliminate jurisdiction over *the claim* of patent infringement.

**Subject matter jurisdiction over claims of patent infringement.** The first step of any subject matter jurisdiction analysis is to identify the claim(s) asserted in the case. Entropic—the unquestioned owner of the Asserted Patents—alleges patent infringement, pursuant to the Patent Act (35 U.S.C. § 100 *et seq*). Thus, the court has federal question jurisdiction over this action, which Comcast does not dispute, and there is a case or controversy—an affirmative patent infringement claim—conferring subject

---

[1] The potential encumbrance at issue here is a ***conditional*** covenant not to sue Comcast for patent infringement, which is "less" than an unconditional covenant/license. But even where there is a full and complete license or covenant, jurisdiction is not lost.

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS**

matter jurisdiction. 28 U.S.C. § 1331. The analysis is truly that simple, despite the parties having wandered into a discussion of inapplicable precedent, as discussed *infra*.

The Court's jurisdiction is undisturbed by defenses such as covenants not to sue or licenses. The line of applicable case law begins with *Air Prod. & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559 (Fed. Cir. 1985). In *Air Products*, a license burdened the patents. *Id.* at 1560. There was no dispute over the license's scope or applicability, nor any conditions. The patent owner simply planned to argue that the license had been terminated, while the accused infringer argued the license was in full effect. *Id.* Accordingly, the patent owner had sued, bringing a claim of patent infringement.

Under Comcast's view, the existence of this license should have destroyed jurisdiction for reasons it has argued here—the patent owner promised not to sue, state law compels the result, otherwise the promise would be "illusory," etc. The district court agreed, holding that the license divested subject matter jurisdiction, unless it first resolved that the license had been successfully terminated. *Id.* at 1561. The Federal Circuit reversed. It held that because the ***claim*** was patent infringement, the federal courts have jurisdiction regardless of the license defense, and that is the end of the matter. *Id.* at 1563–64 ("[T]he fact that a question of contract law must be decided prior to reaching the infringement question does not defeat federal subject matter jurisdiction. That resolution of a question of state law [holding a license valid] may render federal questions moot does not deprive a federal court of subject matter jurisdiction where the plaintiff bases his claim upon, and seeks remedies under, the patent laws, even where the complaint anticipates a defense of license."). In other words, even if the license defense later "moot[ed]" the claim, federal subject matter jurisdiction was present. *Id.*

Likewise, in *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324 (Fed. Cir. 2002), the patent owner had conferred an exclusive license that indisputably covered the alleged infringement. *Id.* at 1326. The patent owner sued anyway ***for patent infringement***, on the grounds that a breach of the license permitted its termination. *Id.* The defendant

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS**

argued that the license was still in force. *Id.* Again reversing a dismissal by the district court, the Federal Circuit held the actual ***claim*** was patent infringement and thus the federal courts had jurisdiction regardless of the license defense: "[Plaintiff's] well-pleaded complaint expressly sets out an action for patent infringement. The issue is not ownership; this is an action for patent infringement in which the defendant has asserted the defense of license. Jurisdiction in the federal courts is not lost simply because the most efficient approach at trial may be to address the license defense first." *Id.* at 1327. Thus, no matter how good the license (or covenant) defense might be, where the ***claim*** is patent infringement, jurisdiction exists. Period. *See also, Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 696 (Fed. Cir. 1990) ("Kunkel's complaint adequately pleaded a claim for patent infringement. . . . That Kunkel's complaint also requests equitable relief in the form of a declaration and decree of rescission of contract cannot impair the federal district court's ability to exercise jurisdiction over the action."); *Applied Biosystems Group v. Illumina, Inc.*, 282 F. Supp. 2d 1120, 1121 (N.D. Cal. 2003) ("In the present case, the jurisdictional test is satisfied. [The patent owner] has presented a well-pleaded complaint based on patent law and has requested the type of relief that patent law can furnish. [Alleged licensee's] challenge is substantial and could indeed, if successful, stop these patent proceedings at their outset, but it ***must be directed at the merits of [Plaintiff's] claim rather than at this court's jurisdiction***.").

Of course, the conclusions are the same where covenants not to sue are involved. *See Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) ("[T]he covenant does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint."); *Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959, 967 (Fed. Cir. 2013) ("[A] district court retains jurisdiction over claims in a patent suit . . . even if the patentee offers a covenant not to sue.").

All of this law makes sense. A court with jurisdiction over a claim must be able to adjudicate that claim on the merits, including any defenses. Yet under Comcast's

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS**

logic, if a license/covenant is valid and applicable, the court is instantly deprived of subject matter jurisdiction. The court would then be forced to dismiss *without* prejudice, because the court would have no power to do anything else. *See Scott Aviation v. United States*, 953 F.2d 1377, 1378 (Fed. Cir. 1992) ("A dismissal with prejudice effectively renders an adjudication on the merits. Without jurisdiction, [courts] cannot presume to dismiss the complaint with prejudice."). But while defenses may cause a claim to fail, the court has jurisdiction to *adjudicate* that the claim fails (as courts routinely do with license/covenant defenses in IP cases). This is why it is so crucial to properly identify the *claim* upon which jurisdiction rests, and why defenses cannot destroy jurisdiction. Court have jurisdiction over claims, whether or not a defense is ultimately successful.

*DJ Cases.* Comcast's legal authority for the Rule 12(b)(1) motion rests on cases dismissing entirely different claims—declaratory judgment ("DJ") claims. In those cases, the patent owner was *not* maintaining a claim for patent infringement. *See, e.g.*, *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1296 (Fed. Cir. 2009). The only *claims* in those cases were pleadings by a would-be infringer requesting a ruling of non-infringement or invalidity.

