Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Attorneys for Comcast Defendants

(*Additional counsel information omitted*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | No. 2:23-cv-1048-JWH-KES<br>No. 2:23-cv-1050-JWH-KES<br><br>Assigned to Hon. John W. Holcomb<br><br>**COMCAST'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) OR 12(B)(6) IN THE ALTERNATIVE** |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*,
   755 F.2d 1559 (Fed. Cir. 1985) ...................................................................... 4

*Apple Inc. v. Qualcomm Inc.*,
   17 F.4th 1131 (Fed. Cir. 2021) .................................................................. 1, 2

*Applera Corp.—Applied Biosystems Grp. v. Illumina, Inc.*,
   282 F. Supp. 2d 1120 (N.D. Cal. 2003) ........................................................ 4

*Bluestone Innovations LLC v. Nichia Corp.*,
   2013 WL 1729814 (N.D. Cal. 2013) ............................................................ 2

*Borchert v. Quad Rsch., Inc.*,
   2015 WL 13917869 (C.D. Cal. Apr. 7, 2015) ............................................. 2

*Cetacean Cmty. v. Bush*,
   386 F.3d 1169 (9th Cir. 2004) ...................................................................... 1

*Cooper Notification, Inc. v. Twitter, Inc.*,
   545 F. App'x 959 (Fed. Cir. 2013) ........................................................... 3, 4

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) ...................................................................................... 5

*FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*,
   2017 WL 2349031 (S.D. Cal. May 26, 2017) .............................................. 2

*Highway Equip. Co. v. FECO, Ltd.*,
   469 F.3d 1027 (Fed. Cir. 2006) .................................................................... 3

*King Pharms., Inc. v. Eon Labs, Inc.*,
   616 F.3d 1267 (Fed. Cir. 2010) .................................................................... 3

*Kunkel v. Topmaster Int'l, Inc.*,
   906 F.2d 693 (Fed. Cir. 1990) ...................................................................... 4

*LG Elecs. Inc. v. St. Lawrence Comms., LLC*,
   No. 18-cv-11082, Dkt. No. 97 (S.D.N.Y. Apr. 15, 2019) ........................... 5

*MedImmune, Inc. v. Genentech, Inc.*,
　549 U.S. 118 (2007) .................................................................................................... 3

*Morrow v. Microsoft Corp.*,
　499 F.3d 1332 (Fed. Cir. 2007) .................................................................................. 2

*Paradise Creations, Inc. v. UV Sales, Inc.*,
　315 F.3d 1304 (Fed. Cir. 2003) .................................................................................. 2

*Pixton v. B & B Plastics, Inc.*,
　291 F.3d 1324 (Fed. Cir. 2002) .................................................................................. 4

*Pulse Elecs., Inc. v. U.D. Elec. Corp.*,
　2021 WL 1378756 (S.D. Cal. Apr. 12, 2021) ............................................................ 2

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
　556 F.3d 1294 (Fed. Cir. 2009) .................................................................................. 3

*Scramoge Tech. Ltd. v. Apple, Inc.*,
　No. 22-CV-03041-JSC, 2023 WL 3168322 (N.D. Cal. Apr. 17, 2023) .................... 5

*Shipping & Transit LLC v. Neptune Cigars, Inc.*,
　No. 2:16-03836-AG-SS, Dkt. No. 25 (C.D. Cal. Sept. 12, 2016) ............................. 2

*Whitmore v. Fed. Election Comm'n*,
　68 F.3d 1212 (9th Cir. 1995) ...................................................................................... 1

**Statutes**

28 U.S.C. § 1338 ............................................................................................................ 4, 5

28 U.S.C. § 1338(a) ........................................................................................................... 4

Declaratory Judgment Act ................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 1, 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 5

Fed. R. Civ. P. 41 .............................................................................................................. 4

U.S. Const. art. III, § 2 .............................................................................................. 1, 2, 3

## I. INTRODUCTION

At the time MaxLinear transferred the asserted patents to Entropic, MaxLinear did not have, and thus could not transfer to Entropic, the right to sue Comcast. Without the right to sue Comcast, Entropic suffers no injury in fact from any alleged infringement and has no constitutional standing to bring a case. Nothing in Entropic's newly cited cases cures that deficiency, and the only appropriate result is dismissal for lack of subject matter jurisdiction.