There must be an actual case or controversy to give rise to a DJ claim under the DJ statute. *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). In the patent context, this often means the party seeking relief must show a "reasonable apprehension" of a future suit. *Streck, Inc. v. Research & Diagnostics Sys., Inc.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012). DJ claims face this inquiry because there is no affirmative claim of non-infringement or invalidity provided by the Patent Act. The case or controversy is not automatic just because someone filed suit; courts must verify there is a true case or controversy to support subject matter jurisdiction. But this case or controversy can, per precedent, vanish in certain circumstances—such as where the patent owner both makes an unconditional promise not to sue and represents the same to the court. *See King Pharms.*, 616 F.3d at 1282. Without the apprehension of suit,

4

there is not a DJ claim. And without a claim, there is no jurisdiction. *Id.* That is all the *Revolution/King Pharmaceuticals* body of case law stands for.

Accordingly, the DJ cases are—as Comcast itself recognized—inapplicable where the patent owner sues. (1050 ECF No. 99 ("Comcast Reply") at 8:5–16.) The Patent Act establishes a cause of action for patent infringement that belongs to the patent owner. If the owner sues for infringement, there is—by definition—a case-or-controversy, as *Air Products* held. *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006), illustrates the dividing line between infringement and DJ claims. There, both types of claim were at issue. *Id.* at 1030. The patent owner wanted nothing more to do with litigation, and thus sought Rule 41 dismissal **with** prejudice of its own claims, and also dismissal of the DJ counterclaims. *Id.* at 1031. The Federal Circuit noted that jurisdiction might be lost over the DJ counterclaims for lack of a case-or-controversy, the federal courts retained jurisdiction over the affirmative claim of infringement, even if merely to dismiss it **with** prejudice under Rule 41. *Id.* at 1033 n.1. In other words, a covenant not to sue may eliminate DJ claims, but it cannot touch jurisdiction over the affirmative infringement claim.

***Rule 12(b)(1) disposition.*** The present case is not a DJ action. Entropic has pled claims of patent infringement. (*See* 1050 FAC ¶¶ 1, 126–317, Prayer for Relief B–E (ECF No. 65–1).) The contractual defense of a covenant not to sue does not divest jurisdiction, and the Court should deny the Rule 12(b)(1) motion as a simple matter of law. *Air Products*, 755 F.2d at 1563–64; *Pixton*, 291 F.3d at 1327. The Court need not determine the meaning of any provision of the VSA. Respectfully, the Court should refrain from such interpretations at this stage, where competing plausible interpretations are at issue and discovery is nowhere near complete.

***Rule 12(b)(6) disposition.*** While Entropic disputes that it has not adequately pled willful infringement, especially based on willful blindness, which was not addressed in the Tentative Opinion, Entropic agreed at oral argument to file an amended pleading on whatever schedule the Court determines, if the Court grants Comcast's Motion.

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS**

| | |
|---|---|
| 1 | Dated: August 18, 2023 |
| 2 | |

Respectfully submitted,

By: */s/ Christina Goodrich*

Christina Goodrich (SBN 261722)
christina.goodrich@klgates.com
Connor J. Meggs (SBN 336159)
connor.meggs@klgates.com
Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
Kelsi E. Robinson (SBN 347066)
kelsi.robinson@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

James A. Shimota *(admitted pro hac vice)*
jim.shimota@klgates.com
George C. Summerfield *(admitted pro hac vice)*
george.summerfield@klgates.com
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Facsimile: (312) 827-8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Darlene F. Ghavimi *(admitted pro hac vice)*
darlene.ghavimi@klgates.com
K&L GATES LLP
2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6800
Facsimile: (512) 482-6859

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS**

1

## CERTIFICATE OF COMPLIANCE

2     The undersigned, counsel of record for Plaintiff Entropic Communications, LLC,

3 certifies that this brief contains 1,851 words, which complies with the word limit of

4 L.R. 11-6.1.

5

6     Dated: August 18, 2023                     Respectfully submitted,

7
                                               By: */s/ Christina Goodrich*
8                                              Christina Goodrich (SBN 261722)
                                               christina.goodrich@klgates.com
9                                              Connor J. Meggs (SBN 336159)
                                               connor.meggs@klgates.com
10                                             K&L GATES LLP
                                               10100 Santa Monica Boulevard
11                                             Eighth Floor
                                               Los Angeles, CA 90067
12                                             Telephone: +1 310 552 5000
                                               Facsimile: +1 310 552 5001
13
                                               James A. Shimota *(admitted pro hac vice)*
14                                             jim.shimota@klgates.com
                                               George C. Summerfield *(admitted pro hac*
15                                             *vice)*
                                               george.summerfield@klgates.com
16                                             K&L GATES LLP
                                               Suite 3300
17                                             70 W. Madison Street
                                               Chicago, IL 60602
18                                             Tel.: (312) 372-1121
                                               Facsimile: (312) 827-8000
19
                                               Peter E. Soskin (SBN 280347)
20                                             peter.soskin@klgates.com
                                               K&L GATES LLP
21                                             Four Embarcadero Center, Suite 1200
                                               San Francisco, CA 94111
22                                             Telephone: (415) 882-8200
                                               Facsimile: (415) 882-8220
23
24                                             Darlene F. Ghavimi *(admitted pro hac vice)*
                                               darlene.ghavimi@klgates.com
25                                             K&L GATES LLP
                                               2801 Via Fortuna, Suite #350
26                                             Austin, TX 78746
                                               Telephone: (512) 482-6800
27
28

7

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO
COMCAST'S MOTION TO DISMISS**

1

Facsimile: (512) 482-6859

2

*Attorneys for Plaintiff*
*Entropic Communications, LLC*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPPLEMENTAL BRIEF IN SUPPORT OF ENTROPIC'S OPPOSITION TO COMCAST'S MOTION TO DISMISS**