## II. ARGUMENT

The Constitution limits federal judicial power to deciding "cases" or "controversies." U.S. Const. art. III, § 2. Constitutional standing flows from this requirement and limits the category of litigants empowered to maintain a lawsuit in federal court. *Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1135 (Fed. Cir. 2021). "[A] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "In that event, the suit should be dismissed under Rule 12(b)(1)." *Id.*

To establish Article III standing, the party invoking federal jurisdiction must demonstrate (1) an "injury in fact" that is (2) "fairly traceable" to the defendant's challenged conduct and is (3) "likely to be redressed by a favorable judicial decision." *Apple,* 17 F.4th at 1135. "[T]he absence of any one element" deprives a plaintiff of Article III standing and "require[s] dismissal." *Whitmore v. Fed. Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995).

Entropic urges the Court to ignore these constitutional requirements entirely, suggesting that because Entropic "alleges patent infringement . . . the court has federal question jurisdiction over this action," and no further inquiry is necessary. Supp. Br. at 1.[1] Of course, that is not the law. Federal question jurisdiction is not the same as

---

[1] The implications of Entropic's new and "simple" theory were laid bare during the August 9 hearing when Entropic asserted that it should be permitted to bring and maintain these lawsuits against Comcast *without even pleading willfulness*. Aug. 9

Article III standing, and courts regularly dismiss patent cases for lack of subject matter jurisdiction where the plaintiff lacks Article III standing. *See, e.g.*, *Apple*, 17 F.4th at 1137-38 (license agreement between parties was a "jurisdiction-destroying event" for want of Article III standing); *Borchert v. Quad Rsch., Inc.*, 2015 WL 13917869, at *5 (C.D. Cal. Apr. 7, 2015) (dismissing patent infringement claim for lack of subject matter jurisdiction because plaintiff did not own the patents and thus lacked Article III standing); *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, 2017 WL 2349031, at *5-9 (S.D. Cal. May 26, 2017) (dismissing patent infringement claim for lack of subject matter jurisdiction because plaintiff did not have Article III standing to sue at time suit was initiated); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 2021 WL 1378756, at *7-12 (S.D. Cal. Apr. 12, 2021) (dismissing for lack of Article III standing and subject matter jurisdiction because plaintiff "lacked any federal patent rights at the time it filed its complaint" and "suffered no actual injury").

As is particularly relevant here, courts regularly dismiss patent infringement claims for lack of subject matter jurisdiction where a covenant not to sue covers the alleged infringement. *See, e.g.*, *Bluestone Innovations LLC v. Nichia Corp.*, 2013 WL 1729814, *3-6 (N.D. Cal. 2013) (granting motion to dismiss for lack of standing with respect to any claims of infringement within field of covenant not to sue granted by plaintiff); *Shipping & Transit LLC v. Neptune Cigars, Inc.*, No. 2:16-03836-AG-SS, Dkt. No. 25, at 1–2 (C.D. Cal. Sept. 12, 2016) (dismissing patent infringement claims covered by a covenant not to sue for lack of subject matter jurisdiction). Such dismissals follow from the principle that "to assert standing for patent infringement, the plaintiff must demonstrate that it held *enforceable* title at the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis added). Without such an enforceable right, a plaintiff lacks an "injury in fact" and thus lacks standing. *See Morrow v. Microsoft Corp.*, 499 F.3d

---

Hr'g Tr. at 82:15-20. In short, Entropic argues it can maintain suit against Comcast regardless of whether the willfulness exemption applies – i.e., even if it is uncontested that the covenant is in force and Comcast has not willfully infringed any patent.

1332, 1340-41 (Fed. Cir. 2007) (plaintiffs lacking exclusionary right also lack constitutional standing to sue for patent infringement because there is no injury).

Courts dismiss declaratory judgment (DJ) cases where a covenant not to sue divests the court of subject-matter jurisdiction for similar reasons. Entropic is correct that the Declaratory Judgment Act requires "an actual case or controversy to give rise to a DJ claim." Supp. Br. at 4. But that requirement is not, as Entropic suggests, simply statutory. Rather, as the Supreme Court has explained, the Declaratory Judgment Act "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Once a patent holder grants a covenant not to sue, it has foregone the right to assert the patent against the grantee. Accordingly, there is no longer constitutional jurisdiction over a DJ claim because the grantee has no reasonable apprehension of suit and lacks an injury in fact. *See King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1282 (Fed. Cir. 2010) (no "actual case or controversy" where patentee covenanted not to sue); *cf. Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1300 (Fed. Cir. 2009) (where patentee did *not* offer a covenant covering current products, it "preserved this controversy").

Indeed, even the cases cited by Entropic acknowledge that an effective covenant divests the court of subject matter jurisdiction. For example, in *Highway Equipment*, the plaintiff granted the defendant a pre-verdict covenant not to sue for patent infringement. The defendant had filed non-infringement and invalidity counterclaims and wished to pursue attorney's fees, despite the plaintiff's dismissal of its affirmative claims. In the very footnote on which Entropic relies, the Federal Circuit noted that such a covenant can divest the district court of Article III jurisdiction for patent-related counterclaims, but that the district court retained jurisdiction over the disposition of patent claims and a request for attorney's fees. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006). Similarly, in *Cooper*, the Federal Circuit explained that "[a] district court retains jurisdiction over a patent suit

*unless there is a clear, unequivocal statement that the potential infringer will not be sued.*" *Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959, 966 (Fed. Cir. 2013) (emphasis added). In the quotation misleadingly edited by Entropic, the court then simply established that the district court retains jurisdiction for purposes of dismissing the claims with prejudice. *Id.* at 967 ("a district court retains jurisdiction over claims in a patent suit <u>for purposes of [F.R.C.P.] Rule 41</u> even if the patentee offers a covenant not to sue.") (underlined portion omitted by Entropic).

Entropic attempts to confuse the issue by pointing to cases addressing license defenses, Supp. Br. at 2-3, but none addresses constitutional standing. Rather, they address whether the cases arise under the patent laws for purposes of determining the existence of a district court's original jurisdiction under 28 U.S.C. § 1338. In *Air Products*, for example, the district court had dismissed the complaint, holding that, because of a license, the "primary issue for resolution was a matter of contract interpretation" under state law, not patent infringement under federal law. *See Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1561 (Fed. Cir. 1985). The Federal Circuit reversed, and held that "the district court erred … in holding that Air Products' complaint, which stated a claim and sought relief based upon the patent laws, was not such an action as to confer federal subject matter jurisdiction under *28 U.S.C. § 1338(a)*." *Id.* at 1563 (emphasis added); *see also Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1325 (Fed. Cir. 2002) ("To determine *whether section 1338 jurisdiction* attaches, the court must look to see whether the plaintiff has stated, in a well-pleaded complaint, a claim arising under the patent laws." (emphasis added)); *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 695 (Fed. Cir. 1990) (jurisdiction under Section 1338 existed where plaintiff pleaded elements required by the patent laws for a patent infringement claim notwithstanding parallel state law claims); *Applera Corp.—Applied Biosystems Grp. v. Illumina, Inc.*, 282 F. Supp. 2d 1120, 1125 (N.D. Cal. 2003) (a "defense of license that would prevent a district court from reaching matters of patent law, does not deprive the court of section 1338 jurisdiction over a

well-pleaded complaint arising out of patent law"). Here, the issue is not whether Entropic's claims arise under the patent laws for the purposes of 28 U.S.C. § 1338. Rather, the issue is whether Entropic has *constitutional standing* to bring suit *when it possesses no right to sue Comcast for infringement*. The answer to that question is no, and cases considering whether a license defense divests the court of jurisdiction under 28 U.S.C. § 1338 have no applicability to that question. *LG Elecs. Inc. v. St. Lawrence Comms., LLC*, No. 18-cv-11082, Dkt. No. 97 at 5 (S.D.N.Y. Apr. 15, 2019) ("A covenant not to sue is not the same as a license.").[2]

As the Court's tentative ruling recognizes, Entropic did not acquire the right to sue Comcast on any asserted patent because its predecessor-in-interest, MaxLinear, gave away that right. (Tentative Order at 6-7.) The covenant not to sue extends to all of the asserted patents, and Entropic is unable to plausibly allege that the willfulness exemption applies to any of those patents. (*Id.* at 9-12.)[3] Accordingly, Entropic does not possess the right to sue Comcast and cannot suffer any injury in fact from any alleged Comcast infringement. Because Entropic does not have standing, the Court lacks subject matter jurisdiction and must dismiss the case under Rule 12(b)(1).[4]

### III. CONCLUSION

For the foregoing reasons and those contained in its motion, Comcast requests that the Court grants its motion to dismiss.

---

[2] The license cases are further inapposite because "[a] license is an affirmative defense" on which the defendant bears the burden of proof. *Scramoge Tech. Ltd. v. Apple, Inc.*, No. 22-CV-03041-JSC, 2023 WL 3168322, at *1 (N.D. Cal. Apr. 17, 2023). In contrast, constitutional jurisdiction is a threshold issue on which the plaintiff bears the burden "for each claim" and "for each form of relief" that it seeks. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335, 352 (2006).

[3] While Entropic now intimates that it will focus on a theory of willful blindness (Supp. Br. at 5), Entropic abandoned that theory and declined to address it during oral argument. Case No. 23-cv-1048, Dkt. 109 (Comcast Reply noting abandonment) at 15 and Dkt. 96-1 (Entropic Opp'n fails to address willful blindness).

[4] The crux of Entropic's new argument is that the 12(b)(6) grounds in Comcast's motion only sought dismissal of Entropic's willfulness claims, and that dismissal of the entire complaint was sought solely under Rule 12(b)(1). Procedurally, the proper course is for the Court to dismiss Entropic's willfulness allegations as implausible pursuant to Rule 12(b)(6), then dismiss the entire case under Rule 12(b)(1) for the reasons set forth above.

5
COMCAST'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS
NO. 2:23-CV-1048-JWH-KES / NO. 2:23-CV-1050-JWH-KES

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 1, 2023 | WINSTON & STRAWN LLP |
| 3 | | By: */s/ Krishnan Padmanabhan* |
| 4 | | Krishnan Padmanabhan (SBN: 254220)<br>kpadmanabhan@winston.com<br>**WINSTON & STRAWN LLP**<br>200 Park Ave., Fl. 40<br>New York City, NY 10166<br>Tel: (212) 294-6700<br>Fax: 212-294-4700 |
| 8 | | Diana Hughes Leiden (SBN: 267606)<br>dhleiden@winston.com<br>**WINSTON & STRAWN LLP**<br>333 S. Grand Ave.<br>Los Angeles, CA 90071<br>Tel: (213) 615-1700<br>Fax: (213) 615-1750 |
| 12 | | Brian Ferguson (*pro hac vice*)<br>beferguson@winston.com<br>**WINSTON & STRAWN LLP**<br>1901 L Street NW<br>Washington, DC 20036<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100 |
| 16 | | Saranya Raghavan (*pro hac vice*)<br>sraghavan@winston.com<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Dr.<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700 |
| 20 | | Attorneys for Comcast Defendants |